UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack ) | |
| ) | 05 - 11430 PBS |
| Plaintiff, Pro Se ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE Bowler |
| ) | |
| Massachusetts Bay Transportation ) | |
| ) | COMPLAINT |
| Authority ) | |
| ) | AND |
| and ) | |
| ) | DEMAND FOR JURY TRIAL |
| Massachusetts Bay Commuter Railroad ) | |
| ) | |
| Company ) | |
| ) | RECEIPT # 65440 |
| Defendants ) | AMOUNT $ 250 cash |
| ) | SUMMONS ISSUED yes |
| | LOCAL RULE 4.1 ___ |
| | WAIVER FORM ___ |
| | MCF ISSUED ___ |
| | BY DPTY. CLK. ___ |
| | DATE 07/1/05 |

**COMPLAINT**

I. Parties

1. The plaintiff, Joseph Thomas Carmack, is a natural person residing at 592 Tremont Street, Boston, County of Suffolk, Massachusetts.

2. The plaintiff, Joseph T. Carmack, uses a mailing address of 398 Columbus Avenue, Private Mail Box 130, Boston, County of Suffolk, Massachusetts.

3. The defendant, Massachusetts Bay Transportation Authority (MBTA) is a state agency charged with administering transportation services throughout the Commonwealth of Massachusetts whose formation is mandated by Massachusetts General Law. The

1

principle offices for the MBTA are located at 10 Park Plaza, Third Floor, Boston, Suffolk County, Massachusetts, 02116

4. The defendant, Massachusetts Bay Commuter Railroad Company (MBCR) is a for profit corporation organized and existing under the laws of the United States and the Commonwealth of Massachusetts. MBCR is contracted by the MBTA to operate commuter rail services for the commonwealth. The principle offices for the MBCR are located at 89 South Street, Boston, Suffolk County, Massachusetts 12110.

## II. JURISDICTION AND VENUE

5. This court has subject matter jurisdiction over this action pursuant to U.S. Constitution Amendment 1, U. S. Constitution Amendment 14, 45 U.S.C. s. 151 et seq., 29 U.S.C. s. 151 et seq., 42. U.S.C. s. 1983 and 28 U.S.C. s. 1331.

6. This court has personal jurisdiction over the defendants who reside within this judicial district and a substantial part of the events or omissions giving rise to this complaint occurred in this district. Venue is proper in this district under 28 U.S.C. s. 1391 (b) and 1391 (c).

7. This court has supplemental jurisdiction over ancillary claims that are so related to claims in this action, of which this court has original jurisdiction, that such ancillary claims form part of the same case or controversy under 28 U.S.C. s. 1367.

8. At all times relevant to this complaint Kevin Lydon, Dennis Coffey, Jacqueline Boumel, John Santamaria and others did independently and conjointly act or fail to act so as to give rise to the causes of action contained in this complaint.

## III. FACTS

9. On or about the fall of 2002, the Massachusetts Bay Railroad Company (MBCR) entered into contract with the Massachusetts Bay Transportation Authority (MBTA) to operate commuter rail services within the Commonwealth of Massachusetts beginning July 1, 2003.

10. Prior to July 1, 2003, MBTA had contracted with the National Railroad Passenger Corporation (NRPC or Amtrak) to operate commuter rail services.

11. Amtrak and MBCR, operate trains out of hub stations in Boston to outlying points from North Station in Boston and South Station in Boston.

12. Locomotive engineers operating Massachusetts commuter rail trains are represented by the Brotherhood of Locomotive Engineers (BLE) which maintains collective bargaining agreements with MBCR and Amtrak.

13. The Plaintiff was awarded the position of Locomotive Engineer in Massachusetts Commuter rail by Amtrak in December 1996.

14. The Plaintiff has been a member of the Brotherhood of Locomotive Engineers (currently known as the Brotherhood of Locomotive Engineers and Trainmen or BLET) in Division 57 of that union since on or about March 1998;

15. On or about May 6, 2003, MBCR General Manager, Kevin Lydon, offered the plaintiff a position of employment as locomotive engineer in accordance with his seniority and BLE agreement with the MBCR.

16. On or about May 14, 2003, Plaintiff accepted employment with MBCR and submitted appropriate application materials to MBCR.

17. On or about June 24, 2003 MBCR issued awards for engineer positions in Massachusetts commuter rail, but omitted plaintiff from award list.

