UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH T. CARMACK, )<br>Plaintiff ) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS BAY | ) | C.A. No. 05-11430-PBS |
| TRANSPORTATION AUTHORITY | ) | |
| and MASSACHUSETTS BAY | ) | |
| COMMUTER RAILROAD COMPANY, | ) | |
| Defendants | ) | |
| | ) | |

### ANSWER AND JURY DEMAND OF DEFENDANT
### MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

     Now comes Defendant Massachusetts Bay Transportation Authority ("MBTA") and, without waiving its right to file motion(s) to dismiss and/or for judgment on the pleadings, responds to the allegations set forth in the Plaintiff's Complaint as follows:

### I. PARTIES

1. The MBTA admits so much of Paragraph 1 as alleges that the Plaintiff is a natural person and states that it has insufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth therein.

2. The MBTA admits the allegations set forth therein based upon the mailing address that the Plaintiff provided in his Complaint.

3. The MBTA admits so much of Paragraph 3 as alleges that the MBTA's principal office is located at Ten Park Plaza, Boston, Suffolk County, Massachusetts 02116 and that it provides public transportation services and denies the remaining allegations set forth therein. In further answering, the MBTA qualifies this denial by stating that the status of the MBTA is defined in M.G.L. c. 161A, s. 2.

4. The MBTA admits so much of Paragraph 4 as alleges that Defendant Massachusetts Bay Commuter Railroad Company ("MBCR") is under contract with the MBTA to provide, as opposed to operate, commuter rail services for the MBTA and that MBCR's principal office is located at 89 South Street, Boston, Suffolk County, Massachusetts and states that it has insufficient information or

knowledge to form a belief as to the truth of the remaining allegations set forth therein.

## II. [ALLEGED] JURISDICTION AND VENUE

5. The MBTA states that Paragraph 5 contains conclusions of law for which no response is required. In further answering, the MBTA states that to the extent that Paragraph 5 is construed to allege facts, same are denied.

6. The MBTA admits so much of Paragraph 6 as alleges that a substantial part of the events giving rise to the Plaintiff's Complaint occurred within the jurisdiction of the United States District Court for the District of Massachusetts and states that the remainder of Paragraph 6 contains conclusions of law for which no response is required. In further answering, the MBTA states that to the extent that Paragraph 6 is construed to allege additional facts, same are denied.

7. The MBTA states that Paragraph 7 contains conclusions of law for which no response is required. In further answering, the MBTA states that to the extent that Paragraph 7 is construed to allege facts, same are denied.

8. The MBTA has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

## III. [ALLEGED] FACTS

9. Denies. In further answering, the MBTA states that on or about February 19, 2003, the MBTA and the MBCR entered into a contract for the latter to provide, as opposed to operate, commuter rail services for the former, which services commenced on July 1, 2003.

10. The MBTA admits so much of Paragraph 10 as alleges that prior to July 1, 2003, the MBTA was under contract with the National Railroad Passenger Corporation ("Amtrak") for the latter to provide, as opposed to operate, commuter rail services for the former and denies the remaining allegations set forth therein.

11. The MBTA admits so much of Paragraph 11 as alleges that MBCR operates trains out of North and South Stations in Boston and states that it has insufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth therein.

12. The MBTA has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

13. The MBTA has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

14. The MBTA has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

15. The MBTA has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

16. The MBTA has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

17. The MBTA has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

18. The MBTA has insufficient information or knowledge to form a belief as to the truth of the allegations set forth therein.

**COUNT ONE:**
**[ALLEGED] VIOLATION OF FREE SPEECH, U.S. CONSTITUTION AMENDMENT 1;**
**[ALLEGED] VIOLATION OF CIVIL RIGHTS, U.S. CONSTITUTION AMENDMENT 14, 42 U.S.C. s. 1983;**
**[ALLEGED] UNFAIR LABOR PRACTICE, 45 U.S.C. s. 151 et seq.; and**
**[ALLEGED] INTERFERENCE WITH RIGHTS and VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 12, s. 11I**

19. The MBTA repeats and reasserts its answers to Paragraphs 1 through 18 of the Plaintiff's Complaint as if same were fully set forth herein.

20. The MBTA admits so much of Paragraph 20 as alleges that the Plaintiff was at North Station in Boston, Massachusetts on July 1, 2003 and states that it has insufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth therein.

21. The MBTA admits so much of Paragraph 21 as alleges that the Plaintiff possessed written materials while at North Station on July 1, 2003 and states that it has insufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth therein.

