UNITED STATES DISTRICT COURT
of the
DISTRICT OF MASSACHUSETTS

_____
                                                    )
JOSEPH T. CARMACK,                                  )
                    Plaintiff, *pro se*             )
v.                                                  )                    C.A. No. 05-11430-PBS
                                                    )
MASSACHUSETTS BAY                                   )
TRANSPORTATION AUTHORITY                            )
and MASSACHUSETTS BAY                               )
COMMUTER RAILROAD COMPANY,                          )
                    Defendants.                     )
_____)

**MEMORANDUM IN SUPPORT OF**
**MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
<u>**PURSUANT TO FED.R.CIV.P. 12(B)(6)**</u>

NOW COMES the Massachusetts Bay Commuter Railroad Company ("MBCR"), a Defendant in the above-captioned matter, which moves to dismiss the Plaintiff's complaint against it pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. As reasons therefore, MBCR states as follows.

### I. OVERVIEW

In his complaint, the Plaintiff alleges that MBCR interfered with his (I) right to Free Speech guaranteed by the 1st Amendment to the United States Constitution; (II) Civil Rights guaranteed by the 14th Amendment to the United States Constitution; (III) Civil Rights guaranteed under 42 U.S.C. § 1983; (IV) rights under the Railway Labor Act, 45 U.S.C. § 151[1]; and (V) rights under the Massachusetts Civil Rights Act, M.G.L. c. 12, § 11. Simply stated, Counts I, II, and III must be dismissed because MBCR is not a governmental agency nor is it

---

[1] In his complaint, Plaintiff cites to 45 U.S.C. § 151, commonly known as the Railway Labor Act, but erroneously terms it an "Unfair Labor Practice." As MBCR's collective bargaining activities are clearly governed by the Railway Labor Act, the Defendant has made the obvious correction.

acting under color of state law; Count IV must be dismissed because the Plaintiff was never an employee of MBCR and, consequently, cannot assert any rights under the Railway Labor Act against MBCR; and Count V should be dismissed because there is no diversity jurisdiction, Count V does not state a Federal question, and with the dismissal of Counts I through IV, there is no supplemental jurisdiction.

## II.  FACTS[2]

Prior to the Fall of 2002, the Massachusetts Bay Transportation Authority ("MBTA") had contracted with the National Railroad Passenger Corporation ("Amtrak") to operate commuter rail services.  [Pl. Compl. ¶ 9, 10.][3]  The Plaintiff was employed by Amtrak as an engineer on the MBTA in December 1996, and was a member of the Brotherhood of Locomotive Engineers (the "Union") since approximately March 1998.  [Pl. Compl. ¶ 13, 14.]  Plaintiff was terminated by Amtrak on or about May 13, 2002.  [Attachment A, Pl. Second Am. Compl. Docket No. 03-12488-PBS ¶ 12, 128, 331 & 363; Attachment B, Pl. Petition for Review Docket No. 05-10185-PBS ¶ 41.]  Plaintiff appealed his termination, but his appeal was denied.  [Attachment B, Pl.

---

[2] In addition to the present Complaint, Plaintiff has also filed two related cases in this court: Docket No. 03-12488-PBS, and Docket No. 05-10185, relevant excerpts of which are attached hereto as Attachment A and Attachment B, respectively.  Where necessary for a complete understanding of the Plaintiff's claims as they relate to this Motion to Dismiss, MBCR cites to the Plaintiff's allegations in the related cases.  "For the sake of convenience and in the interest of the prompt disposition of litigation, a court may properly take judicial notice of pertinent data revealed by its own records relative to prior proceedings between the same parties."  *Bander v. US*, 161 Ct. Cl. 475, 478 (1963)(citing *Dimmick v. Tompkins*, 194 U.S. 540, 548 (1904).  *See also Grynberg v. Koch Gateway Pipeline Company*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004) (quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000): "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."); *Town of Brookline v. Goldstein*, 388 Mass. 443, 447 (1983)("We may take judicial notice of papers filed in the prior actions brought by Goldstein against the town.").  In addition, facts subject to judicial notice may be considered without converting a motion to dismiss into a motion for summary judgment.  *See, e.g.*, *Grynberg v. Koch Gateway Pipeline Company*, 390 F.3d 1276, 1279 n.1 (2004).

