UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack ) | |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | Civil Action No. 05-11430 PBS |
| v. ) | |
| ) | |
| Massachusetts Bay Transportation ) | |
| ) | |
| Authority ) | |
| ) | |
| and ) | |
| ) | |
| Massachusetts Bay Commuter Railroad ) | |
| ) | |
| Company ) | |
| ) | |
| Defendants ) | |
| ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT MOTION MEMORANDUM SUBSEQUENT TO FILING OF OPPOSITION TO MOTION

Plaintiff hereby moves for leave to submit memoranda for his OPPOSITION TO DEFENDANT MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S MOTION TO DISMISS. With this motion, Plaintiff prays for lattitude from this Honorable Court and Defendant. Plaintiff submits motions on time in good faith with motion granted to file motion on December 5, 2005. However, Plaintiff was unable to anticipate the volume of supporting documents for memorandum in support of his opposition. In addition, Plaintiff was unable to anticipate all the arguments required to support opposition. As a result, Plaintiff was unable to complete the memoranda although motions were filed on time and in good faith effort to comply.

i

Plaintiff further prays that defendant be given equitable extension on time for response as needed or required by Federal and Local Rules of Civil Procedure.

**Respectfully submitted,.**

DATED: December 5, 2005

*/s/ Joseph T. Carmack/*
Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045

### Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on December 5, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for the Massachusetts Bay Commuter Railroad Co. at One Beacon Street, Suite 1320 Boston, Massachusetts 02108-3113

I, Joseph T. Carmack, hereby certify that I have on December 5, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116.

DATED: December 5, 2005

*/s/ Joseph T. Carmack/*
Joseph T. Carmack, Plaintiff, Pro Se.
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466

MASS.

2005 NOV 25 P 5: 20

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack ) | |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | Civil Action No. 05-11430 PBS |
| v. ) | |
| ) | |
| Massachusetts Bay Transportation ) | |
| ) | |
| Authority ) | |
| ) | |
| and ) | |
| ) | |
| Massachusetts Bay Commuter Railroad ) | |
| ) | |
| Company ) | |
| ) | |
| Defendants ) | |
| ) | |

**JOSEPH T. CARMACK'S OPPOSITION TO DEFENDANT MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6)**

Plaintiff Joseph T. Carmack hereby opposes Defendant Massachusetts Bay Commuter Railroad Company's ("MBCR") Motion to Dismiss Plaintiff's Original Complaint Pursuant to Fed.R.Civ.P. 12(B)(6). As grounds therefore, Plaintiff hereby submits that "there is a genuine issue for trial", *Fed.R.Civ.P. 56(E)*. Defendant MBCR is not entitled to summary judgment.

**I. CIRCUMSTANCES OF MOTION**

Defendant MBCR has submitted their motion to dismiss Count I of Plaintiff's Original Complaint including sub-counts set forth by Defendant MBCR in their motion.

1

Plaintiff hereby submits this opposition solely to address matters as pleaded in Plaintiff's original Complaint (hereafter "Original Complaint")..

However, Prior to the filing of MBCR's motion to dismiss, Plaintiff filed a "First Amended Complaint". Defendant MBCR is expected to file answer and/or another motion to dismiss allegations of Plaintiff's First Amended Complaint. Accordingly, Plaintiff reserves right to submit supplemental oppositions to any future motions to dismiss Plaintiff's Original Complaint or Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure and Local Rules.

### FORM OF COMPLAINT IN MOTION

In their motion to dismiss, Defendant MBCR has separated the sub-counts from Count I, which the only articulated count in the Original Complaint, into five separate counts. For purposes of this opposition to Defendant MBCR's motion to dismiss, Plaintiff accepts the articulation of five separate counts as proper and will respond to the five counts so articulated. The separate allegations were originally bound to express them as stemming from the same nucleus of operable fact. Nonetheless, Plaintiff herewith separates the sub-counts in the same manner that Defendant MBCR has separated the sub-counts so that this opposition mirrors Defendant MBCR's motion to dismiss.

Defendant has articulated five separate counts as follows: COUNT I. Interference with right to Free Speech guaranteed by the *1st Amendment of the United States Constitution*; COUNT II. Interference with Civil Rights guaranteed by the *14th Amendment to the United States Constitution*; COUNT III. Interference with Civil Rights guaranteed under *42 U.S.C. ss. 1983*[1]; COUNT IV. Interference with employee rights under *the Railway Labor Act, 45 U.S.C. ss 151*; and COUNT V. Interference with rights guaranteed by the *Massachusetts Civil Rights Act, Massachusetts General Laws ("M.G.L.") c. 12, ss 11*[2]. Defendant MBCR supports their motion to dismiss by asserting that "MBCR is not a governmental agency nor is it acting under color of state law". Plaintiff hereby counters that MBCR's status as a public or private entity is irrelevant.

2

MBCR has acted and continues to act under color of M.G.L. c. 160, 161A and M.G.L. c. 266 ss. 120. As stated in Plaintiff's Original Complaint, this Honorable Court has supplemental jurisdiction over the ancillary state law claims articulated herein because the state laws are bound to claims to the action over which this Honorable Court has original jurisdiction. All allegations giving rise to cause for this action as articulated herein and in Plaintiff's Original Complaint stem from the same nucleus of operable fact. Plaintiff's Original Complaint does not present issues governed by the Collective Bargaining Agreement governing employees of MBCR. Employee status of Plaintiff is irrelevant to allegations as presented in Plaintiff's Original Complaint. Plaintiff's Original Complaint does, however, assert rights and privileges of Plaintiff's representative organization. Plaintiffs Original Complaint also asserts that Defendant MBCR acted under color of state law to interfere with the rights and privileges guaranteed by the Railway Labor Act itself, including, but not limited to, the right of freedom of association. This court has jurisdiction over the Railway Labor Act claims pleaded in and of themselves and rights asserted under *42 U.S.C. ss. 1983*.

    Wherefore Plaintiff prays that this Honorable Court deny Defendant MBCR's motion to dismiss and allow Plaintiff's Original Complaint to stand for due process and amendments.

**Respectfully submitted,**

Date: December 5, 2005

*(signature: Joseph T. Carmack)*

Joseph T. Carmack, Plaintiff, Pro Se.
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/voice mail: 617/798-6466

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on December 5, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for the Massachusetts Bay Commuter Railroad Co. at One Beacon Street, Suite 1320 Boston, Massachusetts 02108-3113

I, Joseph T. Carmack, hereby certify that I have on December 5, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116.

DATED: December 5, 2005

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008

Work: 617/727-2310 ext. 7045 Home: 617/536-0772 Pager w/voice mail: 617/798-6466