UNITED STATES DISTRICT COURT
of the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH T. CARMACK, | ) | |
| Plaintiff, *pro se* | ) | |
| v. | ) | C.A. No. 05-11430-PBS |
| | ) | |
| MASSACHUSETTS BAY | ) | |
| TRANSPORTATION AUTHORITY | ) | |
| and MASSACHUSETTS BAY | ) | |
| COMMUTER RAILROAD COMPANY, | ) | |
| Defendants. | ) | |
| | ) | |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S MOTION TO DISMISS COUNTS II THROUGH XV OF PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6)

NOW COMES the Massachusetts Bay Commuter Railroad Company ("MBCR"), a Defendant in the above-captioned matter, which moves to dismiss the Plaintiff's First Amended Complaint ("Pl. First Am. Compl.") against it pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In addition to the reasons set forth in its original Motion to Dismiss, as reasons therefore MBCR states as follows.

### I. ARGUMENT

#### A. Counts II through XV are Barred by the Prior Pending Action Doctrine.

MBCR concurs with and hereby adopts the well-articulated position of the Massachusetts Bay Transportation Authority ("MBTA") in this matter, which asserts that Counts II through XV of the Plaintiff's First Amended Complaint must be dismissed pursuant to the prior pending action doctrine. As stated by the MBTA,

> [u]nder that doctrine, a subsequent action can be dismissed provided that: (1) an identity of issues exists with the prior pending action, and (2) the controlling

issues in the subsequent action will be determined in the prior pending action. 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1360, p. 89 (3rded.2004). In accordance with said doctrine, "[t]he Court has the inherent power to dismiss or stay [an] action in favor of the [prior] litigation presenting the same claims and issues." *Lesavoy v. Lane*, 304 F.Supp.2d 520, 535 (S.D.N.Y.2004), *quoting Continental Time Corp. v. Swiss Credit Bank*, 543 F.Supp. 408, 410 (S.D.N.Y.1982).

"The purpose of this rule is 'to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments....'" *Taylor v. Rell*, Slip Copy, 2005 WL 2807223 (D.Conn.) at 2, *quoting Colortyme Financial Servs., Inc. v. Kivalina Corp.*, 940 F.Supp. 269, 272 (D.Haw.1996). "The general rule is that the first suit to be filed should have priority 'absent the showing of balance of convenience in favor of the second action.'" *Id.*, *quoting Adam v. Jacobs*, 950 F.2d 89, 93-94 (2nd Cir. 1991). "[N]either the addition of defendants nor the expansion of claims is dispositive [to the court's decision to dismiss a suit due to a prior pending action]. Courts have repeatedly ruled that 'parties and issues need not be identical in order for one action to be stayed or dismissed in deference to an earlier action.'" *Lesavoy* at 536, *quoting Dragon Capital Partners L.P. v. Merrill Lynch Capital Servs., Inc.*, 949 F.Supp. 1123, 1127 (S.D.N.Y.1997).

"In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions." *Taylor* at 2. A comparison of Counts II through XV of this action with the complaints filed in *Carmack v. The National Railroad Passenger Corporation* ("the Amtrak action") reveals that the allegations that the Plaintiff set forth in Counts II through XV of this action are, although somewhat less detailed, virtually identical to the allegations that he set forth in the Amtrak action.

Here, "the balance of convenience" weighs in favor of the first-filed action (the Amtrak action), which was filed in December 2003, for the following reasons: the Plaintiff is the same in both actions; the claims and issues presented in Counts II through XV of the present action are virtually identical to those presented in the Amtrak action and they involve Amtrak, not the MBTA [or MBCR]; the claims and issues presented in Counts II through XV of the present action will be determined in the Amtrak action; the interest of judicial efficiency favors the Amtrak action as Amtrak has appeared and is defending said action, which has been pending for approximately two (2) years and is, therefore, at a more advanced stage of the litigation process than the present action; and adequate relief is available for the Plaintiff in the Amtrak action.

"Faced with repetitive complaints in the same district, the district court should invoke the prior pending action doctrine to give priority to the first suit." *Smith v. United Federation of Teachers*, 162 F.3d. 1148, 1998 WL 639756

2

(C.A.2(N.Y.)) at 2, *citing First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2ndCir.1989).

As noted by the MBTA, for the reasons set forth above, Counts II through XV of the Plaintiff's First Amended Complaint must be dismissed as against MBCR, as well as the MBTA, pursuant to the prior pending action doctrine.

## V. CONCLUSION

For the foregoing reasons, as well as those set forth in MBCR's original Memorandum in Support of its Motion to Dismiss, the Defendant Massachusetts Bay Commuter Railroad Company respectfully requests that the Plaintiff's complaint be dismissed in its entirety.

Respectfully Submitted,
MASSACHUSETTS BAY COMMUTER
RAILROAD COMPANY,
By its attorneys,

/s/ Robert K. Blaisdell
Robert K. Blaisdell, BBO #568060
Donoghue, Barrett & Singal, P.C.
One Beacon Street, Suite 1320
Boston, Massachusetts 02108
(617) 598-6700

Dated: December 9, 2005

### CERTIFICATE OF COMPIANCE WITH LR 7.1(A)(2)

I, Robert K. Blaisdell, hereby certify that I conferred with the *pro se* Plaintiff Joseph T. Carmack, on the 30th day of November, 2005, in a good faith attempt to resolve or narrow the foregoing issues.

/s/ Robert K. Blaisdell
Robert K. Blaisdell

### CERTIFICATE OF SERVICE

I, Robert K. Blaisdell, hereby certify that I have caused copies of the foregoing document to be served upon by first class mail, postage prepaid to be served upon *pro se* Plaintiff Joseph T. Carmack, 592 Tremont Street, Boston, MA, this 9th day of December, 2005.

/s/ Robert K. Blaisdell
Robert K. Blaisdell

3