UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 DEC 23  P 4:53

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Joseph T. Carmack ) | |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | Civil Action No. 05-11430 PBS |
| v.     ) | |
| ) | |
| Massachusetts Bay Transportation ) | |
| ) | |
| Authority  ) | |
| ) | |
| and  ) | |
| ) | |
| Massachusetts Bay Commuter Railroad ) | |
| ) | |
| Company  ) | |
| ) | |
| Defendants  ) | |
| ) | |

**PLAINTIFF JOSEPH T. CARMACK'S OPPOSITION AND COUNTER MOTION TO DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6)**

Plaintiff Joseph T. Carmack hereby opposes Defendant Massachusetts Bay Transportation Authority's ("MBTA") motion to dismiss and Massachusetts Bay Commuter Railroad Company's ("MBCR") motion to dismiss Plaintiff's Complaint(1st Amended Complaint)Pursuant to Fed.R.Civ.P. 12(B)(6). As grounds therefore, Plaintiff hereby submits that evidence sets forth "specific facts showing that there is a genuine issue for trial", *Fed.R.Civ.P. 56(E)*. Defendants MBTA and MBCR are not entitled to summary judgment.

**I. CIRCUMSTANCES OF MOTION**

Prior to submitting current motions, defendant MBCR submitted their motion to dismiss Count I of Plaintiff's original complaint, including sub-counts set forth by Defendant MBCR in their memorandum. *Memorandum In Support Of Massachusetts Bay Commuter Railroad Company's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed.R.Civ.P. 12 (B)(6)* (hereinafter referred to in conjunction with MBCR's motion to dismiss as "*Motion to Dismiss*"). Plaintiff hereby submits this opposition to address all matters as heretofore pleaded in Plaintiff's original Complaint (hereafter "*Original Complaint*") and Plaintiff's *1st Amended Complaint*.

## FORM OF COMPLAINT IN MOTION

In their motion to dismiss, Defendant MBCR has separated four sub-counts from Count I, which is the only count articulated in Plaintiff's pleadings. Defendant MBCR addresses the Original Complaint as five separate counts. For purposes of this opposition to Defendant MBCR's motion to dismiss, Plaintiff accepts the articulation of five separate counts as proper and will respond to the five counts so articulated. The separate allegations were originally bound to express them as stemming from the same nucleus of operable fact. Nonetheless, in order to mirror Defendant MBCR's original motion to dismiss, Plaintiff herewith separates the sub-counts in the same manner that Defendant MBCR has. The arguments for these charges merge with arguments pursuant to the entire 1st Amended Complaint..

Defendant has articulated five separate counts as follows: COUNT I. Interference with right to Free Speech guaranteed by the *1st Amendment of the United States Constitution*; COUNT II. Interference with Civil Rights guaranteed by the *14th Amendment to the United States Constitution*; COUNT III. Interference with Civil Rights guaranteed under *42 U.S.C. s.. 1983*[1]; COUNT IV. Interference with employee

---

[1] *42 U.S.C. ss. 1983* does not stand alone when properly pleaded. See *Hodges v. Tomberlain,* 510 F.Supp. 1287,1981, It is pleaded generally to assert federal claims violated under color of state law. Plaintiff lists *42 U.S.C. ss. 1983* independently here in order to oppose Defendant' MBCR's motion in parallel.

2

rights under *the Railway Labor Act, 45 U.S.C. s. 151* et. seq.; and COUNT V. Interference with rights guaranteed by the *Massachusetts Civil Rights Act, Massachusetts General Laws ("M.G.L.") c. 12, s. 11*[2]. MBCR has moved to dismiss all five counts for failure to state a claim upon which relief can be granted. Plaintiff opposes motion to dismiss and will present genuine issues of material fact substantiating charges in all five counts herein related. However, for purposes of this opposition Plaintiff will merge argument for sub-counts into one count and separate argument for count one from the remainder of Plaintiff's *1st Amended Complaint*.

