UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack ) | |
| ) | |
| Plaintiff, Pro Se ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | NO. 05-11430-PBS |
| Massachusetts Bay Transportation ) | |
| ) | |
| Authority ) | |
| ) | |
| and ) | |
| ) | |
| Massachusetts Bay Commuter Railroad ) | |
| ) | |
| Company ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF JOSEPH T. CARMACK'S OBJECTION TO REPORT AND RECOMMENDATION ON DEFENDANT MBCR'S MOTION TO DISMISS**

Plaintiff, pro se, Joseph T. Carmack ("Plaintiff") hereby files objection in part to the "Report and Recommendation on Defendant MBCR's Motion to Dismiss", Document 38-1 ("Recommendation"). As grounds therefore, Plaintiff submits that facts and evidence satisfy necessary requirements to deny MBCR's ("Defendant") Motion to Dismiss. Plaintiff respectfully requests that this Honorable Court consider additional

1

2

facts and evidence in accordance with Rule 72 of the Federal Rules of Civil procedure prior to accepting recommendation to allow any part of Defendant's Motion to Dismiss.

Pursuant to bidding documents, contracts and agreements that the defendant has made with the National Railroad Passenger Corporation ("NRPC") and the Massachusetts Bay Transportation Authority ("MBTA"), Defendant has agreed to indemnify MBCR for payments to employees who are adversely affected by transfer of operations of Massachusetts Commuter Rail in accordance with Massachusetts General Laws Chapter 161A ("M.G.L. c. 161A"). Said bidding documents, contracts and agreements with NRPC and MBTA bind the Defendant to NRPC as corporate successor to liabilities of NRPC as claimed against the Defendant in the Complaint and were made pursuant the requirements of the Urban Mass Transportation Act of 1964, 49 U.S.C s. 5333(b). Furthermore, wherein the recommendation infers that the Plaintiff must specify statements referencing these agreements in the Complaint, Plaintiff will agree to amend the complaint in accordance with Rule 15 of the Federal Rules of Civil Procedure.

Wherefore Plaintiff requests that this Honorable Court deny Defendant's Motion to dismiss and allow Plaintiff's 1st Amended Complaint to stand with further amendments.

Date: October 2, 2006

Respectfully submitted,

Joseph T. Carmack
Joseph T. Carmack, Plaintiff, Pro Se
398 Columbus Ave., PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772

Pager w/ Voice Mail: 617/798-6466

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on October 2, 2006 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for the Massachusetts Bay Commuter Railroad Co. at One Beacon Street, Suite 1320 Boston, Massachusetts 02108-3113.

Date: October 3, 2006

Joseph T. Carmack, Plaintiff, Pro Se
398 Columbus Ave., PMB 130
Boston, MA  02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/ Voice Mail: 617/798-6466

I, Joseph T. Carmack, hereby certify that I have on October 2, 2006 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116.

Date: October 3, 2006

Joseph T. Carmack, Plaintiff, Pro Se
398 Columbus Ave., PMB 130
Boston, MA  02116-6008
Work: 617/727-2310 ext. 7045
Home: 617/536-0772
Pager w/ Voice Mail: 617/798-6466