UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH T. CARMACK,<br>Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY and<br>MASSACHUSETTS BAY COMMUTER<br>RAILROAD COMPANY,<br>Defendants | )<br>)<br>)<br>)<br>)  Civil Action No. 05-11430-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATEMENT OF THE PARTIES

Pursuant to this Court's Notice of Status Conference, the parties hereby report to the Court as follows:

A.   STATUS OF THE CASE

Pursuant to Judge Magistrate Dein's Report and Recommendation ("Report"), which was adopted by Judge Saris, Counts II through XV of the Plaintiff's First Amended Complaint have been dismissed against the Massachusetts Bay Transportation Authority ("MBTA"), and the Railway Labor Act claim asserted in Count I, and Counts II through IX and XI through XV, of the Plaintiff's First Amended Compliant have been dismissed against Massachusetts Bay Commuter Railroad Company ("MBCR"). In addition, each of the Parties intends to file the following Motions, respectively:

Carmack:  The Plaintiff intends to submit a Motion to Amend the Complaint.

MBCR:   MBCR intends to file a second Motion to Dismiss, based on issues clarified and identified in the Magistrate's Report. Specifically, the Report states that Count X of the Complaint may state claims under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. However, both these claims must be dismissed based on jurisdictional grounds, as (i) the Plaintiff failed to satisfy a mandatory prerequisite to filing an ADA claim, and (ii) the Rehabilitation Act does not apply to MBCR. Specifically, the Plaintiff failed to file an ADA discrimination complaint with the Equal Employment Opportunity Commission prior to filing his complaint with the court. This requirement is not optional and courts have been clear that failure to meet this requirement bars a plaintiff from bringing civil suit on an ADA claim. Second, the Rehabilitation

Act only applies to programs or activities that receive federal financial assistance. MBCR is a for-profit corporation that receives no federal funds, and thus is not subject to the Rehabilitation Act.

MBTA: The MBTA intends to file a Motion to Dismiss the Railway Labor Act ("RLA") claim asserted against it in Count I, 45 U.S.C. §§151 et seq. on the grounds that the protections of the RLA extend only to employees of a carrier and the Plaintiff was never an employee of the MBTA. It should be noted that the RLA claim asserted against MBCR in Count I was dismissed by this Honorable Court pursuant to MBCR's first Motion to Dismiss.

B.  PROPOSED SCHEDULING ORDER

In light of the Parties' pending motions, the Parties suggest that, instead of putting forth a proposed scheduling order at this time, the Parties return to the Court for a second Status Conference after the Court has had an opportunity to consider and rule upon the respective Motions. Consequently, at this time the Parties agree to the following:

December 15, 2006: Plaintiff will file his Motion to Amend Complaint, and MBCR and the MBTA will file their respective Motions to Dismiss.

January 4, 2007: MBCR and the MBTA will file their respective Oppositions, if any, to Plaintiff's Motion to Amend Complaint, and Plaintiff will file his Opposition, if any, to MBCR's and the MBTA's respective Motions to Dismiss.

The Parties agree to continue this matter for a further Status Conference following the Court's final decision on the motions.

C.  The Parties would consider mediation through the alternative dispute resolution program, based upon mutually-acceptable parameters. The Parties further submit that if this matter is mediated, they will jointly move the Court for a modification of the scheduled events to allow for same.

D.  The Parties have not reached agreement on trial by Magistrate Judge.

Respectfully submitted,

| | |
|---|---|
| PLAINTIFF, Pro Se, | FOR THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY<br>by its Attorneys, |
| /s/ Joseph T. Carmack<br>Joseph T. Carmack<br>398 Columbus Avenue, PMB 130<br>Boston, MA 02116<br>(617) 536-0772 | /s/ Todd M. Valicenti<br>Todd M. Valicenti, BBO# 632800<br>Assistant General Counsel<br>MBTA Law Department<br>Ten Park Plaza, Suite 7760<br>Boston, MA 02116<br>(617) 222-4579<br>e-mail: tvalicenti@mbta.com |
| | FOR THE MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY<br>by its Attorneys, |
| | /s/ Robert K. Blaisdell<br>Robert K. Blaisdell, BBO# 568060<br>Donoghue, Barrett & Singal, P.C.<br>One Beacon Street, Suite 1320<br>Boston, MA 02108<br>(617) 598-6700<br>email: RBlaisdell@dbslawfirm.com |