UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH T. CARMACK,<br>Plaintiff<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and MASSACHUSETTS BAY<br>COMMUTER RAILROAD COMPANY,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-11430-PBS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MBTA'S
MOTION TO DISMISS THE RAILWAY LABOR ACT CLAIM
ASSERTED IN PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Defendant Massachusetts Bay Transportation Authority ("MBTA") moves that this Honorable Court dismiss the Railway Labor Act ("RLA") claim, 45 U.S.C. §§ 151 et seq.,[1] asserted in Count I of the Plaintiff's First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. As grounds therefore, the MBTA states that the provisions of the RLA apply only to employees of a carrier and the Plaintiff was never an employee of the MBTA. 45 U.S.C. § 152 Fourth.

It should be noted that this Honorable Court previously dismissed the RLA claim asserted against the Massachusetts Bay Commuter Railroad Company ("MBCR") in Count I of Plaintiff's First Amended Complaint on the grounds that the Plaintiff was not an employee of MBCR.[2]

**STATEMENT OF THE CASE**

The Plaintiff was employed by the National Railroad Passenger Corporation ("Amtrak") as a locomotive engineer on the commuter rail in December 1996. (Pl. First Amend. Compl., 13). Prior to July 1, 2003, the MBTA was under contract with Amtrak for the latter to provide, as opposed to operate, commuter rail services for the former. (Pl.

---

[1] The Plaintiff, in Count I of his First Amended Complaint, cites 45 U.S.C. §§ 151 et seq., which he refers to as "Unfair Labor Practice," rather than the "Railway Labor Act," as it is commonly referred to.
[2] Said claim was dismissed by the Court via Order entered on October 11, 2006, adopting the Magistrate Judge's Report and Recommendation on Defendant MBCR's Motion to Dismiss.

First Amend. Compl., 10; MBTA's Ans. to Count I of Pl. First Amend. Compl., 10). Amtrak discharged the Plaintiff from its employment on or about May 13, 2002. (Pl. First Amend. Compl., 121). Amtrak provided commuter rail services for the MBTA through June 30, 2003. On July 1, 2003, MBCR, pursuant to contract, began providing, as opposed to operating, commuter rail services for the MBTA. (Pl. First Amend. Compl., 9; MBTA's Ans. to Count I of Pl. First Amend. Compl., 9).

The Plaintiff was at North Station in Boston, Massachusetts on July 1, 2003, during which time he possessed written materials. (Pl. First Amend. Compl., 20-21). While the Plaintiff was present at North Station on July 1, 2003, Jacqueline Boumel, a MBCR employee, contacted the MBTA police to report the presence of a disorderly male, later identified as the Plaintiff, who was attempting to disrupt passenger service. (Pl. First Amend. Compl., 22; MBTA's Ans. to Count I of Pl. First Amend. Compl., 22). Thereafter, in response to Ms. Boumel's call, a MBTA police officer approached the Plaintiff at North Station, directed him to leave and issued him a verbal "Trespass Order", warning that if he were discovered on MBTA property over the next twenty-four (24) hours he would be arrested for trespassing. (Pl. First Amend. Compl., 23-25; MBTA's Ans. to Count I of Pl. First Amend. Compl., 23-25).

The Plaintiff alleges that the actions of the MBTA police officer in this regard constituted a violation of his rights under the RLA, which is one (1) of his three (3) remaining claims against the MBTA.[3] The other two (2) remaining claims, which allege violations of 42 U.S.C. §1983 and the Massachusetts Civil Rights Act, M.G.L. c.12, §11, respectively, are asserted in Count I of the Plaintiff's First Amended Complaint.

## ARGUMENT

### A.   Standard of Review

"In considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a court must take well-pled factual allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff." Seachange International, Inc., 2004 WL 240317 (D. Mass.) at 3, citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "The court, however, need not credit 'bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" Id., quoting Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). "Dismissal under Rule 12(b)(6) is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." Id., citing Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). "If the pleading fails to make out a legal claim upon which relief can be granted or fails to allege any facts that would support a legal claim, the pleading is insufficient and should be dismissed." Arruda v. Sears, Roebuck & Company, 273 B.R. 332 (D. RI) at 340, citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52-53 (1st Cir. 1990). See also, Colonial Mortgage Bankers Corp., 324 F.3d 12 (1st Cir. 2003), in which the court, in affirming the allowance of a motion to dismiss,

---

[3] Counts II through XV of the Plaintiff's First Amended Complaint were dismissed via Order entered by the Court on September 26, 2006, adopting the Magistrate Judge's Report and Recommendation on Defendant MBTA's Motion to Dismiss.

stated, "the plaintiff's factual averments hold out no hope of recovery on any theory adumbrated in its complaint." Id. at 15.

