UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK,<br>      Plaintiff, *pro se*<br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and MASSACHUSETTS BAY<br>COMMUTER RAILROAD COMPANY,<br>      Defendants. | C.A. No. 05-11430-PBS |

**MEMORANDUM IN SUPPORT OF
MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S
MOTION TO DISMISS COUNT X OF
PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(B)(6)**

NOW COMES the Massachusetts Bay Commuter Railroad Company ("MBCR"), a Defendant in the above-captioned matter, which moves to dismiss Count X of Plaintiff's First Amended Complaint ("Pl. First Am. Compl.") against it pursuant to F.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In the Judge Magistrate's Report and Recommendation, the Judge Magistrate recommends dismissing Counts II – IX and XI – XV, and portions of Count I (specifically, the Plaintiff's claim under the Railway Labor Act), but states that

> the only remaining claims against MBCR would be Mr. Carmack's claims pursuant to 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11, which are asserted in Count I, and Mr. Carmack's claims for discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, and the Rehabilitation Act, 29 U.S.C. § 701 ["Rehabilitation Act"], which are asserted in Count X.

Report at 2. For the following reasons, both the ADA and the Rehabilitation Act claims must be dismissed as well, as there are fatal deficiencies in each claim and as such relief cannot be

granted for either claim.

First, the Plaintiff failed to file an ADA discrimination complaint with the Equal Employment Opportunity Commission prior to filing his complaint with the court. This requirement is not optional and courts have been clear that failure to meet this requirement bars a plaintiff from bringing civil suit on an ADA claim. Second, the Rehabilitation Act only applies to programs or activities that receive federal financial assistance. MBCR is a for-profit corporation that receives no federal funds, and thus is not subject to the Rehabilitation Act.

## I.  ARGUMENT

### A. THE COURT MUST DISMISS THE PLAINTIFF'S ADA CLAIM AS PLAINTIFF HAS FAILED TO SATISFY THE MANDATORY ADMINISTRATIVE REMEDIES REQUIREMENT OF THE ADA.

The ADA states that anyone alleging discrimination under Title I of the ADA must file a complaint with the Equal Employment Opportunity Commission ("EEOC") prior to filing suit in court. 42 U.S.C. §12117. Failure to satisfy this requirement bars the claimant from bringing an action in Court. See Bonilla v. Muebles J.J. Alvarez, 194 F. 3d 275 (1st. Cir. 1999). In Bonilla, the plaintiff's discrimination claim was dismissed by the district court because the plaintiff had failed to file a claim with the EEOC prior to filing suit. Id. Upon appeal, the First Circuit agreed that, "the language leaves no room to quibble" and promptly affirmed the dismissal of the case. Id. at 278. In addition, a claimant has only 180 days from the date of the alleged discrimination to file this administrative claim with the EEOC (this requirement is extended to 300 days if the plaintiff has filed with the Massachusetts Commission Against Discrimination ("MCAD")). Id. (quoting 42 U.S.C. § 2000e-5(e)). As the Report and the Complaint both indicate, the alleged events took place over three years ago, "'[o]n or about July 1, 2003.'" Report at 23; Pl. Compl. ¶

17. The Plaintiff has not, and cannot, allege that he has filed a claim with either the EEOC or the MCAD within the requisite time, and this failure cannot be cured. Therefore, the Plaintiff cannot satisfy this mandatory prerequisite, and his civil suit cannot proceed. Moreover, equitable considerations do not change the analysis, even when the claimant appears before the court *pro se*. See Osborn v Brach, 864 F.Supp. 56 (N.D. Ill. 1994) (dismissing a *pro se* plaintiff's ADA claim for failure to file a timely ADA charge with the EEOC). Because the Plaintiff has failed to satisfy this mandatory prerequisite, the court has no authority to consider the Plaintiff's ADA claim, and it must be dismissed

B. THE COURT MUST DISMISS THE PLAINTIFF'S REHABILITATION ACT CLAIM AS THE REHABILITATION ACT DOES NOT APPLY TO MBCR BECAUSE MBCR DOES NOT RECEIVE FEDERAL FUNDS.

Section 504 of the Rehabilitation Act prohibits discrimination under any program or activity that receives federal financial assistance. 29 U.S.C. § 794. MBCR does not receive any federal funds, and the Plaintiff has made no assertion otherwise. MBCR is, as Plaintiff acknowledges in his complaint, a "for profit corporation" that contracts with the Massachusetts Bay Transportation Authority ("MBTA") to provide management services. [Pl. Compl. ¶ 4]. Consequently, the Rehabilitation Act does not apply to MBCR, and Plaintiff's Rehabilitation Act claim must be dismissed.

Even if it were possible to show that MBCR was paid from MBTA funds that contained indirect federal transportation grants, (which, again, the Plaintiff has not alleged), MBCR would still fall outside the purview of the Rehabilitation Act, as the nature of MBCR's relationship with the MBTA is that of a contractor being compensated at fair market value for services rendered. See Hamilton v. Ill. Cent. R.R., 894 F. Supp. 1014 (S.D. Miss. 1995). In Hamilton, the defendant, Illinois Central Railroad ("ICR"), a private for-profit rail company, was hired by the

state of Mississippi to construct and improve various grade crossings.  Id.  The project was paid for, partially, with federal funds from the Federal Highway Administration ("FHA").  Id.  The defendant ICR challenged the applicability of the Rehabilitation Act, and the court held that the Rehabilitation Act did not apply to ICR, despite the fact that the federal government was the ultimate source of the funds ICR received.  Id.  As the Hamilton court noted, "purely compensatory payments pursuant to a contract for services do not constitute federal financial assistance."  Id. (citing DeVargas v. Mason & Silas-Mason, 911 F.2d 1377, 1383 (10th Cir. 1990)).  Like ICR, MBCR is a contractor being paid fair market value for services rendered, and does not receive federal grants or subsidies.  Therefore, the Rehabilitation Act is inapplicable to MBCR, and the Plaintiff's claim thereunder should be dismissed.

## II. CONCLUSION

For the foregoing reasons, the Defendant Massachusetts Bay Commuter Railroad Company respectfully requests that Count X of the Plaintiff's complaint be dismissed.

>Respectfully Submitted,
>MASSACHUSETTS BAY COMMUTER
>RAILROAD COMPANY,
>By its attorneys,
>
>/s/ Robert K. Blaisdell          _
>Robert K. Blaisdell, BBO #568060
>Donoghue, Barrett & Singal, P.C.
>One Beacon Street, Suite 1320
>Boston, Massachusetts  02108
>(617) 598-6700

Dated:  December 15, 2006

**CERTIFICATE OF SERVICE**

      I, Robert K. Blaisdell, hereby certify that this 15th day of December, 2006 I have caused copies of the foregoing document to be served upon by first class mail, postage prepaid to be served upon

      Joseph T. Carmack, *pro se*
      398 Columbus Ave. PMB 130
      Boston, MA 02116

      /s/ Robert K. Blaisdell
      Robert K. Blaisdell