UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack )<br>         Plaintiff, Pro Se )<br>)<br>v. )<br>)<br>Massachusetts Bay Transportation Authority )<br>)<br>and )<br>)<br>Massachusetts Bay Commuter Railroad Co. )<br>)<br>         Defendants ) | Civil Action No. 05-11430-PBS |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND PLAINTIFF'S 1ST AMENDED COMPLAINT

### INTRODUCTION

Plaintiff Joseph T. Carmack ("Plaintiff") hereby submits this memorandum in support of Plaintiff's MOTION TO AMEND PLAINTIFF'S FIRST AMENDED COMPLAINT. As grounds therefore, Plaintiff states that an amended complaint is necessary to clarify triable issues and set forth claims that arose out of the conduct, transactions, or occurrences set forth or attempted to be set forth in the 1st Amended Complaint.

### I. BACKGROUND

1

The instant case was filed in June 2005 and the Complaint was first amended in December 2005. In response, the Defendants filed Motions to Dismiss. Defendant Massachusetts Bay Transportation Authority, ("MBTA") did not move to dismiss count one of the 1st Amended Complaint and this Honorable Court allowed the MBTA's Motion to Dismiss counts II-XV. Defendant Massachusetts Bay Commuter Railroad Co. ("MBCR") moved to dismiss the entire complaint. This Honorable Court also allowed MBCR's Motion to Dismiss in part, but denied MBCR's motion to dismiss counts I and X with the exception that the claims pursuant to the Railway Labor Act *45 U.S.C. 45 s. 151 et seq.* incorporated into Count I of the 1st Amended Complaint were allowed to go forward. The current 2nd Amended Complaint filed with Plaintiff's <u>MOTION TO AMEND PLAINTIFF'S 1ST AMENDED COMPLAINT</u> is intended to resolve failures to state claims identified by this Honorable Court in the grants of Defendants' Motions to Dismiss.

## II. APPLICABLE LEGAL STANDARD

Pursuant to *Rule 15* of the *Federal Rules of Civil Procedure ("F.R.C.P.")*, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The current motion to amend is necessary to correct defects in the 1st Amended Complaint ("1st Am. Compl.") revealed in Defendant's Motions to Dismiss. The 2nd Amended Complaint ("2nd Am. Compl.") clarifies the triable issues and remedies the defects in Plaintiff's 1st Am. Compl. that are articulated in the this Honorable Court's <u>REPORT AND RECOMMENDATIONS ON MBTA'S MOTION TO DISMISS</u> ("MBTA-R&R") and <u>REPORT AND RECOMMENDATIONS ON MBCR'S MOTION TO DISMISS.</u>

("MBCR-R&R"). Therefore justice requires this Honorable Court to issue an order allowing Plaintiff's Motion to Amend Plaintiff's 1st Amended Complaint as represented in the Plaintiff's 2nd Amended Complaint.

### III. 42 U.S.C. s. 1983 CLAIMS

### A. SECTION 1983 CLAIMS GENERALLY

In the MBCR-R&R this Honorable Court has allowed the Plaintiff to present claims against the MBCR as a state actor wherein the Plaintiff has maintained that the 1st Amended Complaint is a civil rights claim pursuant to *42 U.S.C. s. 1983 ("Section 1983")*. The Plaintiff hereby submits that all federal counts articulated in Plaintiff's 1st Am. Compl. comport with revisions presented in the 2nd Am. Compl. As with the 1st Am. Compl, the Plaintiff seeks to import claims from Civil Action 03-12488 PBS (currently pending in this Honorable Court against the National Railroad Passenger Corporation ["Amtrak"] ) to the instant case against defendants MBTA and MBCR. Plaintiff hereby submits that analysis of Railway Labor Act claims and Federal Employment claims as *Section 1983* claims will permit those claims as Amended in the 2nd Am. Compl.

