UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH T. CARMACK,<br>    Plaintiff, *pro se*<br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and MASSACHUSETTS BAY<br>COMMUTER RAILROAD COMPANY,<br>    Defendants. | C.A. No. 05-11430-PBS |

**MEMORANDUM IN SUPPORT OF
MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S
OPPOSITION TO PLAINTIFF'S MOTION
TO AMEND COMPLAINT**

NOW COMES the Massachusetts Bay Commuter Railroad Company ("MBCR"), a Defendant in the above-captioned matter, which opposes the Plaintiff's Motion to Amend 1st Amended Complaint ("Motion to Amend"). As the Motion pertains to MBCR, the Plaintiff seeks to resurrect his claim that MBCR is a "corporate successor" to the National Railroad Passenger Corporation, Inc. ("Amtrak"), a claim that was thoroughly reviewed and resoundingly rejected by this Court. MBCR requests that this Honorable Court deny this Motion to Amend the complaint for the following reasons: (a) Plaintiff mischaracterizes MBCR's contractual relationships (in fact, Plaintiff's assertion that MBCR has or had a contractual relationship with Amtrak related to Amtrak's or MBCR's provision of management duties to the MBTA, which is key to the Plaintiff's amendment, is false); and (b) even if the Plaintiff's assertions were accurate, they would be futile as they would still fail to state claims against MBCR upon which

relief can be granted.[1]  See, Glassman v. Computervision Corp., 90 F.3d 617, 622-23 (1st Cir. 1996).

A.   PLAINTIFF MISCHARACTERIZES MBCR'S CONTRACTUAL RELATIONSHIPS.

   1.   There Are No Relevant Contracts Or Agreements To Which MBCR And Amtrak Are Both Parties.

In his Motion, Plaintiff asserts that the Court granted MBCR's Motion to Dismiss (in part) because

> 'no MBCR personnel were involved in the conduct that forms the basis for Claims [sic],' and the Plaintiff 'has not alleged that MBCR had any contractual relationship with the MBCR [sic]'.  MBCR-R&R at pages 13-14.

Plaintiff's Motion at 8.[2]   In apparent response, the Plaintiff offers that the 2nd Amended Complaint will include the following assertion at Paragraph 16:

> In addition to the basic contract with the MBTA, MBCR also signed additional agreements with the MBTA and Amtrak, including "transition" agreements and an "Implementing Agreement," which indemnify MBCR against Amtrak liabilities for the requirements of 13(c) with reference to Amtrak as the previous contractor.

Plaintiff's Motion at 8-9.  Plaintiff then asserts that "these contracts . . . demonstrate 'some type of privity between the predecessor and successor employer' " which will allow the Court to apply a theory of successor liability against MBCR.  Plaintiff's Motion at 8-9.  Once again, this argument fails as it is based on several erroneous premises: (a) MBCR did not sign any

---

[1] Although it primarily relates to Plaintiff's claims against the MBTA, MBCR objects to Plaintiff's assertion that "[a]s much as the Plaintiff was an employee of Amtrak, the Plaintiff was an employee of the MBTA" as it has no basis in fact or law.

[2] These exact quotes are not in found in the Court's Report.  In fact, there is nothing close on the cited pages 13-14. MBCR assumes, nonetheless, that the Plaintiff was referring to the following text on page 24 of the Court's Report:

> no MBCR personnel were involved in the conduct that forms the basis of the claims asserted in these Counts.  Furthermore, Mr. Carmack has asserted no facts from which it can be inferred that MBCR is a corporate successor to Amtrak.

2

agreement(s) with Amtrak related to MBCR's assumption of management of the MBTA's commuter rail service; (b) MBCR is not a party to any agreement(s) that indemnify MBCR against Amtrak liabilities for the requirements of 13(c); and (c) moreover, Amtrak has no liabilities under 13(c), as 13(c) liabilities rest with the owner of the railway, the MBTA.[3] As the Plaintiff's Motion attempts to amend his complaint to include patently false or incorrect assertions, it should be denied.

This is merely another one of Plaintiff's failed attempts to resurrect the theory of successor liability. When the Court stated in its Report that, "Mr. Carmack has asserted no facts from which it can be inferred that MBCR is a corporate successor to Amtrak", Report at 24, it was not an invitation to make up facts to fit the procedural requirements. Complaints cannot be based what the complainant *wishes* to be true, or what may be *convenient* if true. As the Court pointed out, "[t]here must be some type of privity between the predecessor and successor employer." Report at 25 (quoting Korlin v. Chartwell Health Care, 128 F. Supp.2d 609 (E.D. Mo. 2001). Here, there is no privity, and no successor liability.

    2.    <u>Plaintiff Misstates The Contractual Relationship Between MBCR And The MBTA</u>.

As noted, above, Plaintiff's Motion seeks to amend his complaint to assert that MBCR signed "additional agreements" with the MBTA, including "transition" agreements and an "Implementing Agreement," which purportedly indemnify MBCR against *Amtrak* liabilities for the requirements of *13(c)* and with reference to Amtrak as the previous contractor. Once again, this is patently false. MBCR has but one agreement with the MBTA for the operation of the

---

[3] Section 13(c) only imposes requirements on the owner and operator of the railway, which is the MBTA, not Amtrak.

MBTA's commuter rail service, and there are no other "transition" or "Implementing" agreements between MBCR and the MBTA.

