UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2007 AUG 28 P 5: 29
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| Joseph T. Carmack )<br>       Plaintiff, Pro Se )<br> )<br>v. )<br> )<br>Massachusetts Bay Transportation Authority )<br> )<br>and )<br> )<br>Massachusetts Bay Commuter Railroad Co. )<br> )<br>       Defendants )<br> ) | Civil Action No. 05-11430-PBS |

**PLAINTIFF JOSEPH T. CARMACK'S OPPOSITION TO REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS AND ORDER ON PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT**

Plaintiff Joseph T. Carmack ("plaintiff") hereby submits this OPPOSITION TO REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO DISMISS AND ORDER ON PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT pursuant to Rule 72 of the Federal Rules of Civil Procedure. Plaintiff hereby respectfully objects to the finding of the Court in the REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS TO DISMISS AND ORDER ON PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT ("REPORT AND ORDER" OR "R&O") (Docket No. 58) that the plaintiff "has failed to state an RLA claim against MBTA..."[1] and the finding that the plaintiff has "alleged no facts in his First Amended Complaint which establish that he has exhausted his administrative remedies" of a claim under the ADA[2] against the Defendant Massachusetts Bay Commuter

---

[1] Railway Labor Act (45 U.S.C. 151 et seq.) ("RLA") and Massachusetts Bay Transportation Authority ("MBTA")
[2] Americans with Disabilities Act (42 U.S.C. 12101 et seq.) ("ADA")

1

Railroad Co ("MBCR"). Plaintiff hereby objects to the R&O's recommendation that " 'Defendant MBTA's Motion to Dismiss the Railway Labor Act Claim Asserted in Plaintiff's First Amended Complaint Pursuant to Fed.R.Civ.P. 12 (b)(6)' (Docket No. 45) be ALLOWED". Plaintiff also hereby objects to the recommendation that " 'Massachusetts Bay Commuter Railroad Company's Motion to Dismiss Count X of Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)' be ALLOWED". Furthermore, Plaintiff states for the record that he opposes this Honorable Court's finding that the plaintiff is "unable to state a claim against either defendant under the RLA or the ADA, or against MBTA under the Rehabilitation Act" although this objection may not be specifically subject to a Rule 72 objection at this time. Plaintiff presumes that further amendments may be allowed to rectify the Court's concerns. Plaintiff nonetheless respects the Court's interpretation of oral arguments that the plaintiff will agree to forgo further pursuit of Counts II-IX or Counts XI-XV as written, although, as plaintiff submits, ADA causes of action are yet actionable against the defendants in those counts and elements of Counts XI and XII should be added to Count I of Plaintiff Second Amended Complaint given opportunities to further amend the complaint pursuant to Rule 15 of the F.R.C.P. Plaintiff hereby reserves the right to so Amend the complaint. Plaintiff continues to assert that he has filed ADA and Rehabilitation Act ("RA") claims against Amtrak in the appropriate state and federal agencies which likewise apply to the current defendants under a theory of successor liability.

As grounds for this motion, plaintiff states that he has indeed stated a claim upon which relief can be granted and he has alleged facts showing that he is an employee of both the MBTA and MBCR. The Court's current recommendation is inconsistent with the previous Reports and Recommendations Docket 37 and Docket 38. Plaintiff has amended his claim to state a claim that he is an employee of MBTA and MBCR. The Court's R&O accepts defendant's submission of evidence from defendant MBTA without permitting plaintiff opportunity to discover agreements referenced in plaintiff's Second Amended Complaint which would confound the Court's and defendants' interpretation of the evidence that defendant MBTA has submitted. It is too early in the stage of the litigation process to permit conclusions drawn by the R&O relevant to evidence submitted. The Court's interpretation of that evidence prejudices the Court against the plaintiff.

However, even allowing the evidence presented, the Court's interpretation would contradict the application of federal law to the circumstances of this case. Pursuant to the application of the Section 13(c) of *Federal Transit Act 49 U.S.C. 5333(b)*, ("FTA) the *Transportation Act of 1940, ch. 722, 54 Stat. 898 (Sept. 18, 1940)* and *The Interstate Commerce Act, section 7 54 Stat. 906* and the *Railroad Revitalization and Regulatory Reform Act of 1976 (Pub. L. No 94-210, Feb. 5, 1976, 90 Stat. 62), 49 U.S.C ss. 11347*. Pursuant to Federal Requirement of these laws for the receipt of federal funding, the Plaintiff is classified as an employee of the MBTA and the MBCR. Plaintiff was an employee of the MBTA when fired from his position of Locomotive Engineer on the MBTA in May of 2002. *RLA* claims against National Railroad Passenger Corporation (Amtrak) for transactions or occurrences in May of 2002 giving rise to the circumstances relevant to this case likewise apply to MBTA as a joint employer of the plaintiff with Amtrak. Defendant MBCR is currently liable for those same *RLA* claims as a successor employer. In the previous Reports and Recommendation on Motions to Dismiss, this Honorable Court allowed Motions to Dismiss because the complaint does not 'suggest' that there was a sale or other transaction that would give rise to a predecessor-successor relationship" (Docket 38 at page 25). Plaintiff hereby submits that the language of the proposed 2nd Amended Complaint satisfies the requirement.

Wherefore, plaintiff prays this Honorable Court deny defendants' motions to dismiss and permit the plaintiff to further amend the complaint to clarify the elimination of some counts while maintaining RLA, ADA and RA complaints in the remainder of the complaint.

**Respectfully submitted,**

Date: August 28, 2007

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045

3

## Certificate of Service

    I. Joseph T. Carmack hereby certify that I have on August 28, 2007 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02103-3113

Date: August 28, 2007

                                      Joseph T. Carmack
                                      Plaintiff, Pro Se
                                      398 Columbus Ave PMB 130
                                      Boston, MA 02116-6008
                                      Work: 617/727-2310 ext. 7045

    I. Joseph T. Carmack hereby certify that I have on August 28, 2007 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116.

Date: August 28, 2007

                                      Joseph T. Carmack
                                      Plaintiff, Pro Se
                                      398 Columbus Ave PMB 130
                                      Boston, MA 02116-6008
                                      Work: 617/727-2310 ext. 7045