UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Joseph T. Carmack </br> Plaintiff, Pro Se </br> </br> v. </br> </br> Massachusetts Bay Transportation Authority </br> </br> and </br> </br> Massachusetts Bay Commuter Railroad Co. </br> </br> Defendants | Civil Action No. 05-11430-PBS |

**PLAINTIFF JOSEPH T. CARMACK'S *REVISED* MOTION TO AMEND 1ST AMENDED COMPLAINT BY ALLOWING ALL FACTS AVERRED IN PLAINTIFF'S 2ND AMENDED COMPLAINT WITH PARAGRAPH INSERTIONS**

Plaintiff Joseph T. Carmack ("plaintiff") hereby moves this Honorable Court for an order allowing plaintiff to amend plaintiff's 1st Amended Complaint ("the complaint") by adding paragraphs to be inserted at points of the plaintiff's 2nd Amended Complaint as indicated below. Plaintiff further moves that this Honorable Court allow all facts previously averred in plaintiff's 2nd Amended Complaint with the exception that wherever the word "termination" or the word "terminated" occurs regarding treatment of plaintiff by defendants or other persons, the word "termination" or the word "terminated"

1

will be changed to "dismissal" or "dismissed". As grounds for the amendment plaintiff states that an amended complaint is necessary to clarify triable issues and set forth claims that arose out of conduct, transactions or occurrences set forth or attempted to be set forth in plaintiff's 1st Amended Complaint. The amendments herein detailed are necessary to resolve failures to state claims identified by this Honorable Court in grants of defendants' (Massachusetts Bay Transportation Authority,"MBTA", and Massachusetts Bay Commuter Rail, "MBCR") Motions to Dismiss and denial of plaintiff's previous Motion to Amend Plaintiff's 1st Amended Complaint.

Plaintiff respectfully requests that this Honorable Court grant an order permitting the Plaintiff to amend Plaintiff's 1st Amended Complaint by allowing facts averred in 2nd complaint with insertions as follows:

(1). After paragraph 8 under "III. FACTS" of the 2nd Amended Complaint insert the following paragraphs.

> 8a. MBTA commuter rail service commenced on or about 1973 when MBTA acquired various commuter rail lines from private owners.
>
> 8b. Prior to acquiring commuter rail lines, MBTA entered into collective bargaining agreements with commuter rail unions, including the Brotherhood of Locomotive Engineers, representing commuter rail employees.
>
> 8c. The acquisition of MBTA commuter rail lines is governed by the requirements of the *Interstate Commerce Act, 49 U.S.C. ss. 10101 et seq,*. and the *Federal Transit Act, 49 U.S.C. ss. 5301 et seq.* and *Railway Labor Act, 45 U.S.C. ss. 151 et. Seq.*

8d. The acquisition of MBTA commuter rail lines is subject to approval certification by the United States Interstate Commerce Commission (later the United States Surface Transportation Board or "STB"), the United States Federal Transit Administration, the United States Secretary of Transportation and the United States Secretary of Labor.

8e. At all times relevant to this complaint, Defendant MBTA is classified as a Class I Railroad in orders of the United States Interstate Commerce Commission and the United States Surface Transportation Board.

8f. At all times relevant to this complaint, Defendant MBCR is classified as a Class I Railroad in orders of the United States Surface Transportation Board.

8g. At all times relevant to this complaint, Defendant MBTA is classified as a "carrier" in orders of the United States Interstate Commerce Commission and the United States Surface Transportation Board.

8h. At all times relevant to this complaint, Defendant MBCR is classified as a "carrier" in orders of the United States Surface Transportation Board.

8i. At all times relevant to this complaint, the Boston and Maine Railroad ("Boston and Maine" or "B&M") is defined a Class I Railroad in orders of the United States Interstate Commerce Commission and United States Surface Transportation Board.

8j. At all times relevant to this complaint, the National Railroad Passenger

Corporation ("NRPC" or "Amtrak") is defined a Class I Railroad in orders of the United States Interstate Commerce Commission and United States Surface Transportation Board.

8k. At all times relevant to this complaint, Boston and Maine Railroad is classified as a "carrier" in orders of the United States Interstate Commerce Commission and the United States Surface Transportation Board.

8l. At all times relevant to this complaint, Amtrak is classified as a "carrier" in orders of the United States Interstate Commerce Commission and United States Surface Transportation Board.

8m. At all times relevant to this complaint MBTA is defined as a carrier or person in control of other carriers, including, but not limited to, B&M, Amtrak and defendant MBCR in orders of the United States Interstate Commerce Commission and the United States Surface Transportation Board.

8n. On or about 1973, MBTA contracted with B&M to provide and operate Massachusetts commuter rail service.

8o. At all times relevant to this complaint, Plaintiff Joseph T. Carmack is an "employee" of Amtrak, MBTA and MBCR as defined in orders of the United States Surface Transportation Board governing transactions between MBTA, Amtrak and MBCR.

8p. At all times relevant to this complaint, Plaintiff Joseph T. Carmack is

4

    an "employee" of "carrier(s)" Amtrak, MBTA and MBCR as defined in the *Railway Labor Act 45 U.S.C. ss. 151 et. Seq.*, the *Interstate Commerce Act, 49 U.S.C. 11326* and *the Transit Act, 49 U.S.C. 5333(b)*.

  8q. Per orders of the United States Surface Transportation Board, the United States Federal Transit Administration, the United States Secretary of Transportation and the United States Secretary of Labor, the defendant MBCR is identified as a recipient and subrecipient of federal funds.

(2). After paragraph 15 of the 2nd Amended Complaint insert the following paragraphs:

  15a. MBTA compensates Amtrak with federal funds earmarked for Amtrak in orders of the United States Surface Transportation Board certifying transactions between MBTA and Amtrak.

