UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK,<br>    Plaintiff, *pro se*<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and MASSACHUSETTS BAY<br>COMMUTER RAILROAD,<br>    Defendants | C.A. No. 05-11430-PBS |

**MEMORANDUM IN SUPPORT OF
MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S
OPPOSITION TO PLAINTIFF'S REVISED MOTION TO AMEND
1st AMENDED COMPLAINT**

NOW COMES the Massachusetts Bay Commuter Railroad Company ("MBCR"), a Defendant in the above-captioned matter, which opposes the Plaintiff's Revised Motion to Amend 1st Amended Complaint ("Revised Motion"). As reasons therefore, MBCR states that granting the Plaintiff's Revised Motion would result in the futile revival of claims already addressed by this court, as well as an expanded discovery process and undue prejudice against the Defendants.

**PROCEDURAL BACKGROUND**

On August 14, 2007 the magistrate judge issued a <u>Report and Recommendations on Defendants' Motions to Dismiss and Order on Plaintiff's Motion to Amend First Amended Complaint</u> (the "R&O"). The R&O concluded that the majority of the Plaintiff's claims against MBCR should be dismissed, but allowed Plaintiff the narrow leave to amend his complaint with

1

regard to the Rehabilitation Act claim. See R&O, p. 4. Significantly, the R&O only authorized the Plaintiff to amend his complaint to allege facts in an attempt to show that MBCR is a recipient of federal funds and is thereby governed by the Rehabilitation Act. *Id.* at 25, see also 29 U.S.C. §701 et seq.

Upon implementation of these recommendations, "the only claims that would remain pending against MBCR would be the federal and state civil rights claims asserted in Count I, and following Mr. Carmack's amendment, the Rehabilitation Act claim of Count X." *Id.* at 27. The magistrate's recommendations were subsequently adopted by this Court on November 26, 2007. *See* "Electronic Clerk's Notes" preceding Docket Item 64.

However, with his Revised Motion, the Plaintiff seeks to amend his complaint in a manner which exceeds the leave that was granted to him by the magistrate and (by its adoption of the R&O) this Court. Insofar as the Plaintiff seeks to amend his complaint outside of the scope of this leave, his Revised Motion should be denied.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure allow for the amendment of a complaint when justice so requires. Fed.R.Civ.P. 15. However, this right is not automatic, and a court may deny an amendment that would plead a futile claim or create an undue delay in the proceedings. *Foman v. Davis*, 371 U.S. 178, 182 (1962), see also *Barr Inc. v. Town of Falmouth*, 488 F.Supp.2d 5 (D. Mass. 2007).

## ARGUMENT

Although the Magistrate and this Court only authorized the Plaintiff to attempt to assert facts regarding his Rehabilitation Act claim against MBCR, the Plaintiff nonetheless is

2

apparently trying to re-litigate in this matter his loss in his case against Amtrak.[1]  The proposed amendments center on the Plaintiff's employment status with his previous employer, Amtrak, which is not a party to this case.  See <u>Memorandum in Support of Plaintiff Joseph T. Carmack's Revised Motion to Amend 1st Amended Complaint</u> at 9 (hereinafter "Plaintiff's Memorandum"), where the Plaintiff admits that his Motion to Amend "seeks, in part, to permit unfettered discovery of facts relevant to outstanding RLA and CBA claims against <u>Amtrak</u>."  (Emphasis added.)  But engaging in discovery of facts related to issues argued before, and dismissed by, this very Court would be a waste of time and an undue burden on the parties and, as principles of *res judicata* and issue preclusion would control, ultimately futile.

The Plaintiff notes that, "this Honorable Court has resisted plaintiff's attempts to directly apply RLA and federal employment law claims against the defendants." *Id.*  Far from merely resisting these claims, the R&O explicitly *rejected* proposed amendments to the RLA counts, holding that "*even as amended*, Mr. Carmack *cannot* state a claim against either defendant under the RLA."  R&O at 13.  (Emphasis added).  The Magistrate's recommendation to dismiss this claim was based on the fact that protections afforded under the RLA are extended only to railway employees, and the Plaintiff had alleged insufficient facts to establish that he was at any point an employee of MBCR.  R&O at 14; see also 45 U.S.C. §151a et seq.

Undeterred, the Plaintiff states in his Plaintiff's Memorandum that, "[a]lthough previous decisions on Motions to Dismiss have denied plaintiff's status as an employee of the defendants, the plaintiff's status remains an open question."  Plaintiff's Memorandum at 11.  In this vein, the Plaintiff asserts in his Second Amended Complaint, that "at all times relevant to this complaint, Plaintiff … is an 'employee' of Amtrak, MBTA and MBCR".  Plaintiff's Second Amended Complaint at ¶¶ 8n, 8o.  However, the Plaintiff cannot support such convoluted logic.

---

[1] See *Carmack v. National Railroad Passenger Corp.* [Amtrak], 486 F.Supp.2d 58 (D. Mass. 2007).

