UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack <br>          Plaintiff, Pro Se <br><br>     v. <br><br> Massachusetts Bay Transportation Authority <br><br>     and <br><br> Massachusetts Bay Commuter Railroad Co. <br><br>         Defendants | Civil Action No. 05-11430-PBS <br><br> PLAINTIFF'S INITIAL <br> DISCLOSURES |

## Introduction

Plaintiff hereby submits partial initial disclosures pursuant to Federal Rules of Civil Procedure 26 (a)(1). Defendant MBCR[1] has not submitted an answer and MBTA's[2] answer is incomplete. In conference on or about November 6, 2007, parties had agreed to defer initial disclosures pending motions and a decision on Plaintiff's Opposition (Docket 59) to the Court's Report and Order (Docket 58). Nonetheless, the Court has entered a discovery schedule and the plaintiff is hereby states initial disclosures in order to facilitate the discovery process. Therefore, plaintiff reserves the right to augment disclosures at a later date in the event that such augmentation proves necessary.

## Plaintiff's Partial Initial Disclosures

### I. Persons who are likely to have information about disputed facts.

---

[1] Massachusetts Bay Commuter Railroad ("MBCR)
[2] Massachusetts Bay Transportation Authroity ("MBTA")

1

A. Dr. Brian Morris has performed return-to-work physicals on plaintiff. Dr. Morris has information on discrimination, RLA[3] grievances and unfair labor practice.

B. Maryann Leterrio, former Amtrak employee, has information regarding Discrimination, RLA grievances, civil rights claims and unfair labor practice.

C. Kevin Lydon, Defendant employee, has information regarding discrimination, RLA grievances, civil rights claims and unfair labor practice.

D. Dr. Martha C. Stark, personal physician of plaintiff, has information regarding discrimination, RLA grievances, civil rights claims and unfair labor practice.

E. Scan Kelley, Defendant Locomotive Engineer, has information regarding discrimination, RLA grievances, civil rights claims and unfair labor practice.

F. Dr. Ann Gurian, personal physician of plaintiff, has information regarding discrimination, RLA grievances, civil rights claims and unfair labor practice.

G. Dr. Timmie Pinsky, Amtrak Medical Director, has information regarding discrimination, RLA grievances, civil rights claims and unfair labor practice. 30th Street Station, Philadelphia, PA

H. Dr. Russell Vasile, Amtrak contract physician, has information regarding Discrimination, RLA grievances, civil rights claims and unfair labor practice. 25 Bay State Road, Suite 1, Boston, MA 02115.

I. Defendant mechanical department employee, Rafferty, has information regarding discrimination. Address unknown.

J. Damon Allen, defendant Locomotive Engineer, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

K. Wayne Gagne, defendant Locomotive Engineer, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

L. Al Smith, Sr., defendant Locomotive Engineer, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims

M. Al Smith, Jr., defendant Conductor, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims

N. David I. Walsh, Jr. Amtrak employee, has information regarding discrimination, unfair labor practice and civil rights claims.

O. Michael J. O'Bryan, defendant Locomotive Engineer, has information regarding

---

[3] Railway Labor Act ("RLA"), *45 U.S.C. s. 151 et. Seq*

discrimination, unfair labor practice, RLA grievances and civil rights claims. 23 Stevens Road, Westborough, MA 01581-1429.

P. Walter H. Nutter, defendant Locomotive Engineer, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims. 83 Main Street, Northfield, MA 01360-1015.

Q. Jacqueline Boyle, defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

R. Susan LeTourneau, defendant Locomotive Engineer, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

S. Gerard L. DeModena, defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

T. Jackie Boumel, defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

U. Michael J. O'Malley, defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

V. Mark Kenny, BLET union representative, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims. 1985 Highway 34, Suite A7A-1, Mailbox 11 Wall, NJ 07719.

