UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOSEPH T. CARMACK,<br>    Plaintiff, *pro se* | )<br>)<br>)<br>) |  |
| v. | )<br>) | C.A. No. 05-11430-PBS |
| MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and MASSACHUSETTS BAY<br>COMMUTER RAILROAD COMPANY,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) |  |

**DEFENDANT MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL**

    NOW COMES the Massachusetts Bay Commuter Railroad Company ("MBCR"), a defendant in the above captioned matter, and responds to the allegations set forth in the Plaintiff's Second Amended Complaint.

## **I.  PARTIES**

1. MBCR admits so much of Paragraph 1 as alleges that the Plaintiff is a natural person. Further answering, MBCR is without sufficient knowledge or information to form a belief as to the truth of the remaining averments therein.

2. MBCR is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.

3. Paragraph 3 does not relate to MBCR. Paragraph 3 also contains conclusions of law to which no response is required. To the extent a response is required, MBCR states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. MBCR admits so much of Paragraph 4 as alleges that it is a for-profit corporation, has its principal offices located at 89 South Street, Boston, Suffolk County, Massachusetts 02110, and that it has a contract with the Massachusetts Bay Transportation Authority ("MBTA"). Further answering, MBCR says that such contract speaks for itself. Otherwise, denied.

## II.  [ALLEGED] JURISDICTION AND VENUE

5. MBCR states that Paragraph 5 contains conclusions of law to which no response is required.  To the extent that the paragraph purports to allege facts, such allegations are denied.

6. MBCR admits so much of Paragraph 6 as alleges that a substantial part of the events giving rise to Plaintiff's complaint occurred within the jurisdiction of the United States District Court for the District of Massachusetts.  The remainder of Paragraph 5 contains conclusions of law to which no response is required.  To the extent that the paragraph purports to allege facts, such allegations are denied.

7. MBCR states that Paragraph 7 contains conclusions of law to which no response is required.  To the extent that the paragraph purports to allege facts, such allegations are denied.

8. Paragraph 8 consists of legal arguments to which no response is required.  To the extent that the paragraph purports to allege facts, such allegations are denied.

## III.  [ALLEGED] FACTS

9. MBCR states that Paragraph 9 contains conclusions of law to which no response is required.  To the extent that the paragraph purports to allege facts, such allegations are denied.  Further answering, MBCR states that it is not a recipient of federal funds.

10. MBCR states that Paragraph 10 contains conclusions of law to which no response is required.  To the extent that the paragraph purports to allege facts, such allegations are denied.

11. MBCR is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11.  To the extent that the "MBTA contracted with the National Railroad Passenger Corporation ("Amtrak")", such contract speaks for itself.  The remainder of the paragraph contains conclusions of law to which no response is required.  Otherwise, denied.

12. MBCR is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 12.

13. MBCR states that Paragraph 13 contains conclusions of law to which no response is required.  To the extent that the paragraph purports to allege facts, such allegations are denied.

14. MBCR states that Paragraph 14 contains conclusions of law to which no response is required.  Further answering, MBCR states that any "instructions from the United States Department of Labor" speak for themselves.  MBCR is without sufficient

knowledge or information to form a belief as to the truth of the averments in Paragraph 14.

15. MBCR admits that it has a contract with the MBTA, and that otherwise the contract speaks for itself. The remainder of the paragraph contains conclusions of law to which no response is required. Otherwise, denied.

16. MBCR admits that it entered into contracts other than the contract referred to in Paragraph 15 of the Plaintiff's Complaint. MBCR further states that the contracts speak for themselves. Otherwise, denied.

17. To the extent Paragraph 17 contains allegations regarding the conduct of Amtrak, MBCR is without sufficient knowledge or information to form a belief as to the truth thereof. MBCR is unable to respond to the remainder of the allegations in the paragraph as the phrase "operate trains" is vague. Otherwise, denied.

18. MBCR admits so much of Paragraph 18 as states that the Brotherhood of Locomotive Engineers and Trainmen ("BLET") represents engineers operating commuter trains within the Commonwealth of Massachusetts. Otherwise, MBCR is without sufficient knowledge or information to form a belief as to the truth of the averments therein.

19. To the extent that Paragraph 19 contains allegations regarding the conduct of Amtrak, MBCR is without sufficient knowledge or information to form a belief as to the truth thereof. MBCR admits that it is a party to a collective bargaining agreement with the BLET. Otherwise, denied.

20. The document speaks for itself. Otherwise, denied.

21. MBCR states that Paragraph 21 contains conclusions of law to which no response is required. To the extent that the paragraph purports to allege facts, MBCR admits so much of Paragraph 21 as states that that it entered into agreements with the MBTA and with the BLE. Otherwise, denied.