18. On or about June 28, 2003, plaintiff reiterated his acceptance of employment offer to MBCR General Manager Kevin Lydon by letter with and accompanying grievance for MBCR's failure to award plaintiff a position which plaintiff attempted to address in accordance with the provisions of the Railway Labor Act..

**COUNT ONE: VIOLATION OF FREE SPEECH , U.S. CONSTITUTION AMENDMENT I, VIOLATION OF CIVIL RIGHTS U.S. CONSTITUTION AMENDMENT 14, U.S.C. 42 s. 1983, UNFAIR LABOR PRACTICE 45 U.S.C. s.**

## 151 et. seq. INTERFERENCE WITH RIGHTS AND VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT M.G.L. c.12 s. 11I

19. Plaintiff here repeats and realleges the allegations of paragraph 1 through 18 of the complaint, the same as if said paragraphs were expressly restated here.

20. On July 1, 2003, plaintiff went to public access areas of North Station in Boston, Massachusetts to contact other union members to solicit assistance and support to enforce plaintiff's seniority rights in accordance with MBCR/BLE agreement, the Railway Labor Act and the Constitution of Brotherhood of Locomotive Engineers.

21. Plaintiff had written informational materials to hand to fellow union members.

22. After plaintiff arrived at public access areas in North Station; and after Plaintiff spoke to a few union members in public access areas in North station; MBCR Transportation Manager, Jacqueline Boumel called MBTA police to have plaintiff removed from the public access areas at North Station.

23. In answer to Boumel's call, an MBTA police officer approached plaintiff in the public access area at North Station and confiscated some of plaintiff's informational materials.

24. After clarifying that plaintiff's written material dealt with union issues and union agreement matters, the MBTA police officer evicted the plaintiff from the public access areas at North Station.

25. Upon evicting plaintiff from North Station, the MBTA police officer warned the plaintiff that if plaintiff were discovered at any MBTA stations, plaintiff would be charged with trespassing and arrested.

26. As a direct and proximate result of the actions of Ms. Boumel and the MBTA police officer, acting as agents of MBCR and the MBTA: plaintiffs rights, privileges and immunities as a citizen has been abridged;  Plaintiff is denied freedom of speech and

association; plaintiff is denied the right to organize in his union; and Plaintiff is denied union rights generally.

27. Wherefore, the Plaintiff demands judgment against defendants for injunctive relief permitting entrance to public access areas of North Station and South Station as Plaintiff needs or desires including to engage in legal union related activities.

28. Furthermore, the Plaintiff demands judgment against defendants for damages and such other relief as this Honorable Court deems just.

## DEMAND FOR JURY TRIAL

29, The Plaintiff demands a trial by jury.

Date: June 30, 2005              Signed: _Joseph T. Carmack_
                                 Joseph T. Carmack, Plaintiff, Pro Se.

                                 398 Columbus Ave, PMB 130

                                 Boston, MA  02116-6008

                                 Work: 617/727-2310 ext. 7045

                                 Home: 617/536-0772

                                 Pager w/voice mail:  617/798-6466

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Joseph T. Carmack v. Massachusetts Bay Transportation Authority

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
   * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V. 150, 152, 153.

   [stamp: 05-11430 PBS]

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). Joseph T. Carmack v. National Railroad Passenger Corp. CV 03-12488 PBS, Joseph T. Carmack v. Nat'l Mediation Board CV05-10185 PBS

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐   NO ☒
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐   NO ☒       OR WESTERN DIVISION;   YES ☐   NO ☒

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐   MEDIATION ☒   SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐   OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Joseph T. Carmack, Plaintiff Pro Se.
ADDRESS  398 Columbus Ave. PMB 130, Boston, MA  02116-6008
TELEPHONE NO.  Work: 617/727-2310 ext. 7045, Home: 617/536-0772 Voice Mail 617/798-6466

(Category Form.wpd - 3/28/2000)

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Joseph T. Carmack
Plaintiff, Pro Se

**DEFENDANTS**

Massachusetts Bay Transit Authority
and
Massachusetts Commuter Railroad Company

APPENDIX B   CIVIL COVER SHEET

**(b)** County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

- G 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- G 2  U.S. Government Defendant
- G 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PLT | DEF |  | PLT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | G 1 | G 1 | Incorporated or Principal Place of Business In This State | G 4 | G 4 |
| Citizen of Another State | G 2 | G 2 | Incorporated and Principal Place of Business In Another State | G 5 | G 5 |
| Citizen or Subject of a Foreign Country | G 3 | G 3 | Foreign Nation | G 6 | G 6 |