22. The MBTA admits so much of Paragraph 22 as alleges that Jacqueline Boumel contacted the MBTA police with regard to the Plaintiff and states that it has insufficient information or knowledge to form a belief as to the truth of the remaining allegations set forth therein. In further answering, the MBTA states that Ms. Boumel contacted the MBTA police to report the presence of a disorderly male, later identified as the Plaintiff, who was attempting to disrupt passenger service at North Station.

23. The MBTA admits so much of Paragraph 23 as alleges that in response to Ms. Boumel's call, a MBTA police officer approached the Plaintiff at North Station and denies the remaining allegations set forth therein.

24. The MBTA admits so much of Paragraph 24 as alleges that the MBTA police officer directed the Plaintiff to leave North Station and denies the remaining allegations set forth therein.

25. Denies. In further answering, the MBTA qualifies this denial by stating that after directing the Plaintiff to leave North Station, the MBTA police officer issued a verbal "Trespass Order" to the Plaintiff and the officer, in explaining said order, warned the Plaintiff that, if he were discovered on MBTA property over the next twenty-four (24) hours, he would be arrested for trespassing.

26. Denies.

27. The MBTA states that no response is required for Paragraph 27 and that to the extent that Paragraph 27 is construed to allege facts, same are denied.

28. The MBTA states that no response is required for Paragraph 28 and that to the extent that Paragraph 28 is construed to allege facts, same are denied.

### [PLAINTIFF'S] DEMAND FOR JURY TRIAL

29. The MBTA states that no response is required for Paragraph 29 and that to the extent that Paragraph 29 is construed to allege facts, same are denied.

### FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

The Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(PUBLIC FORUM)

The property of the MBTA does not constitute a public forum.

### THIRD AFFIRMATIVE DEFENSE
(STATUTE OF LIMITATIONS)

The Plaintiff's claims are barred by the applicable Statutes of Limitations.

4

### FOURTH AFFIRMATIVE DEFENSE
(ACTS OF THE PLAINTIFF)

Any injury or loss suffered by the Plaintiff was caused in whole or in part by his acts or his failure to act.

### FIFTH AFFIRMATIVE DEFENSE
(MITIGATION)

The Plaintiff has failed to mitigate his damages, if any.

### SIXTH AFFIRMATIVE DEFENSE
(PREEMPTION)

The Plaintiff is seeking an interpretation of certain sections of the applicable collective bargaining agreement.

### SEVENTH AFFIRMATIVE DEFENSE
(JURISDICTION)

The United States District Court for the District of Massachusetts lacks jurisdiction over the Plaintiff's claim of violation of the Railway Labor Act, 45 U.S.C. s. 151 et seq.

### EIGHTH AFFIRMATIVE DEFENSE
(IMPROPER PARTY)

The MBTA is not a proper party to the Plaintiff's claim of violation of the Railway Labor Act, 45 U.S.C. s. 151 et seq. and, as a result, the Plaintiff cannot prevail against the MBTA on said claim.

### NINTH AFFIRMATIVE DEFENSE
(PRIVILEGE)

The actions of the MBTA police officer are privileged in that he acted within the law and consistent with his duties as a police officer.

### TENTH AFFIRMATIVE DEFENSE
(ACTS OF THIRD PARTIES)

The MBTA is not responsible for any harm allegedly caused by acts of third parties for whom it is not responsible and over whom it has no control.

WHEREFORE, the MBTA requests that the Plaintiff's Complaint be dismissed with prejudice; that this Honorable Court grant the MBTA the costs and reasonable attorney's fees incurred in defense of this action; and such other and further relief as this Honorable Court deems just and proper.

## JURY DEMAND

The MBTA demands a trial by jury on all counts and claims.

                                                                  Respectfully submitted
                                                                  For the MBTA
                                                                  By its attorney,

                                                                  S/ Todd M. Valicenti
                                                                  Todd M. Valicenti
                                                                  BBO# 632800
                                                                  Assistant General Counsel
                                                                  MBTA Legal Dept.
                                                                  Ten Park Plaza, Suite 7760
                                                                  Boston, MA 02116
                                                                  Tel: (617) 222-4579
                                                                  E-mail: tvalicenti@mbta.com

Of Counsel: Kevin S. McDermott, Esq.
                    BBO# 544513

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the Plaintiff, pro se, and counsel for MBCR by mail on this 14th day of November 2005.

                    S/ Todd M. Valicenti
                    Todd M. Valicenti, Esq.