[3] Although MBCR disputes many of the factual assertions set forth in the Plaintiff's Complaint, for purposes of this Motion only MBCR "must accept as true the well-pleaded factual allegations of the complaint . . . ."  *Muse v. Pane*, 322 F. Supp. 2d 36, 38 (Mass. Dist. Ct. 2004).

Petition for Review Docket No. 05-10185-PBS ¶ 42, 44.]  Subsequently, Amtrak lost the contract to manage the MBTA, and MBCR took over the management duties.  [Pl. Compl. ¶ 9.]

As part of the MBCR contract with the MBTA, MBCR was required to enter into a side agreement with the Union to employ all eligible engineers who worked on the MBTA's commuter rail, who were employed by Amtrak in March 2002 and who were still employed by Amtrak at the time MBCR assumed management of the commuter rail.  [Pl. Compl. ¶ 15.] Amtrak sent MBCR a list of such employees, and MBCR sent out conditional employment offers to the people on Amtrak's list.  [Pl. Compl. ¶ 15.]  Unfortunately, through inadvertence or an overabundance of caution, the Union included the Plaintiff on the list.  [Pl. Compl. ¶ 15.] Consequently, MBCR sent the Plaintiff a conditional employment offer letter, and the Plaintiff signed it and returned it to MBCR, indicating he would accept the employment with MBCR.  [Pl. Compl. ¶ 16.]  MBCR subsequently discovered that the Plaintiff was not employed by Amtrak when the offer was made, and did not employ the Plaintiff.  [Pl. Compl. ¶ 17.]  Because the Plaintiff was not employed by Amtrak at the time the offer was made, he was not an "eligible employee" and did not qualify for employment with MBCR (employment with Amtrak being a prerequisite), so the conditional offer was void.[4]

A few days later, the Plaintiff went to North Station.  [Pl. Compl. ¶ 20.]  Although he was not employed by MBCR, the Plaintiff nonetheless claimed he was going to be the engineer on a specific train.  Plaintiff also had written materials addressed to the attention of "All Loyal Union Employees of MBCR in Any Union!"  [Pl. Compl. ¶ 24.]  The written materials summarized the Plaintiff's version of events regarding his termination from Amtrak and his failure to qualify for

employment with MBCR.  [Pl. Compl. ¶ 24.]  The Plaintiff was subsequently escorted off the

property, barred from the premises, and informed that if he tried to access the property again, he

would be arrested and charged with trespassing. [Pl. Compl. ¶ 22-25.]

### III.  STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion, the Court

> must accept as true the well-pleaded factual allegations of the
> complaint, draw all reasonable inferences therefore in the
> plaintiff's favor and determine whether the  complaint, so read, sets
> forth facts sufficient to justify recovery on any cognizable theory.

*Muse v. Pane*, 322 F. Supp. 2d 36, 38 (Mass. Dist. Ct. 2004) (citing *Martin v. Applied Cellular

Tech., Inc.*, 284 F.3d 1, 6 (1ˢᵗ Cir. 2002)).  However, the Court should not rely on "bald

assertions, unsupportable conclusions, and 'opprobrious epithets.'" *Chongris v. Board of Appeals*,

811 F.2d 36, 37 (1st Cir. 1987) (citing *Snowden v. Hughes*, 321 U.S. 1, 10 (1944)).  *See Miranda

v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991).

A 12(b)(6) motion should be granted if "it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*,

355 U.S. 41, 45-46 (1957).  *See also The Dartmouth Review v. Dartmouth College*, 889 F.2d 13,

16 (1st Cir. 1989) (the concept of notice pleading notwithstanding, a complaint will still be

dismissed if it does not allege sufficient facts to state a claim on which relief can be granted).

---

[4] In Docket No. 03-12488-PBS, Plaintiff attempted to name MBCR as an additional defendant in an attempt to claim
a "right" to a job with MBCR.  On July 25, 2005, Plaintiff's Motion to Amend his complaint to add MBCR as a
defendant was denied.