## II. OVERVIEW OF ISSUES IN DISPUTE

A. Civil Rights; Defendant MBCR acting "under color of state law". *42 U.S.C. s. 1983*.

Defendant MBCR supports their *Motion to Dismiss* by asserting that "MBCR is not a governmental agency nor is it acting under color of state law". Plaintiff hereby counters MBCR's assertion by stating that MBCR's status as a public or private entity is irrelevant. MBCR has acted and continues to act under color of *Massachusetts General Laws c. 160, 161A* and *M.G.L. c. 266 s.. 120*. These state laws qualify MBCR as a state actor with authority delegated to MBCR by law and the Commonwealth of Massachusetts through co-Defendant Massachusetts Bay Transportation Authority. In all the charges alleged in the *Original Complaint*, MBCR is acting with authority of the state as agent for the state. This Honorable Court has jurisdiction over federal causes of action pursuant to *42 U.S.C. s.. 1983* where MBCR is an agent of the Commonwealth of Massachusetts acting "under color of state law".

B. Supplemental Jurisdiction

Likewise, as stated in Plaintiff's *Original Complaint*, this Honorable Court has supplemental jurisdiction over the ancillary state law claims articulated herein because the state laws are bound to claims to the action over which this Honorable Court has

---

[2] In defense of this opposition, Plaintiff also asserts *M.G.L. c. 165 ss. 37* and will move to amend complaint to conform to facts upon disposition of this motion.

3

original jurisdiction. All allegations, including allegations pursuant to *Massachusetts General Laws* giving rise to cause for this action as articulated herein and in Plaintiff's *Original Complaint* stem from the same nucleus of operable fact.

C. *The Railway Labor Act. 42 U.S.C. ss. 151 et. seq.*

This Honorable Court also has jurisdiction over federal causes of action pursuant to *The Railway Labor Act, 45 U.S.C. ss. 151 et. seq.* ("*RLA*" or "*the Act*"). Plaintiff's *Original Complaint* does not present issues governed by the *Collective Bargaining Agreement* ("*CBA*") governing employees of MBCR. Employee status of Plaintiff is irrelevant to allegations as presented in Plaintiff's *Original Complaint*. Whether or not this Honorable Court views the Plaintiff as an '*employee*' as defined by *The Railway Labor Act* ("*the Act*") and, therefore, subject to privileges and guarantees provided by *the Act* as an '*employee*', *45 U.S.C. s. 151 Fifth.* Plaintiff's Original Complaint, nonetheless, asserts that *the Act* bestows rights and privileges on Plaintiff's '*representative*' organization as defined by *the Act* and, therefore rights and privileges apply to members conjointly and individually when engaged in activities protected by *the Act*. The provisions of *the Act* apply to the Plaintiff as a member of the organization. *45 U.S.C. s. 151 Sixth.* Plaintiffs *Original Complaint* asserts that Defendant MBCR acted under color of state law to interfere with the rights and privileges guaranteed by the *Railway Labor Act* itself, including, but not limited to, the right of freedom of association. This court has jurisdiction over *the Railway Labor Act* claims pleaded in and of themselves and as rights asserted under *42 U.S.C. s. 1983*.

D. Prior Pending Action

Defendants are mutually bound to causes for action with Defendant National Railroad Passenger Corporation in case filed in this Honorable Court as 03-12488-PBS. Therefore justice requires Defendants to answer to relative charges in this complaint in order that Plaintiff may seek full remedy to the same occurrences and omissions.

**REQUEST FOR ORAL ARGUMENT**

4

Wherefore, Plaintiff opposes Defendant MBCR's and Defendant MBTA's motions to dismiss and Plaintiff counter moves that this Honorable Court grant summary judgment in favor of the Plaintiff.

**Respectfully submitted,**

Date: December 23, 2005

*[signature]*
Joseph T. Carmack, Plaintiff, Pro Se.
398 Columbus Ave, PMB 130
Boston, MA  02116-6008
Work: 617/727-2310 ext. 7045 Home: 617/536-0772 Pager w/voice mail:  617/798-6466

### Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on December 23, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for the Massachusetts Bay Commuter Railroad Co. at One Beacon Street, Suite 1320 Boston, Massachusetts 02108-3113

I, Joseph T. Carmack, hereby certify that I have on December 23, 2005 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA  02116.

DATED:  December 23, 2005      _____
Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA  02116-6008

Work: 617/727-2310 ext. 7045 Home: 617/536-0772 Pager w/voice mail: 617/798-6466