## B. Railway Labor Act Claim

The Plaintiff's RLA claim must be dismissed because the provisions of the RLA apply only to employees of a carrier and the Plaintiff is not, and never was, an employee of the MBTA. The Magistrate Judge noted in her Report and Recommendation on Defendant MBCR's Motion to Dismiss that,

> [t]he RLA was designed "to facilitate collective bargaining and to achieve industrial peace" between interstate carriers and their employees. Int'l Bhd. of Elec. Workers v. Foust, 442 U.S. 42, 47, 99 S. Ct. 2121, 2125, 60 L. Ed. 2d 698 (1979). See also Nelson v. Piedmont Aviation, Inc., 750 F.2d 1234, 1236 (4th Cir. 1984) ("The purpose of the [RLA] is to establish the mechanics for collective bargaining between interstate carriers and their employees through freely selected representatives of both parties"). One of the statute's stated purposes is "to forbid any limitation upon freedom of association among employees or any denial, as a condition of employment or otherwise, of the right of employees to join a labor organization . . .." 45 U.S.C. § 151a. Thus, under the RLA, "[e]mployees shall have the right to organize and bargain collectively through representatives of their own choosing." Id. § 152 Fourth.

Report and Recommendation on Defendant MBCR's Motion to Dismiss at 20. 45 U.S.C. § 152 Fourth further provides that, "[n]o carrier . . . shall deny or in any way question the right of its employees to join, organize, or assist in organizing the labor organization of their choice, and it shall be unlawful for any carrier to interfere in any way with the organization of its employees . . . ." Id.

The Magistrate Judge also noted in her Report and Recommendation on MBCR's Motion to Dismiss that, " . . . the protections of the RLA extend only to employees of a carrier . . . ." Id. at 20. The RLA defines the term "employee" as including "every person in the service of a carrier (subject to its continuing authority to supervise and direct the manner of rendition of his service) who performs any work defined as that of an employee or subordinate official in the orders of the Surface Transportation Board . . . ." 45 U.S.C. §151 Fifth.

The Plaintiff has not alleged any facts that would suggest that he was an employee of the MBTA on July 1, 2003 when the above-referenced incident allegedly occurred at North Station. Furthermore, there are no facts alleged that would suggest that the Plaintiff had ever been "in the service of" the MBTA, performed any work for the MBTA or been on the MBTA's payroll as a working employee. In fact, the Magistrate Judge, in her Report and Recommendation on Defendant MBTA's Motion to Dismiss, noted, "[i]t is clear from the complaint, and not otherwise disputed, that Mr. Carmack was never

3

employed by the MBTA." Id. at 4.  Consequently, the Plaintiff is not entitled to the protections of 45 U.S.C. § 152 Fourth, prohibiting an employer from interfering with an employee's right to organize.  "See Nelson, 750 F.2d at 1236 (protections afforded to 'employees' under the Railway Labor Act do not extend to job applicants and plaintiff could not maintain a claim arising out of a failure to hire)."  Report and Recommendation on MBCR's Motion to Dismiss at 21.

Additionally, the Magistrate Judge noted in her Report and Recommendation on MBCR's Motion to Dismiss that the Plaintiff, in his Opposition and Counter Motion to Defendants' Motions to Dismiss, argued that his "status as an employee is not relevant to his claim under the RLA because the statute provides protections to his 'representative,' as defined in 45 U.S.C. § 151 Sixth, and that, as a member of the BLE [Brotherhood of Locomotive Engineers], those protections apply to him.  (Pl.'s Mem. at 4)."  Report and Recommendation on MBCR's Motion to Dismiss at 21-22.  The Magistrate Judge, in dispensing with said argument, noted, "[t]he term 'representative' is defined in the RLA as 'any person or persons, labor union, organization, or corporation designated either by a carrier or group of carriers or by its or their employees, to act for it or them.' 45 U.S.C. § 151 Sixth.  Although the term 'representative' does include labor unions, Mr. Carmack has not pointed to any provision of the statute that would forbid MBCR's treatment of him based solely upon his membership in the BLE."  Report and Recommendation on MBCR's Motion to Dismiss at 22.  The Plaintiff, likewise, cannot point to any provision of the RLA that would forbid the MBTA police officer's alleged treatment of him based upon his membership in the BLE.

## CONCLUSION

For the reasons set forth above, the MBTA respectfully requests that this Honorable Court dismiss the RLA claim asserted in Count I of the Plaintiff's First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted
For the MBTA
By its attorney,

**CERTIFICATE OF SERVICE**
I, Todd M. Valicenti, hereby certify that I have caused a copy of the foregoing document to be served by first class mail, postage prepaid, upon *pro se* Plaintiff, Joseph T. Carmack, 398 Columbus Avenue, PMB 130, Boston, MA 02116, on this 15th day of December 2006.

/s/Todd M. Valicenti
Todd M. Valicenti

/s/ Todd M. Valicenti
Todd M. Valicenti
BBO# 632800
Assistant General Counsel
MBTA Legal Dept.
Ten Park Plaza, Suite 7760
Boston, MA 02116
Tel: (617) 222-4579
E-mail: tvalicenti@mbta.com

Dated:  December 15, 2006

**CERTIFICATE OF COMPLIANCE WITH LR 7.1(A)(2)**

I, Todd M. Valicenti, hereby certify that I conferred with the *pro se* Plaintiff, Joseph T. Carmack, on the 1st day of December 2006, in a good faith attempt to resolve or narrow the foregoing issues.

/s/Todd M. Valicenti
Todd M. Valicenti