This Honorable Court has heretofore entertained numerous arguments pertaining to the *Section 1983* elements of this case. The previous discussion has resulted in the allowance of some civil rights claims from the 1st Amended Complaint. For purposes of this motion, the Plaintiff does not revisit those claims which were allowed. However, it is nonetheless necessary to review *Section 1983* arguments in the light of revisions to previously dismissed federal claims as articulated in Plaintiff's 2nd Am. Compl.

As has been previously demonstrated by this Court, *Section 1983* "provides a method for vindicating rights elsewhere conferred" Graham v. Connor, *490 U.S. 386,*

3

*393-94, 109 S.Ct. 1865, 1870, 104 L.Ed 2d 443 (1989).* (Quoted from MBCR-R&R)

*Section 1983* states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

*42 U.S.C. s. 1983*. In dismissing Plaintiff actions against the Defendant MBTA, the Court has stated that it has dismissed RLA claims and other federal employment claims because "even the most liberal reading of the complaint compels the conclusion that no MBTA personnel were in any way involved in the conduct which forms the basis of counts II-XV of the First Amended Complaint." MBTA-R&R at 9. The Plaintiff hereby submits that the 2nd Am. Compl. Compensates for the omissions of the 1st Am. Compl and permits a *Section 1983* reading that will allow this Honorable Court to view the personnel involved in the conduct complained of as agents of the MBTA.

### 1. MBCR and Amtrak viewed as 'State actors'

In denying MBCR's motion to dismiss Plaintiff's civil rights claims, this Honorable Court has viewed defendant MBCR as a 'State actor' acting under color of State Law and evaluated Plaintiff's 1st Am. Compl. using a 'Perkins' analysis of Plaintiff's claims against the MBCR.[1] In addition to viewing the actions of MBCR in light of Perkins, the Plaintiff prays that this Honorable Court, for purposes of this motion, will also view the actions of Amtrak under the color of state law. Such a view will allow the court to perceive Amtrak as a State actor whose employees are also State actors.

---

[1] Perkins v. Londonderry Basketball Club, 196 F.3d 13, 18 (1st Cir. 1999). (see MBCR-R&R Page 11).

Once the Court accepts Amtrak as a State actor, it can also accept the Plaintiff as an employee of the MBTA for purposes of a *Section 1983* claim and a Joint Liability claim.

### 2. "Under color of Law"

The 2nd Am. Compl. Presents the conduct of Amtrak as the conduct of a state actor according to the Perkins standard as articulated by the Court:

> Courts conventionally have traveled a trio of analytic avenues, deeming a private entity to have become a state actor if (1) it assumes a traditional public function when it undertakes to perform the challenged conduct, or (2) an elaborate financial or regulatory nexus ties the challenged conduct to the State, *or* (3) a symbiotic relationship exists between the private entity and the State.

Perkins v. Londonderry Basketball Club, 196 f.3d 13, 18 (1st Cir. 1999) (quoted from MBCR-R&R.

The 2nd Am. Compl. Presents actions of Amtrak as an agent of the MBTA acting under color of State Law and infers that Plaintiff is an Employee of the MBTA. The applicable State Law is *Massachusetts General Law c. 161A ("161A).* Defendant MBTA recognizes that its status is defined by *Section 2* of *161A.*[2] Also relevant to the instant case, the purpose of the MBTA is further defined in *161A section 3 Para. (i)* as being "to provide mass transportation service, whether directly, jointly or under contract on an *exclusive basis*, in the area constituting the authority ... with respect to operations of the authority *with equipment owned and operated by the Authority*" and also, in *161A section 3 paragraph (j)*: to operate Mass Transportation facilities and equipment directly or

---

[2] Answer and Jury Demand of Defendant Massachusetts Bay Transportation Authority Docket No. 5 at Paragraph 3.

under contract in areas outside the area constituting the Authority".[3] (Emphasis added). Both the 2nd Am. Complaint and MBTA's Answer comport with the purpose of MBTA's contracts with Amtrak and MBCR as pursuant to State Law.[4] Without State Law *161A* empowering the MBTA "to provide mass transportation service", the Plaintiff's positions of employment with Amtrak and, subsequently, MBCR would not exist. In other words, Plaintiff's position of employment was established to provide public transportation mandates of State Law with State and federal funding.[5] This Honorable Court has already established that these and other facts support the claim that "MBCR was a state actor based on the traditional public function and symbiotic relationship Theories." MBCR-R&R at page 14. Plaintiff hereby asserts that the same analysis applies to the actions of Amtrak as presented in the 2nd Am. Complaint and, by extension; the analysis establishes the Plaintiff as an employee of the MBTA.