    3.    <u>Plaintiff's Claims Regarding Agreements Between MBCR And Its Unions Are Inaccurate, And Remain Irrelevant As To MBCR As Plaintiff Was Not An Employee of Amtrak</u>.

In his Motion to Amend, Plaintiff states, without citing the relevant page or paragraph, that the proposed 2nd Amended Complaint

> alleges contracts between MBCR and Plaintiff's Union which require MBCR to: disregard previous discipline of the Plaintiff by Amtrak; accept the Plaintiff's seniority and agreement rights continuing from Amtrak; and award Plaintiff a position in accordance with his labor rights on Amtrak.

Motion to Amend at 9. The only assertion that the Plaintiff gets right is the fact that MBCR has contracts with unions. Otherwise, Plaintiff is once again completely incorrect, and engaging in what he *wishes* were true.

The only people who had any possible right to employment with MBCR were personnel who had rights as an *employee* of Amtrak at the time MBCR began management of the MBTA commuter rail system. As has been well established, Plaintiff was not an employee of Amtrak at that time. Consequently, the Plaintiff had no rights to assert, regardless of the terms of any contracts or agreements between MBCR and its unions.

B.    EVEN TREATING THE PLAINTIFF'S NEW ALLEGATIONS AS TRUE, THEY DO NOT ESTABLISH CORPORATE SUCCESSOR LIABILITY.

As it relates to MBCR, Plaintiff's clear purpose in seeking to amend his complaint is to assert facts that will permit Plaintiff to resurrect the corporate successor liability theory that was dismissed by the Court. Even treating the new allegations as true, however, they still do not establish that MBCR was a corporate successor of Amtrak.

As noted above, in his Motion Plaintiff notes that in its Report the Court found that the

Plaintiff

> 'has not alleged that MBCR had any contractual relationship with the MBCR [sic]'.  MBCR-R&R at pages 13-14.

Plaintiff's Motion at 8.[4]  In response, the Plaintiff now asserts that MBCR had some contractual relationship with Amtrak related to MBCR taking over the management of the MBTA's commuter rail service after Amtrak.  However, this does not, as the Plaintiff suggests, "cure" the Plaintiff's corporate successor liability problem.  In fact, the Court found that establishing successor liability would require much more.

> In its Report, the Court stated that
>
> nothing in the First Amended Complaint suggests that there was a **sale or other transaction** that could give rise to a predecessor-successor relationship between Amtrak and MBCR. See Whitmore v. O'Connor Mgmt., Inc., 156 F.3d 796, 799 (8th Cir. 1998) (refusing to impute liability in case where "there was **no sale** of a business creating a predecessor-successor relation between the two corporations"). "[A] **vital requirement** when applying the theory of successorship liability . . . is that there must be some type of **sale, merger, or consolidation**. There must be some type of privity between the predecessor and successor employer." Korlin v. Chartwell Health Care, Inc., 128 F. Supp. 2d 609, 614 (E.D. Mo. 2001). None of the plaintiff's allegations suggests that any such relationship existed between MBCR and Amtrak. Accordingly, this court recommends that Counts II-IX and XI-XV be dismissed.

Report at 25 (emphasis added).  Even assuming that the Plaintiff's new allegations were accurate, they only assert that MBCR and Amtrak were parties to contracts related to successive **management** of the MBTA commuter rail service.  This does not come anywhere near meeting the "vital requirement" that there be some type of sale, merger or consolidation.  Nothing in the

---

[4] These exact quotes are not in found in the Court's Report.  In fact, there is nothing close on the cited pages 13-14. MBCR assumes, nonetheless, that the Plaintiff was referring to the following text on page 24 of the Court's Report:

> no MBCR personnel were involved in the conduct that forms the basis of the claims asserted in these Counts.  Furthermore, Mr. Carmack has asserted no facts from which it can be inferred that MBCR is a corporate successor to Amtrak.

Plaintiff's proposed amendment changes the analysis applied, or the conclusion reached, by the Court. Consequently, the Plaintiff's Motion should be denied.

C.  CONCLUSION.

In general, MBCR objects to the Plaintiff's proposed changes to his complaint because they are incorrect, and their inclusion would be futile and result in a waste of time and money for the parties and the Court. For the foregoing reasons, the Defendant Massachusetts Bay Commuter Railroad Company respectfully requests that Plaintiff's Motion to Amend be denied.

> Respectfully Submitted,
> MASSACHUSETTS BAY COMMUTER
> RAILROAD COMPANY,
> By its attorneys,
>
> /s/ Robert K. Blaisdell
> Robert K. Blaisdell, BBO #568060
> Donoghue, Barrett & Singal, P.C.
> One Beacon Street, Suite 1320
> Boston, Massachusetts  02108
> (617) 598-6700

Dated:   January 25, 2006

**CERTIFICATE OF SERVICE**

I, Robert K. Blaisdell, hereby certify that this 25th day of January, 2007 I have caused copies of the foregoing document to be served upon by first class mail, postage prepaid to be served upon

Joseph T. Carmack, *pro se*
398 Columbus Ave. PMB 130
Boston, MA 02116

Todd Valicenti, Esq.
Massachusetts Bay Transportation Authority
10 Park Plaza, Room 3910
Boston, MA  02116

/s/ Robert K. Blaisdell
Robert K. Blaisdell