  15b. MBTA compensates MBCR with federal funds earmarked for MBCR in orders of the United States Surface Transportation Board certifying transactions between MBTA and MBCR.

  15c. MBTA compensates Amtrak with federal funds earmarked for Amtrak in orders for Formula Grants issued by the United States Federal Transit Administration.

  15d. MBTA compensates MBCR with federal funds earmarked for MBCR in orders for Formula Grants issued by the United States Federal Transit Administration.

(3). After paragraph 18 of the 2nd Amended Complaint insert the following paragraphs:

18a. The BLE/BLET maintains a seniority roster ("BLE/BLET/MBTA" Seniority Roster) with MBTA pursuant to CBA between BLE/BLET and MBTA.

18b. The BLE/BLET/MBTA Seniority Roster is separate and independent from seniority rosters and CBA's between BLE/BLET and private contractors, including, but not limited to, B&M, Amtrak and MBCR.

18c. Pursuant to BLE/BLET/MBTA collective bargaining agreements and seniority rosters, when MBTA contracts with private entities to provide and operate commuter rail services, Massachusetts commuter rail passenger engineers who have worked in Massachusetts commuter rail prior to the commencement of such contracts are said to have "prior rights" with the MBTA based on previous MBTA commuter rail service.

18d. Pursuant to BLE/BLET/MBTA collective bargaining agreements and seniority rosters, when MBTA contracts with private entities to provide and operate commuter rail services, Massachusetts commuter rail passenger engineers who have worked in Massachusetts commuter rail prior to the commencement of such contracts have rights to priority placement on passenger engineer positions providing and operating commuter rail service with any contractors.

18e. Prior to on or about February 19, 2003, when MBTA entered into contract with the MBCR to provide and operate commuter rail transportation pursuant to M.G.L. 161A, the plaintiff had prior rights on commuter rail

       service and plaintiff was listed and ranked on the BLE/BLET/MBTA seniority roster.

(5). After paragraph 21 of the 2nd Amended Complaint insert the following paragraphs:

    21a. On or about May 4, 2001, plaintiff was medically disqualified by the carriers MBTA and Amtrak from plaintiff's position as Locomotive Engineer in commuter rail.

    21b. At all times relevant to this complaint and pursuant to *Collective Bargaining Agreement(s)* ("*CBA*'s") with defendants and Amtrak, a leave of absence is not required when a passenger engineer is unable to perform service due to a bona fide sickness or injury.

    21c. Beginning on or about May 4, 2001, plaintiff and plaintiff's union began filing grievances regarding circumstances of plaintiff's medical disqualification by the defendants and Amtrak.

    21d. Beginning on or about May 4, 2001, plaintiff and plaintiff's union began filing grievances regarding plaintiff's medical disqualification by the defendants and Amtrak.

    21e. When plaintiff was medically disqualified by defendants and Amtrak, plaintiff sought assistance from medical directors, human resource officers and medical practitioners employed by the defendants for treatment and diagnosis of bona fide illness exacerbated by plaintiff's medical disqualification.

    21f. At various times subsequent to medical disqualification, plaintiff

submitted to medical directors, human resource officers and medical practitioners employed by the defendants and Amtrak for medical examination of plaintiff as instructed by defendants and Amtrak.

21g. At all times relevant to this complaint, medical directors, human resource officers and medical practitioners employed by the defendants and Amtrak refused to assist or examine plaintiff regarding plaintiff's bona fide illness and medical disqualification by defendants and Amtrak.

21h. On or about September 10, 2001, defendant MBTA and Amtrak charged plaintiff with insubordination regarding plaintiff's medical disqualification by defendant MBTA and Amtrak.

21i. On or about September 10, 2001 Defendant MBTA and Amtrak ordered disciplinary investigation of plaintiff regarding plaintiff's medical disqualification by defendant MBTA and Amtrak.

21j. In investigations held against the plaintiff regarding his medical disqualification by MBTA and Amtrak, defendant MBTA and Amtrak did not permit plaintiff to examine all witnesses used against plaintiff or in support of plaintiff.

21k. After disciplinary hearing of plaintiff, MBTA and Amtrak dismissed plaintiff on or about May 13, 2002 from plaintiff's position as Locomotive Engineer in commuter rail.

21l. Plaintiff and plaintiff's union, the BLE, appealed dismissal of

plaintiff by MBTA and Amtrak to a Special Board of Adjustment ("SBA") of the National Railroad Adjustment Board ("NRAB") pursuant to terms of *CBA*'s and the *Railway Labor Act*.

21m. The Special Board of Adjustment denied appeal by plaintiff and plaintiff's union of plaintiff's dismissal by MBTA and Amtrak on grounds of an allegation that hearing officer was not able to speak to plaintiff's personal physician.

21n. Pursuant to terms of applicable *CBA*'s the decision of the SBA was not final and binding.

21o. Pursuant to terms of applicable CBA's the discipline and dismissal of Plaintiff by MBTA, Amtrak or MBCR is expunged.

Wherefore, the plaintiff respectfully requests that this Honorable Court fashion an order that will permit the plaintiff's 2nd Amended Complaint to stand as modified herein.

***************************
Plaintiff certifies that parties have
conferred and complied with Local Rule 7.2
regarding motion to amend complaint.
***********************************

Respectfully submitted,

Date: December 10, 2007

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045

## Certificate of Service

I. Joseph T. Carmack hereby certify that I have on December 10, 2007 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02103-3113

Date: December 10, 2007

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045

I. Joseph T. Carmack hereby certify that I have on December 10, 2007 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116.

Date: December 10, 2007

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave PMB 130
Boston, MA 02116-6008
Work: 617/727-2310 ext. 7045