Rather than offering additional facts to show an employment relationship with MBCR, the Plaintiff instead relies on a circuitous, ostensibly statutory definition of the word "employee", drawing upon the Interstate Commerce Act and orders of the Surface Transportation Board. *Id.* at 12 et seq. The Plaintiff also draws inferences from prior failed litigation between himself and Amtrak. *Id.* at 10. As noted previously, rather than *support* Plaintiff's motion, dismissal of his claims in the Amtrak case only serve to prohibit him from re-litigating them here. In addition, Plaintiff's contentions with regard to Amtrak do nothing to change the fact that the Plaintiff has never worked for MBCR, and "work" is an element of the RLA's definition of "employee". See 45 U.S.C. §151 Fifth ("The term 'employee' as used herein includes every person in the service of a carrier … who performs any *work* defined as that of an employee." Emphasis added.). In short, the Plaintiff has offered no new information to support the claim that he was ever, at any point relevant to the events giving rise to this action, an employee of MBCR.[2]

As such, the Magistrate's findings on this question govern, and the Magistrate explicitly concluded that "Mr. Carmack was never employed by MBCR." R&O at 20. This point is further expounded in the R&O where the Magistrate makes clear that the Plaintiff's discrimination claim (Count X, brought under the Rehabilitation Act) is predicated on the fact that he was denied employment with MBCR:

> In fact, MBCR's failure to hire the plaintiff in June 2003 serves as a basis for Mr. Carmack's claims of discrimination against MBCR. Therefore, Mr. Carmack is unable to show that he was an employee of MBCR at any time relevant to his claim under the RLA. *Id.* at 15, internal citation omitted.

It is clear, then, that the Plaintiff cannot prevail on the claims he would assert in his amended complaint. Therefore, his Revised Motion should be denied on the basis of its futility.

---

[2] Nonetheless, Plaintiff makes repeated attempts to suggest, without support, that he was an employee of MBCR. See, e.g., Plaintiff's Memorandum at 13 (referring to Plaintiff's "positions of employment with Amtrak and, subsequently, MBCR"). Apparently, Plaintiff believes that if he repeats the assertion that was an MBCR employee enough, it will be taken as true notwithstanding the facts.

4

In addition, in Section D of his Memorandum the Plaintiff makes scattered assertions regarding the Interstate Commerce Act, Federal Funding, and the Rehabilitation Act. The section culminates with the Plaintiff citing the Transit Act for the proposition that when the MBTA changed management companies from Amtrak to MBCR, his Rehabilitation Act claims against Amtrak (if any) would be preserved:

> [t]o the degree that the change in [management] contractors [from Amtrak to MBCR] results in a loss of privileges pursuant to the Rehabilitation Act, any order of the Surface Transportation Board approving the change in contractors would require that rights and privileges pursuant to the Rehabilitation Act would continue.

Plaintiff's Memorandum at 18. What the Plaintiff conveniently overlooks is that the Transit Act states that the rail carrier is required to "provide a fair arrangement at least as protective of the interests of employees who are affected by the transaction . . . ." *Id.* (emphasis added). As this Court has determined, however, at the time of the transition from Amtrak to MBCR on July 1, 2003, the Plaintiff was not an employee of Amtrak, having been terminated on May 13, 2002, and having his appeal denied by the Public Law Board on January 1, 2003. *Carmack v. National Railroad Passenger Corp.*, 486 F.Supp.2d at 72-73. Consequently, it would be futile to allow these claims as well.

Finally, these amendments, if granted, would not permit the parties to meet the discovery and summary judgment deadlines imposed by the Court. See Docket Item 64: Scheduling Order. This scheduling order and discovery timeline are based on the Court's adoption of the R&O, and MBCR has relied on such timeline in its preparations. In fact, pursuant to the Plaintiff's Initial Disclosures, Plaintiff has identified *forty-one* (41) "[p]ersons who are likely to have information about disputed facts," and whom the Plaintiff may use to support his claims. See, F.R.Civ.P. 26(a)(1)(B). Similarly, Plaintiff has identified *ninety-eight* (98) documents that the Plaintiff may

5

use to support his claims. See, F.R.Civ.P. 26(a)(1)(B). Significantly, virtually all these witnesses and exhibits relate to events that occurred while Plaintiff was employed by Amtrak, and to issues that were dismissed in the Amtrak litigation. To allow the Plaintiff to amend his complaint to resuscitate claims previously dismissed is not a ministerial act, and must be considered in light of the impact it would have on the Defendants. Re-litigating claims dismissed in the Amtrak case, and the protracted and costly discovery that would entail, would needlessly create an undue burden and further delay these already-protracted proceedings.

## CONCLUSION

This Court has already afforded the Plaintiff the right to amend his complaint, and the issue in Count X of the complaint that the Magistrate identified have been addressed. Further amendment, specifically the revival of dismissed claims and the re-litigation of the Amtrak case, would unnecessarily delay the proceedings, impede discovery and result in an undue burden for MBCR. The Plaintiff has had his claims reviewed and dismissed by the Magistrate and this Court; justice does not require that those claims be reviewed yet again.

For the foregoing reasons, the Defendant Massachusetts Bay Commuter Railroad Company respectfully requests that Plaintiff's Motion to Amend be denied to the extent that it exceeds the scope of the leave granted to him.

                                        Respectfully Submitted,
                                        MASSACHUSETTS BAY COMMUTER
                                        RAILROAD COMPANY,
                                        By its attorneys,

                                        /s/ Robert K. Blaisdell
                                        Robert K. Blaisdell, BBO #568060
                                        Donoghue, Barrett & Singal, P.C.
                                        One Beacon Street, Suite 1320
                                        Boston, Massachusetts 02108
                                        (617) 598-6700

Dated: February 1, 2008

**CERTIFICATE OF SERVICE**

      I, Robert K. Blaisdell, hereby certify that I have caused copies of the foregoing document to be served upon by first class mail, postage prepaid to be served upon *pro se* Plaintiff Joseph T. Carmack, 592 Tremont Street, Boston, MA, this 1st day of February, 2008.

                                                       **/s/ Robert K. Blaisdell**
                                                       **Robert K. Blaisdell**