W. George Newman, defendant Locomotive Engineer, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims. 257 Hersey Street, Hingham, MA 02043-2729. Phone: 781/749-4992

X. Dan Lauzon, defendant Locomotive Engineer, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims. 7 Highland Road, Rockport, MA 01966-1231. Phone: 978/546-7208.

Y. Pat Dogerty, Amtrak employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims. 30th Street Station, Philadelphia, PA

Z. Captain Robert Smith, Amtrak Police Captain, has information regarding discrimination, unfair labor practice RLA grievances and civil rights claims.

aa. Deborah Gaines, Amtrak contract hearing officer, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims. Address unknown.

bb. Delvine Okereke, Amtrak EEOC compliance officer, has information regarding

discrimination and unfair labor practice.

cc.  Suzanne Alan, Amtrak Human Resources officer, has information regarding discrimination, unfair labor practice and civil rights claims.

dd.  William Rae, Defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

ee.  Dan Leavitt, Defendant employee, has information regarding discrimination, unfair labor practice and civil rights claims.

ff.  John Santamaria, defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

gg.  Larry Rciczak, Amtrak Labor Relations officer, has information regarding discrimination, unfair labor practice and civil rights claims.

hh.  Richard Prone, Amtrak employee and BLET officer, has information regarding discrimination, unfair labor practice and civil rights claims.

ii.  William Marsden, defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

jj.  Richard Currier (Rick Currier), defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

kk.  Dennis Coffey, defendant employee, defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

ll.  Christa Cupernall (Christa Phillips), defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

mm.  Officer Pavia,  MBTA police officer, defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

nn.  Francis O'Connor, defendant employee, has information regarding discrimination, unfair labor practice, RLA grievances and civil rights claims.

oo.  John Hume, Amtrak payroll clerk, has information regarding discrimination and unfair labor practice.

**II. Documents and Tangible Things in plaintiff's possession at 592 Tremont St.**

**Boston,MA**

With the exception of confidential documents filed under seal, Plaintiff states that

Documents and Tangible Things have been submitted to Defendants on January 17, 2006

as exhibits for memorandum in support of opposition to motions to dismiss (Docket 30)

and statement of material facts (Docket 31[4], see attached, Exhibit A). Exhibits are

Dockets 32, 34 and 35. Sealed exhibits will be submitted when parties have created and

signed a confidentiality agreement.

### III. Computation of Damages

    a. Estimated lost wages 2001: $31,599.00 (1999 W-2 form).

    b. Estimated lost wages 2002: $63,118.00 (1999 W-2 form).

    c. Estimated Lost wages 2003: $84,309.77 (MBCR/BLET[5] agreement).

    d. Estimated Lost wages 2004: $87,661.87 (MBCR/BLET[6] agreement).

    e. Estimated Lost wages 2005: $90,000.00.

    f. Estimated Lost wages 2006: $90,000.00.

    g. Estimated Lost wages 2007: $90,000.00

    h. Estimated Lost wages 2008: $90,000.00

    i. Value of lost medical insurance is unknown.

    j. Medical treatment of impairment for period of 10 years: $25,000.00

    k. Pain and suffering: $700,000.00

    l. Lost value of Railroad Retirement pension is unknown.

---

[4] See also case 03-12488-PBS Plaintiff's Opposition to Motion for Summary Judgment, Statement of Material facts and exhibits, dockets 112,113, 114, 128 and 129 for case 03-12488-PBS. All materials were submitted to the Defendants MBTA and MBCR on January 17, 2006 (see attached Exhibit B).
[5] Collective Bargaining Agreement and Implementing Agreements between Massachusetts Bay Commuter Railroad ("MBCR") and the Brotherhood of Locomotive Engineers and Trainmen ("BLET").
[6] Collective Bargaining Agreement and Implementing Agreements between Massachusetts Bay Commuter Railroad ("MBCR") and the Brotherhood of Locomotive Engineers and Trainmen ("BLET").