22. The document speaks for itself. Otherwise, denied.

23. The document speaks for itself. Otherwise, denied.

24. The document speaks for itself. Otherwise, denied.

25. To the extent that Paragraph 25 contains allegations regarding the conduct of Amtrak, MBCR is without sufficient knowledge or information to form a belief as to the truth thereof. To the extent that the paragraph purports to allege facts regarding the conduct of MBCR, such allegations are denied.

26. MBCR is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 26.

27. MBCR states that it inadvertently and mistakenly sent a form letter to the Plaintiff. Such letter speaks for itself. Further answering, MBCR states that Plaintiff did not qualify to apply to MBCR for employment because he was not employed by Amtrak at the time. Otherwise, denied.

28. MBCR states that the Plaintiff did submit documentation to MBCR, but that such documentation speaks for itself. Further answering, MBCR states that Plaintiff did not qualify to apply to MBCR for employment because he was not employed by Amtrak at the time. Otherwise, denied.

29. MBCR admits that it offered employment to engineers, and that it did not offer Plaintiff employment because Plaintiff did not qualify to apply to MBCR for employment because he was not employed by Amtrak at the time. Otherwise, denied.

30. The documents referred to in Paragraph 30 speak for themselves. Otherwise, denied.

31. The documents referred to in Paragraph 31 speak for themselves. Further answering, Paragraph 31 contains conclusions of law to which no response is required. To the extent that the paragraph purports to allege facts, such allegations are denied.

32. MBCR is unsure to what document the Plaintiff refers in Paragraph 32. To the extent any such document exists, such document would speak for itself. Further answering, Paragraph 32 contains conclusions of law to which no response is required. To the extent that the paragraph purports to allege facts, such allegations are denied.

33. MBCR is unsure to what document the Plaintiff refers in Paragraph 33. To the extent any such document exists, such document would speak for itself. Further answering, Paragraph 33 contains conclusions of law to which no response is required. To the extent that the paragraph purports to allege facts, such allegations are denied.

**COUNT ONE: [ALLEGED] VIOLATION OF FREE SPEECH, U.S. CONSTITUTION AMENDMENT I, VIOLATION OF CIVIL RIGHTS, U.S. CONSTITUTION AMENDMENT 14. U.S.C. §1983. UNFAIR LABOR PRACTICE 45 U.S.C. §151 et seq. INTERFERENCE WITH RIGHTS AND VIOLATIONS OF MASSACHUSETTS CIVIL ACT M.G.L. ch. 12 §111.**

34. MBCR repeats and reincorporates its responses to the allegations in Paragraphs 1 through 33 of the Complaint, as if fully set forth herein.

35. MBCR admits so much of Paragraph 35 as alleges that the Plaintiff was at North Station in Boston on July 1, 2003. MBCR is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein. Otherwise, denied.

36. MBCR admits so much of Paragraph 36 as alleges that the Plaintiff was in possession of written materials while at North Station on July 1, 2003.  Such documents speak for themselves.  MBCR is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein.  Otherwise, denied.

37. MBCR admits so much of Paragraph 37 as alleges that Jacqueline Boumel contacted the MBTA police with regard to the Plaintiff after the Plaintiff arrived at North Station.  MBCR is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein.  Otherwise, denied.

38. The allegations in Paragraph 38 do not pertain to MBCR.  MBCR is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 38. Otherwise, denied.

39. The allegations in Paragraph 39 do not pertain to MBCR.  MBCR is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 39. Otherwise, denied.

40. The allegations in Paragraph 40 do not pertain to MBCR.  MBCR is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 40.  Otherwise, denied.

41. (Paragraph 41 was not included in the Complaint).

42. MBCR states that Paragraph 42 contains conclusions of law to which no response is required.  To the extent that the paragraph purports to allege facts, such allegations are denied.

### [ALLEGED] SUCCESSOR AND JOINT LIABILITY CLAIMS FOR ACTIONS OF PREVIOUS EMPLOYER OF PLAINTIFF, NATIONAL RAILROAD PASSENGER CORPORATION.

### COUNTS TWO THROUGH NINE

43. – 
148. Pursuant to the Magistrate Judge's Report and Recommendation dated 8/14/07, as adopted by the Court by Electronic ORDER entered 11/27/07, Counts Two through Nine have been dismissed as to MBCR.  Therefore, no response is required to the allegations contained in Paragraphs 43 through 148.

### COUNT TEN: [ALLEGED] DISCRIMINATION GENERALLY: 42 U.S.C. § 12112

149. MBCR repeats and reincorporates its responses to the allegations in Paragraphs 1-148 of the Complaint, as if fully set forth herein.