**IV. NATURE OF SUIT**   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| G 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | G 610 Agriculture | G 422 Appeal 28 USC 158 | G 400 State Reapportionment |
| G 120 Marine | G 310 Airplane   G 362 Personal Injury— | G 620 Other Food & Drug |  | G 410 Antitrust |
| G 130 Miller Act | G 315 Airplane Product   Med. Malpractice | G 625 Drug Related Seizure | G 423 Withdrawal | G 430 Banks and Banking |
| G 140 Negotiable Instrument |   Liability   G 365 Personal Injury — |   of Property 21 USC |   28 USC 157 | G 450 Commerce/ICC Rates/etc. |
| G 150 Recovery of Overpayment | G 320 Assault, Libel &     Product Liability | G 630 Liquor Laws |  | G 460 Deportation |
|   & Enforcement of   Slander | G 368 Asbestos Personal | G 640 R.R. & Truck | **PROPERTY RIGHTS** | G 470 Racketeer Influenced and |
| G Judgment Medicare Act | G 330 Federal Employers'     Injury Product | G 650 Airline Regs. |  |   Corrupt Organizations |
| G 152 Recovery of Defaulted   Liability     Liability | G 660 Occupational | G 820 Copyrights | G 810 Selective Service |
|   Student Loans | G 340 Marine | **PERSONAL PROPERTY** |   Safety/Health | G 830 Patent | G 850 Securities/Commodities/ |
|   (Excl. Veterans) | G 345 Marine Product   G 370 Other Fraud | G 690 Other | G 840 Trademark |   Exchange |
| G 153 Recovery of Overpayment   Liability   G 371 Truth in Lending |  |  | G 875 Customer Challenge |
|   of Veteran's Benefits | G 350 Motor Vehicle   G 380 Other Personal | **LABOR** | **SOCIAL SECURITY** |   12 USC 3410 |
| G 160 Stockholders' Suits | G 355 Motor Vehicle     Property Damage | G 710 Fair Labor Standards | G 861 HIA (1395ff) | G 891 Agricultural Acts |
| G 190 Other Contract     Product Liability   G 385 Property Damage |   Act | G 862 Black Lung (923) | G 892 Economic Stabilization Act |
| G 195 Contract Product Liability | G 360 Other Personal     Product Liability | G 720 Labor/Mgmt. Relations | G 863 DIWC/DIWW (405(g)) | G 893 Environmental Matters |
|   Injury |  |  | G 864 SSID Title XVI | G 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | G 730 Labor/Mgmt. Reporting | G 865 RSI (405(g)) | G 895 Freedom of |
| G 210 Land Condemnation | G 441 Voting   G 510 Motions to Vacate |   & Disclosure Act |  |   Information Act |
| G 220 Foreclosure | G 442 Employment     Sentence | G 740 Railway Labor Act | **FEDERAL TAX SUITS** | G 900 Appeal of Fee |
| G 230 Rent Lease & Ejectment | G 443 Housing/     Habeas Corpus: |  |  |   Determination Equal Access to |
| G 240 Torts to Land     Accommodations   G 530 General | G 790 Other Labor Litigation | G 870 Taxes (U.S. Plaintiff |   Justice |
| G 245 Tort Product Liability | G 444 Welfare   G 535 Death Penalty |  |   or Defendant) | G 950 Constitutionality of |
| G 290 All Other Real Property | ☒ 440 Other Civil Rights   G 540 Mandamus & Other | G 791 Empl. Ret. Inc. |  |   State Statutes |
|  |   G 550 Civil Rights |   Security Act | G 871 IRS—Third Party | G 890 Other Statutory Actions |
|  |   G 555 Prison Condition |  |   26 USC 7609 |  |

**V. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- G 2 Removed from State Court
- G 3 Remanded from Appellate Court
- G 4 Reinstated or Reopened
- G 5 Transferred from another district (specify)
- G 6 Multidistrict Litigation
- G 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

U.S. Constitution 1st Amendment, 14th Amendment, and 45 U.S.C. s. 151 et.seq.   Evicted from public acces for speech & ideas

**VII. REQUESTED IN COMPLAINT:**   G CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes   G No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE Honorable P.B. Saris   DOCKET NUMBER 03-12488 PBS  05-10185 PBS

DATE June 30, 2005   SIGNATURE OF ATTORNEY OF RECORD  *Joseph T. Carmack*   Joseph T. Carmack Plaintiff Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____