## IV.  ARGUMENT

A.  PLAINTIFF HAS MADE NO CLAIM AGAINST MBCR UPON WHICH RELIEF CAN BE GRANTED.

> **1.  All Plaintiff's Constitutional And Federal Civil Rights Claims Must Be Dismissed Because (a) MBCR Is Not A Governmental Agency And Is Not Acting Under Color Of State Law, and (b) MBCR Has A Right Under Massachusetts Law to Bar The Plaintiff From MBCR Property.**
>
> > a.  All Plaintiff's Constitutional And Federal Civil Rights Claims Must Be Dismissed Because MBCR Is Not A Governmental Agency And Is Not Acting Under Color Of State Law.

42 U.S.C. § 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

In a §1983 action, a plaintiff needs to show that the deprivation of his rights was caused by a person acting Aunder the color of state law@.  *Destek Group, Inc. v. State of New Hampshire Public Utilities Commission*, 318 F.3d 32, 39 (1st Cir. 2003); *Muse v. Pane*, 322 F. Supp. 2d 36, 38 (Mass. Dist. Ct. 2004).  Section 1983 actions rarely provide a cause of action against private entities.  *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996).  Thus, persons victimized by the alleged tortuous conduct of private parties must ordinarily explore other avenues of redress.  *Id.*

In his complaint, Plaintiff acknowledges that MBCR is a "for profit corporation" [Pl. Compl. ¶ 4], and does not and cannot make any assertion that MBCR is acting "under the color of state law."  Consequently, Plaintiff's Counts I, II, and III must be dismissed.

5

b.  All Plaintiff's Constitutional And Federal Civil Rights Claims Must
Be Dismissed Because MBCR Has A Right Under Massachusetts Law
to Bar The Plaintiff From MBCR Property.

Mass. Gen. L. ch. 266, § 120 states, in relevant part that

> Whoever, without right enters or remains in or upon the dwelling
> house, buildings, boats or improved or enclosed land, wharf, or
> pier of another, . . . after having been forbidden so to do by any
> person who has lawful control of said premises, . . . shall be
> punished by a fine or not more than one hundred dollars or by
> imprisonment for not more than thirty days or both fine and
> imprisonment. . . .   A person who is found committing such
> trespass may be arrested by a sheriff, deputy sheriff, constable or
> police officer . . . .

In *Commonwealth v. Noffke*, the Supreme Judicial Court of Massachusetts ("SJC") decided in

that the Commonwealth has jurisdiction under Mass. Gen. L. ch. 266, § 120 to prosecute a non-

employee union member for criminal trespass on private property.  376 Mass. 127, 379 N.E.2d

1086 (1978).  In addition, the SJC decided that there was no violation of the First Amendment

right to free speech, and no violation of Article 16 or 19 of the Massachusetts Constitution. The

court reasoned that the First Amendment and Articles 16 and 19 protect

> the rights of free speech and assembly from abridgement by the
> government. Therefore guaranties of those articles do not extend to
> the conduct here, which occurred on the property of a private
> employer.

*Id.* at 134, 1090.  In finding that the Massachusetts criminal trespass statute was not preempted

by the National Labor Relations Act, the SJC relied on the finding in *Sears, Roebuck & Co. v.*

*San Diego County District Council of Carpenters*, where the Supreme Court reasoned that it was

not Congress= intent to absolutely deprive the States jurisdiction in cases where the issue is

"...deeply rooted in local feeling and responsibility."  436 U.S. 180, 183, 189 (1978).  By logical

analysis, MBCR's right to prohibit Plaintiff's access to its premises is not preempted by the

6

Railway Labor Act.  Consequently, Counts I, II, and III of Plaintiff's complaint must be dismissed.

    **2. Plaintiff's Claim Under The Railway Labor Act Must Be Dismissed Because (a) The Railway Labor Act Only Applies To Employees, And The Plaintiff Was Never An Employee Of MBCR, And (b) Even If The Railway Labor Act Applied, MBCR Did Not Violate The Act By Barring Plaintiff From Its Premises.**

        a. <u>Plaintiff's Claim Under The Railway Labor Act Must Be Dismissed Because The Railway Labor Act Only Applies To Employees, And The Plaintiff Was Never An Employee Of MBCR</u>.