### 3. The Court's 'public function' analysis

In order to allow this Honorable Court to accept the 2nd Amended Complaint as actionable for purposes of this motion, the Plaintiff hereby submits that Amtrak employed the Plaintiff for a public function "exclusively reserved for the state" pursuant to *161A*. As stated above, pursuant to *161A, section 3 Para. (i)*, like MBCR, Amtrak was contracted "to provide mass transportation service ... *on an exclusive basis* in the area constituting the authority ... *with respect only to the operation of the Authority with*

---

[3] The MBTA also operates trains according to MBTA schedules on territory owned by Guilford Transportation Co. and Amtrak.

[4] Answer and Jury Demand of Defendant Massachusetts Bay Transportation Authority Docket No. 5. at Paragraphs 4 and 10.

[5] Massachusetts commuter rail is financed, in part, through formula grants pursuant to *The Urban Mass Transportation Act of 1964* also known as *The Federal Transit Act, 49 U.S.C. s. 5301 et seq.*

*equipment owned and operated by the Authority.* (Emphasis added). In applying the Perkins 'public function' analysis this Honorable Court requires that "a plaintiff must show more than the mere performance of a public function by a private entity; [he} must show that the function is one exclusively reserved for the state" Perkins, 196 f. 3d at 19. (Quoted from MBCR-R&R). This Honorable Court has implied that the operation of passenger trains does not comport with Perkins as an activity "within the states exclusive preserve Id. However, wherein the Plaintiff was employed by Amtrak pursuant to *161A "on an exclusive basis ... with respect only to the operation of the authority with equipment owned and operated by the Authority*, the Plaintiff was employed in an activity exclusively reserved by State Law for the State. Plaintiff was employed to operate MBTA trains owned by the commonwealth of Massachusetts and operated under the exclusive reserve of the MBTA. Plaintiff was employed to serve a public function exclusively reserved for the state. The facts alleged in the 2nd Am. Compl. support this 'public function' analysis.

### 4. Symbiotic Relationship Analysis

The conduct of Amtrak alleged in the 2nd Amended Complaint also supports a Symbiotic relationship analysis as does the conduct of the MBTA in accordance with the MBCR-R&R. This Honorable Court has recognized that allegations against MBCR in Count 1 of the 1st Am. Compl. as the conduct of a State Actor where "the Government has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity." Perkins 196 F.3d at 21 (quoting Burton v. Wilmington Parking Auth. 365 U.S. 715, 725, 81 S.Ct. 856, 862, 6 L. Ed. 2d 45 (1961). (Alteration in original) (Quoted from MBCR-R&R at 17). This

relationship between MBTA and Amtrak is established by *161A* in the same way that 'public function' is established. Amtrak is contracted to perform a function exclusively reserved for the MBTA by *161A section 3* and, by extension, the Plaintiff served the same function as an employee of the MBTA wherein the purpose of the Plaintiff's position with Amtrak comports with MBTA function as prescribed by State Law. In this instance, the symbiotic relationship analysis overlaps the "public function" analysis and serves to "flush out a State's attempt to evade its responsibilities by delegating them to private entities." Perkins, 196 F.3d at 18-19, (Quoted from MBCR-R&R at page 14). At all times relevant to the complaint against Amtrak, Amtrak employed the Plaintiff: under the direction of the MBTA; as an agent of the MBTA; and standing in for the MBTA to employ the Plaintiff to serve an MBTA function. As much as the Plaintiff was an employee of Amtrak, the Plaintiff was an employee of the MBTA.