**Respectfully submitted,**

Date: January 29, 2007

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave PMB 130
Boston, MA  02116-6008
Work:  617/727-2310 ext. 7045

**Certificate of Service**

I, Joseph T. Carmack hereby certify that I have on January 29, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA  02108-3113

Date:  January 29, 2008

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave PMB 130
Boston, MA  02116-6008
Work:  617/727-2310 ext. 7045

I, Joseph T. Carmack hereby certify that I have on January 29, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116.

Date:  January 29, 2008

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave PMB 130
Boston, MA  02116-6008
Work:  617/727-2310 ext. 7045

Exhibit A

_. .. MASS._

## UNITED STATES DISTRICT COURT

### FOR THE

2006 JAN 17 P 5: 35

### DISTRICT OF MASSACHUSETTS

Joseph T. Carmack                           )
                                            )
                    Plaintiff, Pro Se   )
                                            )  Civil Action No. 05-11430 PBS
          v.                                )
                                            )
Massachusetts Bay Transportation           )
                                            )
Authority                                   )
                                            )
          and                               )
                                            )
Massachusetts Bay Commuter Railroad  )
                                            )
Company                                     )
                                            )
                    Defendants          )
_____)

## LIST OF EXHIBITS TO PLAINTIFF'S OPPOSITION TO DEFENDANT MASSACHUSETTS BAY COMMUTTER RAILROAD COMPANY'S MOTION TO DISMISS

### LETTERED EXHIBITS

A.  Letter from O'Malley to Carmack dated August 20, 2002
B.  Letter from Carmack to O'Malley dated August 31, 2002
C.  MBCR conditional offer of employment to Plaintiff.
D.  Letter from Carmack to Kevin Lydon, MBCR General Manager, dated June 28, 2003, including "Grievance and Demand for Relief", "Proposal" and "Memorandum of Legal Reference".
E.  Open letter to Union Members in BLE-57 with leaflet on reverse side.
F.  MBTA police report.
G.  Affidavit dated July 12, 2003.
H.  BLE Constitution, selected pages.
I.  Letter from Carmack to O'Bryan dated March 30, 2003
J.  Letter fromDePhillips to O'Bryan concerning ongoing claims.



K.  Letter from Kenny to Carmack dated May 6, 2003
L.  Letter from Carmack to Kenny dated June 25, 2003
M.  Letter from Kenny to Carmack dated July 18, 2003
N.  Letter from Carmack to Kenny dated July 22, 2003.
O.  Letter from Carmack to Harold Ross July 22, 2003
P.  Declaration of Plaintiff Carmack dated December 5, 2005.
Q.  BLE/MBCR Collective Bargaining Agreement
R.  Plaintiff's Engineer Certification

## NUMBERED EXHIBITS

Exhibit 1.   Amtrak Engineers' Roster 2001 with cover letter dated 11/30/2001.

Exhibit 2.   Boston Globe Review of <u>Godzilla 2000.</u> August 18, 2000.

Exhibit 3   Selected Pages of Calendar Log of Gerrard L. DeModena

Exhibit 4   Amtrak Medical Guidelines

Exhibit 5   Selected Documents from files of William Rae produced to
            to Plaintiff May 17, 2005.

Exhibit 6   Memo from Mr. William Rae to Dr. Timmie Pinsky dated
            4/15/2002.

Exhibit 7   "(Draft)" of letter signed "Very truly yours, MJO'M from "Christa"
            to "Jerry" which was sent electronically from Labor Relations at
            138 PM on April 21, 2001 and forwarded from "Old Colony
            Training" at 206 AM on April 22, 2001.

Exhibit 8   Exhibit 7 with editing. Exhibits 7 and 8 are from Rae's file with
            copy of letter from Carmack to O'Malley dated March 27, 2001.
            The documents were arranged in reverse chronological order with
            Exhibit 9.