150. The allegations in Paragraph 150 do not pertain to MBCR. MBCR is without sufficient knowledge or information to form a belief as to the truth thereof. Otherwise, denied.

151. The allegations in Paragraph 151 do not pertain to MBCR. MBCR is without sufficient knowledge or information to form a belief as to the truth thereof. Otherwise, denied.

152. To the extent that the allegations in Paragraph 152 reference Amtrak or the MBTA, MBCR is without sufficient knowledge or information to form a belief as to the truth thereof. Further answering, MBCR states that the Plaintiff had no "right to a position as Locomotive Engineer in commuter rail service" with MBCR. Otherwise, denied.

153. To the extent that the allegations in Paragraph 153 reference Amtrak, the MBTA, or the Plaintiff's "damages", MBCR is without sufficient knowledge or information to form a belief as to the truth thereof. Further answering, Paragraph 153 contains conclusions of law to which no response is required. To the extent that the paragraph purports to allege facts regarding the conduct of MBCR, such allegations are denied.

154. MBCR is unsure to what documents the Plaintiff refers in Paragraph 154. To the extent any such documents exist, such documents would speak for themselves. Further answering, Paragraph 154 contains conclusions of law to which no response is required. To the extent that the paragraph purports to allege facts, such allegations are denied.

## COUNTS ELEVEN THROUGH FIFTEEN

155. – Pursuant to the Magistrate Judge's Report and Recommendation dated 8/14/07, as
225.  adopted by the Court by Electronic ORDER entered 11/27/07, Counts Eleven through Fifteen have been dismissed as to MBCR. Therefore, no response is required to the allegations contained in Paragraphs 155 through 225.

## [PLAINTIFF'S] LEAVE TO AMEND COMPLAINT

226. MBCR states that no response is required for this Paragraph and to the extent that it is construed to allege facts, they are denied.

## FIRST AFFIRMATIVE DEFENSE
The Plaintiff has failed to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
The Plaintiff's claims are barred by the applicable Statutes of Limitations.

## THIRD AFFIRMATIVE DEFENSE
Any injury or loss suffered by the Plaintiff was caused in whole or in part by his acts or failure to so act.

### FOURTH AFFIRMATIVE DEFENSE
The Plaintiff has failed to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE
The Plaintiff is seeking an interpretation of certain sections of the applicable collective bargaining agreement, which is preempted by Federal law.

### SIXTH AFFIRMATIVE DEFENSE
MBCR is not responsible for any harm allegedly caused by acts of third parties for whom it is not responsible and over whom it has no control.

### SEVENTH AFFIRMATIVE DEFENSE
The Defendant's action and conduct were lawful, justified, and privileged.

### EIGHTH AFFIRMATIVE DEFENSE
The Plaintiff's claims are barred by M.G.L. ch. 151B.

### NINTH AFFIRMATIVE DEFENSE
This court is without subject matter jurisdiction over this action.

### TENTH AFFIRMATIVE DEFENSE
The Plaintiff failed to exhaust his administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE
The Plaintiff's administrative filing was inadequate.

### TWELFTH AFFIRMATIVE DEFENSE
Defendant reserves the right to add such additional defenses as become apparent during the course of discovery.

### CONCLUSION

WHEREFORE, MBCR requests that the Plaintiff's Complaint be dismissed with prejudice; that this Honorable Court grant MBCR costs and reasonable attorney's fees incurred in defense of this action; and such other relief as this Honorable Court deems just and proper.

## **JURY DEMAND**

MBCR demands a trial by jury on all counts and claims.

> Respectfully Submitted,
> MASSACHUSETTS BAY COMMUTER
> RAILROAD COMPANY,
> By its attorneys,
>
> /s/ Robert K. Blaisdell            _
> Robert K. Blaisdell, BBO #568060
> Donoghue, Barrett & Singal, P.C.
> One Beacon Street, Suite 1320
> Boston, Massachusetts  02108
> (617) 598-6700

Dated:   February 6, 2008

**CERTIFICATE OF SERVICE**

I, Robert K. Blaisdell, hereby certify that I have, by first class mail, postage prepaid, caused copies of the foregoing document to be served upon *pro se* Plaintiff Joseph T. Carmack, 592 Tremont Street, Boston, MA, this 6th day of February, 2008.

**/s/ Robert K. Blaisdell          **
**Robert K. Blaisdell**

**CERTIFICATE OF SERVICE**

I, Robert K. Blaisdell, hereby certify that I have, by electronic transmission, caused copies of the foregoing document to be served upon H. Reed Witherby, Esq. and Todd Valicenti, Esq., this 6th day of February, 2008.

**/s/ Robert K. Blaisdell          **
**Robert K. Blaisdell**