45 U.S.C. § 151(a) states two general purposes of the Railway Labor Act: (1) To avoid any interruption to commerce or to the operation of any carrier engaged therein, and (2)

> To forbid any limitation upon freedom of association among <u>employees</u> or any denial, as a condition of employment or otherwise, of the right of <u>employees</u> to join a labor organization.

45 U.S.C. § 151(a) (emphasis added).  45 U.S.C. § 152(Fourth) further provides that

> "no carrier . . . shall deny or in any way question the right of its <u>employees</u> to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its <u>employees</u> . . . ."

45 U.S.C. § 152(Fourth) (emphasis added).  Plainly, and as the case below illustrates, the Railway Labor Act simply does not apply to non-employees.

In *Nelson v. Piedmont Aviation, Inc.*, the plaintiff, a pilot, sought employment with the defendant, Piedmont.  750 F.2d 1234, 1236 (4th Cir. 1984).  Plaintiff was granted an interview but denied employment.  *Id.*  After Piedmont denied the plaintiff employment, he filed suit under the Railway Labor Act for damages and injunctive relief.  *Id.*  In denying the plaintiff's motion, the court stated that neither the statutory language nor the legislative history of the Railway Labor Act extends to prospective employment applicants.  *Id.*  Furthermore, the court found that

the purpose of the statute is to establish the mechanics for collective bargaining between interstate carriers and their employees through freely selected representatives of both parties. *Id.* The court indicated that the only section of the Act which deals with prospective employees is §152(Fifth). *Id.* This section prohibits a carrier from requiring a person seeking employment to sign any agreement promising to join or not to join a labor organization. *Id.* This provision is obviously inapplicable to Plaintiff's claim.

As the Plaintiff acknowledges in his complaint [Pl. Compl. ¶ 17, 18], and as this Court well knows from the Plaintiff's related litigation (Docket No. 03-12488-PBS and 05-10185-PBS), the Plaintiff is not, and was never, an "employee" of MBCR. Consequently, the Plaintiff can state no cause of action under the Railway Labor Act, and Count IV of his complaint should be dismissed.

> b. Even If The Railway Labor Act Applied, MBCR Did Not Violate
> The Act By Barring Plaintiff From Its Premises.

Even if the Railway Labor Act applied to non-employees, case law does not permit trespass of non-employee union members onto private property. For example, in *Imondi v. Bar Harbor Airways*, the plaintiff brought suit against the defendant, Bar Harbor Airways ("BHA"), for violation of the Railway Labor Act when BHA arrested a non-employee union representative for trespass on private property. No. 81-0136B, 1983 WL 2036, at *1 (Dist. Me. June 1, 1983). In the past, the defendant had allowed the union representative to visit company property and meet with union member employees in the lunchroom. *Id.* During the plaintiff's eighth visit, however, the defendant denied him access to the facility. *Id.* The plaintiff refused to leave, and the company called the local police who escorted him from the property and placed him under arrest. *Id.*

The plaintiff brought an action under the Railway Labor Act, and the court granted the defendant's motion for summary judgment. *Id.* In its decision, the *Imondi* court recognized the breadth of 45 U.S.C. §152, which states that a carrier shall not interfere in any way with an employee=s union activities. *Id.* at *3. However, the court did not interpret the Act to include <u>all</u> actions taken by an employer that negatively impinges upon a union. *Id.* The court held that the defendant was well within its right to remove the plaintiff, as a non-employee would have no right to station himself in the middle of the work area because it would disrupt the workflow and endanger both him and the employees. *Id.*

Noting that this was a case of first impression, the *Imondi* court continued its analysis by analogizing the Railway Labor Act to the National Labor Relations Act, which has been thoroughly reviewed by the Supreme Court. *Id.* at *4. According to the court, under the National Labor Relations Act, an employer generally has the right to bar non-employee union members from private property. *Id.* In order for the union to gain access, it must meet the burden and show that no other reasonable means of communicating its organizational message to the employees existed or that the employer=s access rules discriminate against union solicitation. *Id.* This the plaintiff could not do.