### B. SUCCESSOR AND JOINT LIABILITY

Just as the 2nd Amended Complaint comports in part as a *Section 1983* claim against MBCR, the 2nd Amended Complaint also comports with a theory of Successor Liability of MBCR for claims against Amtrak in Counts II-XV. In granting MBCR's Motion to Dismiss in Part (Counts II-IX and Counts XI-XV), this Honorable Court indicated that claims should be dismissed because "no MBCR personnel were involved in the conduct that forms the basis of Claims" and the Plaintiff "has not alleged that MBCR had any contractual relationship with the MBCR". MBCR-R&R at pages 13-14. However, the 2nd Am. Compl. contains language that alleges the necessary relationship. Specifically, at Paragraph 16, the 2nd Amended Complaint states:

> In addition to the basic contract with the MBTA, MBCR also signed
> additional agreements with the MBTA and Amtrak, including "transition"

8

agreements and an "Implementing Agreement" which indemnify MBCR against Amtrak liabilities for the requirements of 13 (c) with reference to Amtrak as the previous contractor.

Reference to these contracts in the 2nd Am. Compl. demonstrates "some type of privity between the predecessor and successor employer" which will allow this Honorable Court to apply a Theory of successor liability. Korlin v. Chatwell Health Care Inc., 128 F. Supp 2d 609, 614 (E.D. Mo. 2001).

The reference to these contracts in the 2nd Am. Compl. will allow counts II-IX and Counts XI-XV to stand against the MBCR while they demonstrate joint liability against the MBTA. As articulated above in the State Law analysis, these contracts, in conjunction with State Law, establish Plaintiff as an employee of the MBTA conjointly with Amtrak and, by extension, with MBCR wherein the contracts exist pursuant to State Law. Whether or not this Honorable Court can apply a *Section 1983* "State actor" or "public function analysis to State Law claims, the court should nonetheless be able to apply the dictates of State Law and analyze actions of contractors as State actions. In addition, the 2nd Am. Compl. establishes the Plaintiff in the continual employ of the MBTA through the agency of MBCR and holds MBCR Liable for all employee rights claims of the Plaintiff. In conjunction, the 2nd Am. Compl alleges contracts between MBCR and Plaintiff's Union which require MBCR to: disregard previous discipline of the Plaintiff by Amtrak; accept the Plaintiff's seniority and agreement rights continuing from Amtrak; and award Plaintiff a position in accordance with his labor rights on Amtrak. However, the 2nd Am. Compl. alleges that MBCR fulfilled none of these requirements. The 2nd Am. Compl alleges that the only

9

means by which MBCR could refuse employment was based on a failure to pass a company medical examination. The 2nd Am. Compl. alleges that Plaintiff requested the opportunity to submit to such examination; that MBCR ignored the Plaintiff's request; and that MBCR accepted Amtrak's assessment of the Plaintiff as a 'mentally unstable' individual who was terminated by Amtrak for refusing to submit to a medical examination. When the 2nd Amended Complaint is viewed in light of these alleged facts, all counts should be permitted to stand.

WHEREFORE, Plaintiff prays for an order permitting the Plaintiff to Amend the 1st Amended Complaint as presented in the 2nd Amended Complaint submitted with the Motion.

*************************

Plaintiff certifies that parties have
Conferred and complied with Local Rules.
***********************************

**Respectfully submitted,**

Date: December 15, 2006

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave PMB 130
Boston, MA  02116-6008
Work:  617/727-2310 ext. 7045

## Certificate of Service

  Joseph T. Carmack hereby certify that I have on December 15, 2006 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA  02103-3113

Date:  December 15, 2006

            Joseph T. Carmack
            Plaintiff, Pro Se
            398 Columbus Ave PMB 130
            Boston, MA  02116-6008
            Work:  617/727-2310 ext. 7045

  Joseph T. Carmack hereby certify that I have on December 15, 2006 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116.

Date:  December 15, 2006

            Joseph T. Carmack
            Plaintiff, Pro Se
            398 Columbus Ave PMB 130
            Boston, MA  02116-6008
            Work:  617/727-2310 ext. 7045