Exhibit 9   Plaintiff's grievance letters to M. J. O'Malley of 2001 dated 9/4/00,
            7/19/00, 5/22/00 and 4/25/00. in reference to O'Malley's
            application of the Amtrak attendance policy.

Exhibit 10  EEOC Internal Complaint with cover letter. "Copy to W. C. Rae"
            with extensive handwritten comments in the margins.

Exhibit 11  Mr. Rae's copy of PERS-19: Defendant's Drug and Alcohol
            Policy.

Exhibit 12  Draft letter prepared by Labor Relations for Mr. O'Malley
            to respond to Plaintiff's letters dated July 19.

Exhibit 13  Memo from Mr. Rae to Dr. Pinsky dated March 18, 2002.

Exhibit 14  Copy of Award SBA-928 Award No. 382 from Defendant files.

Exhibit 15  Note to G.L. DeModena from Plaintiff and Plaintiff's response
            dated "19FEB98".

Exhibit 16  Fax cover page from G.L. DeModena to Marianne Letterio[sic]
            15MAY01.

Exhibit 17  Letter from Plaintiff to O'Malley dated August 31, 2002 from
            Defendant file with termination "Personnel Action Request"
            attached.

| | |
|---|---|
| Exhibit 18 | E-Mail of G.L. DeModena to M. J. O'Malley dated 8/16/2002. |
| Exhibit 19 | E-Mail of G.L. DeModena to M. J. O'Malley dated 8/21/2002 |
| Exhibit 20 | E-Mail of G.L. DeModena to Police Captain R. Smith dated 8/23/2002. |
| Exhibit 21 | Letter from Cheri Thompson to M. J. O'Malley dated 8/21/2002. |
| Exhibit 22 | Memorandum from W.C. Rae to M.J. O'Bryan dated 4/1/2002 |
| Exhibit 23 | Amtrak Personnel Action Request dated 6/29/2001. |
| Exhibit 24 | Grievance letter from Plaintiff to O'Malley dated 1/9/2001 with "Fax Message" cover from O'Malley to DeModena. dated 1/23/2001. |
| Exhibit 25 | Letter of warning from O'Malley to Plaintiff dated 10/24/2000. |
| Exhibit 26 | Mr. DePhillips refusal to appear for investigation and the BLE's response. 4/8/2002. |
| Exhibit 27 | Amtrak Medical Protocols and Procedures. "General Requirements for Examinations". |
| Exhibit 28 | Job Description for Health Services Manager. |
| Exhibit 29 | "Medical Records and Confidentiality" from Amtrak Policies and Procedures Manual. |
| Exhibit 30 | Instructions for "Maintenance and Disclosure of Employee Personnel and Medical Information" |
| Exhibit 31 | Amtrak Policies and Procedures Manual: ("APPM") "Medical Information Request Procedure, 3.21.00, Amtrak" |
| Exhibit 32 | Sample notification to supervisor of regarding "lack of response to requested medical information". |
| Exhibit 33 | Amtrak medical records privacy policy. |
| Exhibit 34 | APPM, "Records Management" ADMIN-3 and "Records Retention and Destruction", AMIN-3.1 |
| Exhibit 35 | APPM, Role of the Employee Counseling Service, Employee Employee Assistance Program. |
| Exhibit 36 | APPM, Amtrak Medical Directives, 1. Confidentiality and 3. ADA. |
| Exhibit 37 | APPM, Human Resources Memorandum RE ADA/FMLA Policies. |
| Exhibit 38 | APPM, periodic medical exam Process. |
| Exhibit 39 | APPM. Medical Procedures. Disqualification. |
| Exhibit 40 | APPM. Medical Procedures. Medical Standards/Guidelines |
| Exhibit 41 | APPM Exercise and Physical Fitness/Medical Fitness |
| Exhibit 42 | APPM PERS-39, Employee Assistance Program |
| Exhibit 43 | Reasonable Accommodation for Persons with Disabilities. |
| Exhibit 44 | Electronic Mail from Amtrak Police Files on Plaintiff. |
| Exhibit 45 | Job Description for Locomotive Engineer |
| Exhibit 46 | Job Description for Train Dispatcher. |
| Exhibit 47 | Letter from Plaintiff to F. J. O'Connor dated 1/24/2000. |
| Exhibit 48 | Reading list from English 211, including comments about Milton's Paradise Lost and the 'nobility' of Satan from Lloyd Schwarz. |