Similarly, in *NLRB v. Babcock & Wilcox Co.*, the Supreme Court held that the right of access of non-employee union organizers is governed by a different consideration than the right of employees to discuss organization among themselves. 351 U.S. 105, 113 (1956). In *Babcock*, the Court found only one exception that allowed non-employee union members access to a company=s private property. *Id.* According to the Court, a non-employee union member could access private property for the purposes of union business only if the employees are isolated from reasonable union efforts to communicate with them. *Id.* The Court defined "employees out

of reach" as ones who <u>live at the plant</u>. *Id.* As in the *Imondi* case, the plaintiff could not demonstrate that that no other reasonable means of communicating his message to the employees existed.

In this matter, there is no indication or assertion that the Plaintiff could not communicate his message to the MBCR employees other than by accessing the boarding platforms at North Station and South Station. The MBCR employees obviously are not isolated and do not "live at the plant." As MBCR was well within its rights to remove and bar Plaintiff from the premises, Count IV of Plaintiff's complaint should be dismissed.

### 3.  Plaintiff's Claim Under The Massachusetts Civil Rights Act Must Be Dismissed Because There Is No Supplemental Jurisdiction.

Plaintiff's claim under the Massachusetts Civil Rights Act, Mass. Gen. L. ch. 12, § 11I, is asserted in this Federal Court pursuant to the Court's supplemental jurisdiction as such claim relate to the Court's original jurisdiction over Counts I through IV. See 28 U.S.C. § 1367(a); Pl. Compl. ¶ 7. However, pursuant to Section (c)(3) of 28 U.S.C. § 1367, United States District Courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction."

As set forth above, this Court must dismiss Counts I through IV in their entirety. Consequently, MBCR respectfully requests that the Court decline to exercise supplemental jurisdiction over Count IV of the Plaintiff's complaint, and dismiss Count IV as well.

# V. CONCLUSION

For the foregoing reasons, the Defendant Massachusetts Bay Commuter Railroad Company respectfully requests that the Plaintiff's complaint be dismissed in its entirety.

Respectfully Submitted,
MASSACHUSETTS BAY COMMUTER
RAILROAD COMPANY,
By its attorneys,

/s/ Robert K. Blaisdell
Robert K. Blaisdell, BBO #568060
Donoghue, Barrett & Singal, P.C.
One Beacon Street, Suite 1320
Boston, Massachusetts 02108
(617) 598-6700

Dated: November 14, 2005

## CERTIFICATE OF COMPIANCE WITH LR 7.1(A)(2)

I, Robert K. Blaisdell, hereby certify that I conferred with the *pro se* Plaintiff Joseph T. Carmack, on the 10th day of November, 2005, in a good faith attempt to resolve or narrow the foregoing issues.

/s/ Robert K. Blaisdell
Robert K. Blaisdell

## CERTIFICATE OF SERVICE

I, Robert K. Blaisdell, hereby certify that I have caused copies of the foregoing document to be served upon by first class mail, postage prepaid to be served upon *pro se* Plaintiff Joseph T. Carmack, 592 Tremont Street, Boston, MA, this 14th day of November, 2005.

/s/ Robert K. Blaisdell
Robert K. Blaisdell

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH T. CARMACK, | ) | |
| Plaintiff, *pro se* | ) | |
| v. | ) | C.A. No. 05-11430-PBS |
| | ) | |
| MASSACHUSETTS BAY | ) | |
| TRANSPORTATION AUTHORITY | ) | |
| and MASSACHUSETTS BAY | ) | |
| COMMUTER RAILROAD COMPANY, | ) | |
| Defendants. | ) | |

**ATTACHMENT A**

**to**

**MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(B)(6)**

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | SECOND AMENDED COMPLAINT |
| v. | ) | |
| | ) | AND |
| The National Railroad Passenger | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| Corporation | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

COMPLAINT

1. Nature and history of action.

1. By this action, the Plaintiff, Joseph Thomas Carmack seeks injunctive, compensatory and declarative relief against the Defendants' medical disqualification of Plaintiff from employment as Locomotive Engineer and Defendant's subsequent wrongful discharge of Plaintiff from employment.

2. This action was commenced on February 5, 2002 as a complaint of discrimination on the basis of disability filed with the Massachusetts Commission Against Discrimination ("MCAD") at One Ashburton Place Room 601, Boston, MA 02108. MCAD dismissed the case.