| | |
|---|---|
| Exhibit 49 | Imaginary Celestial Memos |
| Exhibit 50 | Note from Road Foreman Mark Neverett and Envelope. |
| Exhibit 51 | Dr. Pinsky's notes on conversation with O'Bryan of 5/7/2001 written on Fax cover page. |
| Exhibit 52 | Selected NORAC operating rules. |
| Exhibit 53 | Pages 1, 5, and 6 from MCAD appeal letter dated August 20, 2002. |
| Exhibit 54 | Memorandum from Marianne Lettario dated 1/23/2001. With various Health Resources Periodic Physical Reports from 1996 to 2001. |
| Exhibit 55 | Selected Air Brake Rules from Depositions of M. J. O'Bryan. |
| Exhibit 56 | Printout of Search Page on Amazon.com including <u>Power Plays</u> by John O. Whitney, et al. |
| Exhibit 57 | Transcript of conversation between Plaintiff and Mr. DeModena 5/15/2000. |
| Exhibit 58 | Amtrak Attendance Policy |
| Exhibit 59 | Pages from AMSCAM |
| Exhibit 60 | Dr. Gurion's Third Party Communications. |
| Exhibit 61 | BLE Submission to SBA No. 928. |
| Exhibit 62 | 1985 Correspondence between Plaintiff, Amtrak and Doctor |
| Exhibit 63 | "Attendance Policy" correspondence and grievances. |
| Exhibit 64 | Selected Pages from DSM-IV |
| Exhibit 65 | Plaintiff's Engineer Certifications |
| Exhibit 66 | Plaintiff's Engineer Evaluations |
| Exhibit 67 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC"), "INSTRUCTIONS FOR FIELD OFFICES: ANALYZING ADA CHARGES AFTER SUPREME COURT DECISIONS ADDRESSING 'DISABILITY' AND 'QUALIFIED'", |
| Exhibit 68 | Docotor's Records |
| Exhibit 69 | <u>Power Plays</u> by John O' Whitney, et al. selected pages |
| Exhibit 70 | Page from Defendant Drug and Alcohol policy showing 'criteria' for fitness-for-duty. |
| Exhibit 71 | Notes from Phone Conversation with M. Letterio on 6/15/2001. |
| Exhibit 72 | Defendant's Reply to Plaintiff's appeal of MCAD dismissal. |
| Exhibit 73 | Leterrio Memo of 5/3/2001 to Pinsky with Pinsky's written directive. |
| Exhibit 74 | Defendant's Answers to Interrogatories. |
| Exhibit 75 | Poster for <u>Rosencranz and Guildenstern are Dead!</u> performances June and July 2001. |
| Exhibit 76 | Selected pages from script of the play <u>Rosencranz and Guildenstern are Dead!</u> by Tom Stoppard. |
| Exhibit 77 | Plaintiff's Appeal of MCAD dismissal dated August 20, 2002. |
| Exhibit 78 | Copy of Page from Plaintiff's letter dated April 4, 2001 from Defendant's medical department file. |
| Exhibit 79 | Copies of covers of <u>The Economist</u> magazine showing Plaintiff's address with Institution of Devastation Awareness as a "business". |

January 17, 2006

Joseph T. Carmack, Plaintiff Pro Se
398 Columbus Ave. PMB 130
Boston, MA  02116-6008
Work:  617/727-2310 ext. 7045
Home:  617/536-0772
Page w/Voice Mail 617/798-6466

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on January 17, 2006 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for the Massachusetts Bay Commuter Railroad Co. at One Beacon Street, Suite 1320 Boston, Massachusetts 02108-3113

I, Joseph T. Carmack, hereby certify that I have on January 17, 2006 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti,  Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116.