3. Upon dismissal by MCAD, Plaintiff requested a substantial weight review by the Equal Employment Opportunity Commision ("EEOC"), Boston Area Office, John F. Kennedy Federal Office Building, Government Center, Room 475, Boston, MA 02203.

1

Kenny, Gerard L. DeModena, Lou DePhillips, Suzanne Allan, Michael J. O'Malley, Dr.

Tim Pinsky, Dr. Russell Vasile, William C. Rae, Deborah Gaines, Francis J. O'Connor,

Jr., Delvine Okereke and Ted Campbell, acting in their capacities as employees, servants

or agents of the Defendant, did independently and conjointly act or fail to act so as to give

rise to the causes of action contained in this Complaint.

### III. Background of Complaint

12. Plaintiff has been an employee of Defendant in various capacities from

October 1979 until on or about May 13, 2002 when he was discharged in all capacities as

Locomotive Engineer in commuter rail service.

13. During the time of Plaintiff's employment for the Defendant, Plaintiff

engaged in union activities including, but not limited to: regular attendance of union

meetings; participation in oral and written union discussions; and the preparation and

filing of union grievances.

14. On or about December 20, 1996, Plaintiff was promoted to the position of

Locomotive Engineer in commuter rail service.

15. On or about March 1998 Plaintiff's application for membership in Division 57

of the Brotherhood of Locomotive Engineers ("BLE") was approved by vote in

accordance with the BLE Constitution.

16. Throughout Plaintiff's service as an engineer in Amtrak Commuter Services,

Plaintiff has dutifully reported mechanical Federal Railroad Administration ("FRA")

defects of rolling stock equipment and violations of FRA regulations and said reporting

was in accordance with Defendant's Rules and Regulations.

17. On or about February 17, 2000 Plaintiff prepared a grievance regarding

Defendant's attendance policy and submitted said grievance to Michael J. O'Bryan, Local

Chairman of Division 57 for consideration and assistance.

3

128. As a direct and Proximate result of Defendant's actions:  Plaintiff was terminated from employment with Defendant in all capacities.  Plaintiff has suffered damage to his professional reputation and reputation generally with the result that new and further employment is unavailable to Plaintiff;  gainful employment in his chosen profession particularly with reference to his experience is unavailable to Plaintiff; Plaintiff has lost opportunities of community involvement;  Plaintiff has lost access to the usual terms, conditions and privileges of employment; Plaintiff is suffering from severe emotional distress with physical repercussions;  Plaintiff has suffered injury and will continue to suffer injury due to loss of access to personal emotional resources;  Plaintiff requires medical treatment, will continue to require medical treatment and is deprived of means of medical treatment; Plaintiff has lost medical insurance and an employee and for retirement; fellow union members are denying Plaintiff membership privileges and opportunities for union office; Plaintiff has fallen into bankruptcy.

COUNT TWO:
INVASION OF PRIVACY

129. Plaintiff here repeats and realleges the allegations of paragraph 6 through 128 of this Complaint, the same as if said Paragraphs were expressly restated here.

130. On or about October 16, 2000, Dr. Ann Gurian,  Plaintiff's personal physician, evaluated number of medical symptoms which had suddenly been exacerbated.

131. On or about October 16, 2000, Dr. Ann Gurian discussed with Plaintiff the possible need for an extended medical leave from employment if symptoms continued.

132. On or about November 1, 2000, Plaintiff spoke with Francis O'Connor, Defendant's Director of Crew management services and Plaintiff advised O'Connor that he would be taking an extended medical leave due to a bono fide illness in accordance with Collective Bargaining Agreement.

133. On or about November 1, 2000,  O'Connor warned Plaintiff that Plaintiff would be disciplined if he were absent due to illness.

19

330. On or about May 13, 2002, Deborah Gaines, Hearing Officer in service to Defendant issued decision letter in response to O'Malley's charges of Plaintiff's insubordination in which Gaines declared that Gaines credited Plaintiff's testimony that Plaintiff believed that submission to a forced non-confidential psychiatric evaluation would cause Plaintiff injury and harm.

331. On or about May 13, 2002, Francis J. O'Connor, Assistant General Manager in service to Defendant, dismissed Plaintiff in all capacities in his position as Locomotive Engineer in commuter rail service.