DATED:  January 17, 2006

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA  02116-6008
Work: 617/727-2310 ext. 7045 Home: 617/536-0772 Pager w/voice mail: 617/798-6466

**Exhibit B**

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

2006 JAN 17 P 5: 38

| | | |
|---|---|---|
| Joseph T. Carmack | ) | Civil Action No. 03-12488-PBS |
| | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The National Railroad Passenger | ) | |
| Corporation | ) | |
| | ) | |
| Defendant | ) | |

### LIST OF EXHIBITS TO PLAINTIFF'S OPPOSITION TO DEFENDANT
### NATIONAL RAILROAD PASSENGER CORPORATION'S
### MOTION FOR SUMMARY JUDGMENT

Exhibit 1.    Amtrak Engineers' Roster 2001 with cover letter dated 11/30/2001.

Exhibit 2.    Boston Globe Review of Godzilla 2000, August 18, 2000.

Exhibit 3     Selected Pages of Calendar Log of Gerrard L. DeModena

Exhibit 4     Amtrak Medical Guidelines

Exhibit 5     Selected Documents from files of William Rae produced to
              to Plaintiff May 17, 2005.

Exhibit 6     Memo from Mr. William Rae to Dr. Timmie Pinsky dated
              4/15/2002.

Exhibit 7     "(Draft)" of letter signed "Very truly yours, MJO'M from "Christa"
              to "Jerry" which was sent electronically from Labor Relations at
              138 PM on April 21, 2001 and forwarded from "Old Colony
              Training" at 206 AM on April 22, 2001.

Exhibit 8     Exhibit 7 with editing. Exhibits 7 and 8 are from Rae's file with
              copy of letter from Carmack to O'Malley dated March 27, 2001.
              The documents were arranged in reverse chronological order with
              Exhibit 9.

Exhibit 9     Plaintiff's grievance letters to M. J. O'Malley of 2001 dated 9/4/00,
              7/19/00, 5/22/00 and 4/25/00. in reference to O'Malley's
              application of the Amtrak attendance policy.

Exhibit 10    EEOC Internal Complaint with cover letter. "Copy to W. C. Rae"
              with extensive handwritten comments in the margins.

Exhibit 11    Mr. Rae's copy of PERS-19: Defendant's Drug and Alcohol
              Policy.