332. When employee asked for special accommodation, Defendant retaliated against Plaintiff against employee by charging Plaintiff. with insubordination and terminating Plaintiff

333. By denying requests for special accommodation, Defendant has denied Plaintiff the right: to appropriate and available alternative treatments, services and types of providers of mental health services; the right to appropriate treatment and related services in a setting and under conditions that are the most supportive of Plaintiff personal liberty; to an individualized, written treatment of service plan; to any appropriate and available alternative treatments, services and types of providers of mental health services; not to receive a mode or course of treatment, established pursuant to a treatment plan, in the absence of Plaintiff's informed, voluntary, written consent to such mode or treatment; to access, upon request, to Plaintiff's mental health care records.

334. As a direct and proximate result of Defendant's intentional retaliation against Plaintiff, Plaintiff is deprived of means of protection of health and well-being, Plaintiff is defamed, misrepresented and stigmatized, Plaintiff has suffered damage to his professional reputation and reputation generally, Plaintiff is deprived of gainful employment in his chosen profession, Plaintiff is deprived of gainful employment generally and Plaintiff is suffering from severe emotional distress with physical repercussions.

personal ideas, political and moral principles, personal philosophies and religious beliefs
to BLE Local Chairman O'Bryan and fellow members of the BLE.

363.  On or about May 13, 2001, Defendant, through its agents, servants and
employees, terminated Plaintiff from his employment with Defendant as Locomotive
Engineer because Plaintiff wrote a letter expressing personal ideas, political and moral
principles, personal philosophies and religious beliefs to BLE Local Chairman O'Bryan
and fellow members of the BLE.

364.  As a direct and proximate result of Defendant's actions through its agents,
servants and employees, Defendant has by force and threat of force willfully injured,
intimidated, interfered with,oppressed and threatened Plaintiff in the free exercise and
enjoyment of rights and privileges secured to Plaintiff by the Railway Labor Act (USCA
45 ss.. 151 et. seq.).

365.  As a direct and proximate result of Defendant's actions through its agents,
servants and employees, Defendant has by force and threat of force willfully injured,
intimidated, interfered with, Plaintiff's right to organize, join or assist a union or engage
in collective bargaining and the adjustment of grievances.

366.  As a direct and proximate result of Defendant's actions through its agents,
servants and employees, Plaintiff has been unlawfully, illegally, improperly and
maliciously retaliated against Plaintiff for filing grievances and engaging in union
discussion.

367.  As a direct and proximate result of Defendant's actions through its agents,
servants and employees, Plaintiff has been unlawfully, illegally, improperly and
maliciously deprived of his means of livelihood and all opportunity for Plaintiff to
procure work of equal dignity and character has been foreclosed to Plaintiff, and Plaintiff
has been humiliated and suffered great pain, and endured great mental suffering.

COUNT SIX:
DISCRIMINATION ON THE BASIS OF RELIGION

55

## LEAVE TO AMEND COMPLAINT

On information and belief this action will reveal cause for action based on the Duties of Fair Representation and further cause based on the Federal Employers Liability Act and the Railway Labor Act. Plaintiff seeks leave to amend this complaint when such cause or causes are ascertained.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff prays that this Court hold the Defendants individually, jointly or severally liable and enter judgment against the Defendants, or any of the Defendants. Accordingly, Plaintiff prays that this Court enter Judgment in favor of Plaintiff and afford the following relief:

Injunctive relief to reinstate Plaintiff in all capacities as Locomotive Engineer.

Judgment for damages in a fair amount exceeding 1,000,000.00, plus interest from the date of the commencement of this action, costs at reasonable attorney's fee, and such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

_____    Date: December 9, 2004

Joseph T. Carmack, Pro Se. 398 Columbus Ave. PMB 130 Boston, MA  02116-6008
PH:  617/536-0772

### Certificate of Service

I, Joseph T. Carmack, hereby certify that a true copy of the above document was served upon the attorney of record for the defendant party, Steven E. Hughes, NRPC, by first class mail, postage prepaid, to: Steven E. Hughes, One Liberty Square - 6th Floor, Boston, MA  02109. _____ Date: December 9, 2004.

Joseph T. Carmack, Plaintiff, Pro Se.