1

| Exhibit 12 | Draft letter prepared by Labor Relations for Mr. O'Malley to respond to Plaintiff's letters dated July 19. |
| Exhibit 13 | Memo from Mr. Rae to Dr. Pinsky dated March 18, 2002. |
| Exhibit 14 | Copy of Award SBA-928 Award No. 382 from Defendant files. |
| Exhibit 15 | Note to G.L. DeModena from Plaintiff and Plaintiff's response dated "19FEB98". |
| Exhibit 16 | Fax cover page from G.L. DeModena to Marianne Letterio[sic] 15MAY01. |
| Exhibit 17 | Letter from Plaintiff to O'Malley dated August 31, 2002 from Defendant file with termination "Personnel Action Request" attached. |
| Exhibit 18 | E-Mail of G.L. DeModena to M. J. O'Malley dated 8/16/2002. |
| Exhibit 19 | E-Mail of G.L. DeModena to M. J. O'Malley dated 8/21/2002 |
| Exhibit 20 | E-Mail of G.L. DeModena to Police Captain R. Smith dated 8/23/2002. |
| Exhibit 21 | Letter from Cheri Thompson to M. J. O'Malley dated 8/21/2002. |
| Exhibit 22 | Memorandum from W.C. Rae to M.J. O'Bryan dated 4/1/2002 |
| Exhibit 23 | Amtrak Personnel Action Request dated 6/29/2001. |
| Exhibit 24 | Grievance letter from Plaintiff to O'Malley dated 1/9/2001 with "Fax Message" cover from O'Malley to DeModena. dated 1/23/2001. |
| Exhibit 25 | Letter of warning from O'Malley to Plaintiff dated 10/24/2000. |
| Exhibit 26 | Mr. DePhillips refusal to appear for investigation and the BLE's response. 4/8/2002. |
| Exhibit 27 | Amtrak Medical Protocols and Procedures. "General Requirements for Examinations". |
| Exhibit 28 | Job Description for Health Services Manager. |
| Exhibit 29 | "Medical Records and Confidentiality" from Amtrak Policies and Procedures Manual. |
| Exhibit 30 | Instructions for "Maintenance and Disclosure of Employee Personnel and Medical Information" |
| Exhibit 31 | Amtrak Policies and Procedures Manual: ("APPM") "Medical Information Request Procedure, 3.21.00, Amtrak" |
| Exhibit 32 | Sample notification to supervisor of regarding "lack of response to requested medical information". |
| Exhibit 33 | Amtrak medical records privacy policy. |
| Exhibit 34 | APPM, "Records Management" ADMIN-3 and "Records Retention and Destruction", AMIN-3.1 |
| Exhibit 35 | APPM, Role of the Employee Counseling Service, Employee Employee Assistance Program. |
| Exhibit 36 | APPM, Amtrak Medical Directives, 1. Confidentiality and 3. ADA. |
| Exhibit 37 | APPM. Human Resources Memorandum RE ADA/FMLA Policies. |
| Exhibit 38 | APPM, periodic medical exam Process. |

Exhibit 39    APPM. Medical Procedures. Disqualification.
Exhibit 40    APPM. Medical Procedures. Medical Standards/Guidelines
Exhibit 41    APPM Exercise and Physical Fitness/Medical Fitness
Exhibit 42    APPM PERS-39, Employee Assistance Program
Exhibit 43    Reasonable Accommodation for Persons with Disabilities.
Exhibit 44    Electronic Mail from Amtrak Police Files on Plaintiff.
Exhibit 45    Job Description for Locomotive Engineer
Exhibit 46    Job Description for Train Dispatcher.
Exhibit 47    Letter from Plaintiff to F. J. O'Connor dated 1/24/2000.
Exhibit 48    Reading list from English 211, including comments about Milton's
              Paradise Lost and the 'nobility' of Satan from Lloyd Schwarz.
Exhibit 49    Imaginary Celestial Memos
Exhibit 50    Note from Road Foreman Mark Neverett and Envelope.
Exhibit 51    Dr. Pinsky's notes on conversation with O'Bryan of 5/7/2001
              written on Fax cover page.
Exhibit 52    Selected NORAC operating rules.
Exhibit 53    Pages 1, 5, and 6 from MCAD appeal letter dated August 20, 2002.
Exhibit 54    Memorandum from Marianne Lettario dated 1/23/2001. With
              various Health Resources Periodic Physical Reports from 1996 to
              2001.
Exhibit 55    Selected Air Brake Rules from Depositions of M. J. O'Bryan.
Exhibit 56    Printout of Search Page on Amazon.com including Power Plays
              by John O. Whitney, et al.
Exhibit 57    Transcript of conversation between Plaintiff and Mr. DeModena
              5/15/2000.
Exhibit 58    Amtrak Attendance Policy
Exhibit 59    Pages from AMSCAM
Exhibit 60    Dr. Gurion's Third Party Communications.
Exhibit 61    BLE Submission to SBA No. 928.
Exhibit 62    1985 Correspondence between Plaintiff, Amtrak and Doctor
Exhibit 63    "Attendance Policy" correspondence and grievances.
Exhibit 64    Selected Pages from DSM-IV
Exhibit 65    Plaintiff's Engineer Certifications
Exhibit 66    Plaintiff's Engineer Evaluations
Exhibit 67    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
              ("EEOC"), "INSTRUCTIONS FOR FIELD OFFICES:
              ANALYZING ADA CHARGES AFTER SUPREME COURT
              DECISIONS ADDRESSING 'DISABILITY' AND 'QUALIFIED'",
Exhibit 68    Docotor's Records
Exhibit 69    Power Plays by John O' Whitney, et al. selected pages
Exhibit 70    Page from Defendant Drug and Alcohol policy showing 'criteria'
              for fitness-for-duty.
Exhibit 71    Notes from Phone Conversation with M. Letterio on 6/15/2001.
Exhibit 72    Defendant's Reply to Plaintiff's appeal of MCAD dismissal.
Exhibit 73    Leterrio Memo of 5/3/2001 to Pinsky with Pinsky's written