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

---

|  |  |
|---|---|
| JOSEPH T. CARMACK,<br>　　　　　Plaintiff, *pro se*<br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and MASSACHUSETTS BAY<br>COMMUTER RAILROAD COMPANY,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 05-11430-PBS

<br><br>

## ATTACHMENT B

to

## MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6)

UNITED STATES DISTRICT COURT **05** **10185 PBS**

FOR THE

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Joseph T. Carmack | ) | |
| | ) | |
| Petitioner, Pro Se | ) | PETITION FOR REVIEW |
| | ) | UNDER SECTION 3 (FIRST) |
| v. | ) | OF RAILWAY LABOR ACT |
| | ) | |
| NATIONAL MEDIATION BOARD | ) | |
| SPECIAL BOARD OF ADJUSTMENT | ) | |
| NO. 928 | ) | |
| | ) | |
| Respondent | ) | |
| | ) | |

RECEIPT # 61724
AMOUNT $ 150.00
SUMMONS ISSUED 3
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED —
BY DPTY. CLK. M.P.
DATE 1/31/05

PETITION FOR REVIEW UNDER SECTION 3 (FIRST) OF RAILWAY LABOR ACT

1. Joseph T. Carmack, petitioner, pro se, files this petition to review and set aside
an order of the National Mediation Board, Special Board of Adjustment No. 928, here
referred to as the Board, being its award No. 382 Dated January 31, 2003 and rendered
on April 21, 2003 in case no. 382.    MAGISTRATE JUDGE ___ MBB ___

2. Jurisdiction of the present action is conferred on the court by the provisions of
Section 3 First (q), here referred to as the Act; and by 28 USCA s,. 1337, relating to any
civil action or proceeding arising under any Act of Congress regulating commerce.

3. The parties to the proceeding before the Board resulting in its order and award
were petitioner's representative Rail Labor Organization, The Brotherhood of Locomotive
Engineers (BLE) which is now referred to as The Brotherhood of Locomotive Engineers
and Trainmen (BLET) and respondent railroad, the National Railroad Passenger
Corporation (Amtrak); however, as alleged, the Board's order and award involved the
claims of petitioner, an employee of respondent railroad, represented by his labor
organization and the present action is brought by petitioner on his own behalf.

1

41. After postponing original hearing scheduled for September 17, 2001, carrier and organization completed four days of investigation on May 7, 2002 and carrier terminated petitioner from employment with carrier on May 13, 2002.

42. Organization initiated appeal process on May 29, 2002.

43. Highest representative designated to hear such appeals denied claim on August 28, 2002.

44. Petitioner's claim was submitted to Special Board of Adjustment No. 928 on September 5, 2002 and the Board heard the case as case No 382 on September 23, 2002 (Award No. 382, Exhibit O)..

44. The Board neutral submitted his denial Dated at Chicago, Illinois, January 31, 2003 and the Board rendered the Award No. 382 on April 21, 2003.

II. Failure of Award No. 382 to Comply with requirements of the Act.

CBA Rule 21 k.4

45. Rule 21 of the Collective Bargaining Agreement paragraph k.4, reads as follows:

> The decision of the highest appeals officer of the Corporation will be final and binding unless, within 30 days after the date the General Chairman receives the decision, the General Chairman notifies the highest appeals officer of the Corporation in writing of his desire to submit the case to the Special Board of Adjustment. After the highest appeals officer of the Corporation receives such notification, the Board will be convened as promptly as possible. The Board will render a final and binding decision as promptly as possible, but not later than 30 days after the case is presented before the Board.

46. Pursuant to 45 U.S.C s. 153 First (q), Award No. 382 failed to comply with the requirements of the act in that the Board was convened on September 23, 2002 but rendered its decision on April 21, 2003 which is later than 30 days after the case is

WHEREFORE, petitioner respectfully requests that this honorable court review and set aside Award No. 382 of Special Board of Adjustment 928 on the grounds stated herein.

Dated: January 31, 2005

Joseph T. Carmack, Petitioner, Pro Se
398 Columbus Ave, PMB 130
Boston, MA  02116-6008
Phone: 617/536-0772
        617/ 727-2310 ext 7045
Beeper w/voice mail:  617/798-6466

13