3

|                |                                                                                                            |
|----------------|------------------------------------------------------------------------------------------------------------|
|                | directive.                                                                                                 |
| Exhibit 74     | Defendant's Answers to Interrogatories.                                                                     |
| Exhibit 75     | Poster for Rosencranz and Guildenstern are Dead! performances June and July 2001.                          |
| Exhibit 76     | Selected pages from script of the play Rosencranz and Guildenstern are Dead! by Tom Stoppard.              |
| Exhibit 77     | Plaintiff's Appeal of MCAD dismissal dated August 20, 2002.                                                |
| Exhibit 78     | Copy of Page from Plaintiff's letter dated April 4, 2001 from Defendant's medical department file.         |
| Exhibit 79     | Copies of covers of The Economist magazine showing Plaintiff's address with Institution of Devastation Awareness as a "business". |

## LETTERED EXHIBITS

A. Letter from O'Malley to Carmack dated August 20, 2002
B. Letter from Carmack to O'Malley dated August 31, 2002
C. MBCR conditional offer of employment to Plaintiff.
D. Letter from Carmack to Kevin Lydon, MBCR General Manager, dated June 28, 2003, including "Grievance and Demand for Relief", "Proposal" and "Memorandum of Legal Reference".
E. Open letter to Union Members in BLE-57 with leaflet on reverse side.
F. MBTA police report No. MA013250.
G. Affidavit dated July 12, 2003.
H. BLE Constitution, selected pages.
I. Letter from Carmack to O'Bryan dated March 30, 2003
J. Letter from DePhillips to O'Bryan concerning ongoing claims.
K. Letter from Kenny to Carmack dated May 6, 2003
L. Letter from Carmack to Kenny dated June 25, 2003
M. Letter from Kenny to Carmack dated July 18, 2003
N. Letter from Carmack to Kenny dated July 22, 2003.
O. Letter from Carmack to Harold Ross July 22, 2003
P. Declaration of Plaintiff Carmack dated December 5, 2005.
Q. BLE/MBCR Collective Bargaining Agreement
R. Plaintiff's Engineer Certification

### Respectfully submitted,


January 17, 2006                              _____
                                             Joseph T. Carmack, Plaintiff Pro Se
                                             398 Columbus Ave. PMB 130
                                             Boston, MA  02116-6008
                                             Work:  617/727-2310 ext. 7045
                                             Home:  617/536-0772
                                             Page w/Voice Mail 617/798-6466

## Certificate of Service

I, Joseph T. Carmack, hereby certify that I have on January 17, 2006 served a true
copy of the foregoing document by First Class U.S. Mail to Stephen A Hughes, Attorney
for the Defendant, National Railroad Passenger Corporations at One Liberty Square - 6th
Floor, Boston, MA 02109.

DATED:  January 17, 2006

Joseph T. Carmack
Plaintiff, Pro Se
398 Columbus Ave, PMB 130
Boston, MA 02116-6008
Work:  617/727-2310 ext. 7045
Home:  617/536-0772
Pager w/voice mail: 617/798-6466

5