USMS
SCREENED

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Joseph T. Carmack | ) | |
| Plaintiff, Pro Se | ) | |
|  | ) | Civil Action No. 05-11430-PBS |
| v. | ) | |
|  | ) | |
| Massachusetts Bay Transportation Authority | ) | |
|  | ) | |
| and | ) | |
|  | ) | |
| Massachusetts Bay Commuter Railroad Co. | ) | |
|  | ) | |
| Defendants | ) | |
|  | ) | |

**PLAINTIFF JOSEPH T. CARMACK'S RESPONSE TO DEFENDANT'S
OPPOSITIONS TO PLAINTIFF'S *REVISED* MOTION TO AMEND THE FIRST
AMENDED COMPLAINT BY ALLOWING ALL FACTS AVERRED IN
PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PARAGRAPH
INSERTIONS**

Plaintiff Joseph T. Carmack ("plaintiff") hereby responds to Defendant

Massachusetts Bay Transportation Authority's ("MBTA") "Opposition to Plaintiff's

*Revised* Motion to Amend the first Amended Complaint By Allowing All Facts Averred

in Plaintiff's Second Amended Complaint With Paragraph Insertions." ("MBTA

Opposition" Docket 73)

**INTRODUCTION**

The plaintiff has submitted the current motion at issue (Motion to Amend, Docket

72) to petition this Honorable Court for clarifications that will help resolve disputes

regarding the status of the case and permit a more efficient discovery and pre-trial

1

process. Although the Defendants' oppositions to the current motion appear somewhat contradictory and convoluted regarding the parties' disagreements, the plaintiff hereby submits that disagreements stem primarily from differing perspectives of the theories of joint and successor liability and whether or not joint and successor liability are applicable to this case. However, as a side issue, there also seems to be some disagreement or misunderstanding of the application of the plaintiff's civil rights claims to the *Railway Labor Act (RLA)*.

### MBTA's Statement of the Case

As the MBTA asserts in opposition to the current motion to amend at issue, the plaintiff has sought to assert claims that can be categorized in three sets. However, plaintiff hereby denies that these claims are entirely "analytically distinct" (MBTA Opposition, page 1). On the contrary, the claims are inter-related. The MBTA obfuscates the nature of the complaint by describing three sets of facts as three sets of claims. Rephrasing the MBTA's categories of claims as categories of facts, the plaintiff seeks to assert three sets of facts against the MBTA: (1) facts arising from joint personnel actions of Amtrak and the MBTA affecting the plaintiff, including termination of plaintiff's employment on May 13, 2002 by Amtrak/MBTA[1]; (2) facts based upon MBCR's[2] failure to award the plaintiff a position as Passenger Engineer in June 2003

---

[1] Plaintiff will use the terminology Amtrak/MBTA to indicate Amtrak and MBTA working jointly as is asserted in the complaint and in arguments submitted by the plaintiff. It is accepted and a given that the Defendants' answers and arguments do not share these assertions.

[2] Co-Defendant Massachusetts Bay Commuter Railroad Company ("MBCR")

pursuant to the MBCR/BLE[3] Collective Bargaining Agreement ("*CBA*"); and (3) facts

based upon events that occurred at North Station on July 1, 2003.

The Plaintiff agrees that, like facts, claims may also be analyzed in three separate

categories for ease of discussion and presentation, but the three categories of claims are

not parallel to the three categories of facts.   To identify three categories of claims, then,

the plaintiff hereby submits the following: (1) claims based on civil rights[4]; (2) claims (or

grievances) based on the *Railway Labor Act* and *Collective Bargaining Agreements*[5]; and

(3) claims based on the *Rehabilitation Act* ("*RA*")[6]. There are no "Amtrak-based" claims

as the MBTA contends.[7]   There are only claims against the Defendants for conduct by the

Defendants violating the rights of the plaintiff.  It may be proper to refer to

Amtrak/MBTA-based facts, but those facts are averred as facts relevant to claims against

the defendants.

As a factual matter, however, there are outstanding *CBA* claims against Amtrak

and there are outstanding *CBA* claims against the defendants.  Also, as a legal matter,

pursuant to *CBAs*, federal railroad law, railroad labor law, federal transit law and

successor liability common law, MBCR became the acting and successor carrier

---

[3] Brotherhood of Locomotive Engineers ("BLE") and also Brotherhood of Locomotive Engineers and Trainmen ("BLET")

[4] See Count I of the Second Amended Complaint (Docket 49) at paragraph 34. " COUNT ONE: VIOLATION OF FREE SPEECH, U.S. CONSTITUTION AMENDMENT I, VIOLATION OF CIVIL RIGHTS U.S. CONSTITUTION, AMENDMENT 14, U.S.C 42 s. 1983...INTERFERENCE WITH RIGHTS AND VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT M.G.L. c. 12 s. 11I"and Count XI at paragraph 155: "COUNT ELEVEN: INTERFERENCE WITH RIGHTS M.G.L. c. 12, ss. 11H, 11I; M.G.L. 265 s.37"

[5] See Count I of the Second Amended Complaint "...UNFAIR LABOR PRACTICE 45 U.S.C s. 151 et seq..." and Count XII Second Amended Complaint: "COUNT TWELVE: UNFAIR LABOR PRACTICES U.S.C. 45 ss. 151 et seq." *id at paragraphs 34 and 172.*

[6] See section V of the Second Amended Complaint "DISCRIMINATION ON THE BASIS OF DISABILITY...REHABILITATION ACT OF 1973; 29 U.S.C. 701 ET.SEQ" *id. page 12 paragraph 67 to 68.*

[7] MBTA Opposition pages 1 and 2.

responsible for outstanding claims against Amtrak as well as ongoing *CBA* claims against

MBCR as the current joint carrier beginning July 1, 2003.

As an initial jurisdictional matter, *CBA* claims are reviewed by the *National*

*Railroad Adjustment Board* ("*NRAB*") and they are beyond this Honorable Court's

jurisdiction. However, the plaintiff alleges that as a result of the conduct of the

defendants: the plaintiff's right to due process through the *NRAB* has been circumvented;

the plaintiff prays to this Honorable Court for relief; and the plaintiff's outstanding *CBA*

claims against the Defendants and any other carriers now fall within the jurisdiction of

this Court. The plaintiff prays that this Honorable Court will review the Plaintiff's

outstanding *CBA* grievances in three ways: (1) the plaintiff prays that the Court will

review *CBA* claims to evaluate damages relevant to plaintiff's civil rights claims; (2) the

plaintiff prays that this Honorable Court will review *CBA* claims relevant to a prima facie

*Railway Labor Act* claim of interference with union activities; and (3) plaintiff prays that

this honorable court will review grievances as facts relevant to plaintiff's *Rehabilitation*

*Act* claims.

Contrary to the Defendants' assertions, the claims described and alleged in the

plaintiff's 2nd Amended Complaint as amended have neither been properly litigated, nor

has the plaintiff abandoned them. The plaintiff does not seek to "revive" or "reinstate"

claims that have been closed and adjudicated by this Honorable Court[8]. At some point in

the future, it may be appropriate to ask for reconsideration or file a post action motion in

*Carmack v. National Railroad Passenger Corporation*, 486 F. Supp. 2d 58 (D. Mass

2007) ("the *Amtrak* case"), but the plaintiff does not anticipate any motions against

_____

[8] *Id. pp.* 2. 8 *ff.*

4

Amtrak at this time.  MBTA has conveniently ignored and misreported plaintiff's arguments for the current motion to amend and assigned a purpose that the motion doesn't assert so that the MBTA can force a *Res Judicata* dismissal against claims that haven't been properly adjudicated[9].

The *Revised* Motion to Amend should be allowed because it clarifies issues which have been in dispute with previous motions to dismiss and it is consistent with this Honorable Court's amendment allowances and orders[10].  This Honorable Court has allowed amendments alleging facts in support of a *Rehabilitation Act* claim and deferred any decision on assertions of joint and successor liability until after discovery.  As stated in the *Revised* Motion to Amend, joint and successor liability applies to *Railway Labor Act* and *CBA* claims against MBTA, MBCR and Amtrak.

There are claims alleged against MBTA and MBCR resulting directly from the alleged conduct of these carriers for which the plaintiff has no remedy because the forum has been blocked by the defendants under color of state law.  In addition, there are also outstanding *RLA* and *CBA* claims against Amtrak for which the plaintiff has no remedy because the proper forum is blocked by the defendants.  It is an ancillary matter, who is the proper carrier at what time for the *section 1983* claim.  It is the joint actions of MBTA

---

[9] The MBTA has also misreported the plaintiff's comments at the motion hearing of April 2007.  At oral arguments plaintiff did state that state law causes of action should be removed by cutting counts II-IX and counts XI-XV of the Second Amended Complaint.  However, the plaintiff also included the caveat that counts I and X would have to be revised to include the elements of counts II-IX and counts XI-XV that were preempted in the *Amtrak* case.

[10] *Report and Recommendation on MBTA's Motion to Dismiss ("MBTA-R&R", Docket 37), Report and Recommendation on MBCR's Motion to Dismiss ("MBCR-R&R", Docket 38), Report and Recommendation on Defendant's Motions to Dismiss and Order on Plaintiff's Motion to amend First Amended Complaint ("R&O", Docket 58) and Docket Text of Electronic ORDER dated 11/27/2007)*

and MBCR as joint carriers that have subjected the plaintiff's *RLA* and *CBA* grievances to this Honorable Court's jurisdiction in this case and the plaintiff claims that the defendants are liable for damages equal, but not limited to, the value of *RLA* and *CBA* grievances regardless of the carrier.

However, it is also a factual matter, that MBTA is now and has at all relevant times been the joint carrier responsible for outstanding *RLA* and *CBA* claims against whatever carrier it has contracted with to provide service exclusively reserved for the MBTA. MBTA has at all relevant times been a joint carrier with Amtrak including at the times alleged in the 2nd Amended Complaint as amended. MBTA is also joint carrier with MBCR at all the relevant times alleged in the complaint.

However, it is also a legal matter, that after July 1, 2003, MBCR is the successor carrier for all outstanding *RLA* and *CBA* claims against Amtrak. Even if the plaintiff had access to the proper forum (the *NRAB*), MBCR and MBTA are the current proper carriers for the plaintiff to grieve in order to remedy outstanding claims against Amtrak. *RLA* and *CBA* claims are made for work performed on a specific position of employment under the scope of the *CBA* to which an individual is assigned (or should be assigned pursuant to *CBA* requirements) "subject to [the carrier's] continuing authority to supervise and direct the manner of rendition of his service" *45 U.S.C. s. 151 Fifth.* Under the terms of the *CBA* and claims that apply to it, it makes no difference whether or not the plaintiff actually worked. At issue, pursuant to *CBA* rules and as a matter of federal law, is whether the plaintiff has a right to the work. The status of the plaintiff as an employee, or even as a member of the BLET, is a matter to be adjudicated pursuant to the plaintiff's allegations in the 2nd Amended Complaint as amended. By filing this action, the plaintiff

6

reserves the right to properly litigate the issue of his employment with the defendants

through discovery and trial pursuant to the Federal Rules of Civil Procedure.

## PLAINTIFF'S RESPONSE TO MBTA'S ARGUMENT

### I. PLAINTIFF'S MOTION SHOULD BE ALLOWED BECAUSE IT PROSECUTES FEDERAL PREEMPTION BY THE *RAILWAY LABOR ACT* AS AN AFFIRMATIVE CAUSE OF ACTION BASED UPON THE CONDUCT OF ALL THREE CARRIERS: MBTA, AMTRAK AND MBCR.

A.    **Plaintiff's Claims Against the MBTA based upon the Personnel Activities involving the Plaintiff are submitted as *Railway Labor Act* claims and have not been properly eliminated.**

It is unfortunate that the author of MBTA's current opposition did not make an

appearance before the November 26 scheduling conference. Had he been present, he

probably would have noted that much of the discussion centered on joint and successor

liability. Pursuant to this Honorable Court's electronic order of November 27, 2007, the

Court has reserved judgment on whether MBTA was (or is) joint employer and whether

MBCR was (or is) its agent. The Court has reserved judgment over: (1) whether the

Plaintiff is properly an employee of the Defendants as carriers; and (2) whether the

defendant's are responsible for the actions of Amtrak as joint and successor carriers. The

*Revised* Motion to Amend properly pleads such a case. As the motion submits, the

plaintiff petitions this Honorable Court to allow "*ALL FACTS* AVERRED IN

PLAINTIFF'S SECOND AMENDED COMPLAINT" (emphasis added). But with the

paragraph insertions, the facts are framed as *Railway Labor Act* claims pursuant to

collective bargaining agreements. The plaintiff only intends to assert claims against the

MBTA and MBCR of defamation, invasion of privacy, disability discrimination, and

other charges to the degree that they have been preempted by the *RLA*.

7

The plaintiff has stated this purpose in his memorandum for his motion to amend[11]:

> Although this Honorable Court has entered judgment against the plaintiff for inability to prove case 03-12488 by a preponderance of evidence, said failure is due, in part, to preemption of charges in case 03-12488 by the *RLA*. To the degree that charges against Amtrak in case 03-12488 are preempted by the *RLA*, the charges were not subject to this Honorable Courts jurisdiction in that case and escape judgment. To the extent that charges averred in the Amtrak case are subject to the grievance machinery of the *RLA* against Amtrak, however, the facts are relevant to the Civil Rights claim in the instant case wherein the plaintiff asserts that the defendants obstructed a redress of grievances against Amtrak. *RLA* and *CBA* claims against Amtrak stand as Civil Rights claims against the defendants.

However, the 2nd Amended Complaint as amended does not merely assert the civil rights claims, it also asserts claims directly against both defendants as joint carriers pursuant to federal railroad law, state law and MBTA/MBCR contracts. The plaintiff has argued for direct application of the *RLA* claims by identifying the MBTA as joint carrier with Amtrak and MBCR:

> To the extent that an employee of a contractor of the MBTA is subject to that contractor's "continuing authority to supervise and direct the manner of rendition of his service". That contractor's continuing authority is combined with and subordinate to the authority of the carrier MBTA to direct the manner of rendition of the employee's service. Ultimately, MBTA is the carrier with controlling authority. Pursuant to *M.G.L. c. 161A, section* 3, the railroad "subject to the jurisdiction of the Surface Transportation Board" is "owned and operated" by the MBTA.[12]

The motion to amend also clarifies the nature of outstanding *CBA* claims at section 5:

---

[11] MEMORANDUM IN SUPPORT OF PLAINTIFF JOSEPH T. CARMACK'S *REVISED* MOTION TO AMEND 1ST AMENDED COMPLAINT BY ALLOWING ALL FACTS AVERRED IN PLAINTIFF'S 2ND AMENDED COMPLAINT WITH PARAGRAPH INSERTIONS, Docket 69

[12] *Ibid*, page 17.

5). After paragraph 21 of the 2nd Amended Complaint insert the following paragraphs:

21a. On or about May 4, 2001, plaintiff was medically disqualified by the carriers MBTA and Amtrak from plaintiff's position as Locomotive Engineer in commuter rail.

21b. At all times relevant to this complaint and pursuant to *Collective Bargaining Agreement(s)* ("*CBA*'s") with defendants and Amtrak, a leave of absence is not required when a passenger engineer is unable to perform service due to a bona fide sickness or injury.

21c. Beginning on or about May 4, 2001, plaintiff and plaintiff's union began filing grievances regarding circumstances of plaintiff's medical disqualification by the defendants and Amtrak.

21d. Beginning on or about May 4, 2001, plaintiff and plaintiff's union began filing grievances regarding plaintiff's medical disqualification by the defendants and Amtrak.

21e. When plaintiff was medically disqualified by defendants and Amtrak, plaintiff sought assistance from medical directors, human resource officers and medical practitioners employed by the defendants for treatment and diagnosis of bona fide illness exacerbated by plaintiff's medical disqualification.

21f. At various times subsequent to medical disqualification, plaintiff submitted to medical directors, human resource officers and medical practitioners employed by the defendants and Amtrak for medical examination of plaintiff as instructed by defendants and Amtrak.

21g. At all times relevant to this complaint, medical directors, human resource officers and medical practitioners employed by the defendants and Amtrak refused to assist or examine plaintiff regarding plaintiff's bona fide illness and medical disqualification by defendants and Amtrak.

21h. On or about September 10, 2001, defendant MBTA and Amtrak charged plaintiff with insubordination regarding plaintiff's medical disqualification by defendant MBTA and Amtrak.

21i. On or about September 10, 2001 Defendant MBTA and Amtrak ordered disciplinary investigation of plaintiff regarding plaintiff's medical disqualification by defendant MBTA and Amtrak.

21j. In investigations held against the plaintiff regarding his medical disqualification by MBTA and Amtrak, defendant MBTA and Amtrak did not permit plaintiff to examine all witnesses used against plaintiff or in support of plaintiff.

21k. After disciplinary hearing of plaintiff, MBTA and Amtrak dismissed plaintiff on or about May 13, 2002 from plaintiff's position as Locomotive Engineer in commuter rail.

21l. Plaintiff and plaintiff's union, the BLE, appealed dismissal of plaintiff by MBTA and Amtrak to a Special Board of Adjustment ("SBA") of the National Railroad Adjustment Board ("NRAB") pursuant to terms of *CBA*'s and the *Railway Labor Act*.

21m. The Special Board of Adjustment denied appeal by plaintiff and

plaintiff's union of plaintiff's dismissal by MBTA and Amtrak on grounds
of an allegation that hearing officer was not able to speak to plaintiff's
personal physician.
21n. Pursuant to terms of applicable *CBA*'s, the decision of the SBA was
not final and binding.
21o. Pursuant to terms of applicable CBA's, the discipline and dismissal
of Plaintiff by MBTA, Amtrak or MBCR is expunged.

The inserted paragraphs in the previous sections of the motion assert an ongoing

employee relationship with the defendants and describe the nature of the relationship.

The relationship is an open question in this court that is subject to discovery in the

context of this claim. The Plaintiff claims that Amtrak/MBTA dismissal is ineffectual

and the plaintiff retains the right to a job in Massachusetts Commuter Rail. The current

action seeks to restore the plaintiff's position and *CBA* and *RLA* rights and privileges

through an affirmative cause of action based on preemption.

It is the actions of the defendants which give rise to this preemption claim. As

described in Count I of the 2nd Amended Complaint, the plaintiff asserts that the

Defendants intervened to prevent plaintiff from accessing union members for the

necessary assistance to maintain his claims. Even if this Honorable Court does not

recognize the plaintiff 's employee status, the Defendants conduct is actionable: "…when

the inaccessibility of employees makes ineffective the reasonable attempts by

nonemployees to communicate with them through the usual channels, the right to exclude

from property has been required to yield to the extent needed to permit communication of

information on the right to organize." *Labor Board v Babcock and Wilcox Co.*, 351 U.S.

105 (1956). However, as indicated above, the complaint asserts in well pleaded

paragraphs, that dismissal by Amtrak is an open question.

The complaint asserts that plaintiff is not accountable to orders from Amtrak as an

employee if he is absent due to a bona fide illness. The plaintiff asserts a *CBA* claim on

that basis. In any event, the amended complaint asserts that any public law board decision against the plaintiff for insubordination is not final and binding under the terms of the *CBA* and the plaintiff retains the right to grieve. The plaintiff petitions this Honorable Court for restoration of that right and any other privileges pertaining thereto including a prayer for relief of the value of any grievances that the plaintiff may have or would have had were it not for the conduct of the Defendants. This Honorable Court has recognized that such a claim, based on preemption, is actionable:

> "A plaintiff may assert federal preemption as an affirmative cause of action to enjoin state officials from interfering with federal rights. In that context, a claim of preemption – though ultimately "defensive" in the sense that it seeks to prevent harms threatened by state officials – *does* constitute a federal question under (28 U.S.C.) ss. 1331. " *Local Union No. 12004, USW, et al. v. Commonwealth of Massachusetts, MCAD, et. al* 377 F.3d 64, 74 (1st Cir. 2004).

The claim is properly pleaded and should be allowed. The current amendments remedy any previous deficiencies in the complaint.

**B.     The plaintiff has pleaded a proper and timely *ss. 1983* claim.**

MBTA has attempted to apply a statute of limitations on the plaintiff's civil rights claims by asserting that the actions of Amtrak revert back to May 13, 2002 which would be over three years. The current *ss. 1983* claim reverts back to the actions of the defendants on July 3, 2003. The case was filed in June 2005. To the extent that the claims are based on the actions of Amtrak, those actions were grieved as timely *CBA* claims or the time limit is extended under the terms of *CBA*. The grievances have been properly pleaded in the complaint. The plaintiff has also submitted initial disclosures

related to those claims. The Plaintiff's *ss. 1983* claim is timely and this Honorable Court

has allowed the plaintiff's *ss. 1983* claim.[13]

> C.   **Claims against the Defendants for the actions of Amtrak are not precluded. The claims that were preempted in the Amtrak case are actionable against the Defendants.**

The Defendants have attempted to preclude this case on the basis of *Res Judicata*

where the actions of Amtrak are precluded because they have been subject to judgment in

the *Amtrak Case*. The plaintiff denies this assertion. Although the 1st Amended

Complaint included claims parallel to the *Amtrak Case*, the current motion does not seek

to reinstate claims to the extent that claims were within that Court's jurisdiction. To the

extent that the claims were preempted, the Plaintiff retains the right to submit them to the

proper forum:

> "...in general, submission of a claim to one forum does not preclude a
> later submission to another... In submitting his grievance to arbitration, an
> employee seeks to vindicate his contractual right under a collective-
> bargaining agreement. By contrast, in filing a lawsuit under Title VII, an
> employee asserts independent statutory rights accorded by Congress. The
> distinctly separate nature of these contractual and statutory rights is not
> vitiated merely because both were violated as a result of the same factual
> occurrence. And certainly no inconsistency results from permitting both
> rights to be enforced in their respectively appropriate forums. *Alexander v.*
> *Gardner-Denver Co.*, 415 U.S. 36 (1974) 47-50.

To the degree, that all of plaintiff's claims in the *Amtrak Case*, including *Americans with*

*Disabilities Act* claims (42 U.S.C. s. 10101, et seq.) were preempted, the plaintiff retains

the right to submit them to the grievance machinery of the *RLA* with an ultimate appeal to

the *NRAB*. That process was denied to the plaintiff due to the acts of the Defendants.

Therefore, the plaintiff has no choice but to appeal to this Honorable Court for redress.

---

[13] *MBCR-R&R*, Docket 38, page 19

## II. THE PLAINTIFF SHOULD BE ALLOWED TO REINSTATE CLAIMS AGAINST THE MBTA BASED ON COUNTS I AND X. MBTA IS JOINT CARRIER WITH AMTRAK AND MBCR.

The plaintiff attempts to reinstate Counts I and X against the MBTA with the current motion. However, by implication with this Honorable Court's electronic order of November 27, 2007, the motion may not be necessary to do this. Nonetheless, the plaintiff has submitted inserted paragraphs to clearly establish joint carrier relationship between MBTA and its subordinate carriers Amtrak and MBCR. These arguments are adequately addressed above. If the court has not adopted a position on whether MBTA was (or is) a joint employer, charges allowed to stand against the MBCR will stand against the MBTA as pleaded in the 2nd Amended Complaint as amended.

### MBCR'S OPPOSITION

Defendant MBCR has submitted separate opposition to the current *Revised* Motion to Amend. MBCR asserts the same assertions that MBTA has asserted. MBCR intends a *Res Judicata* defense and denies the import of this Honorable Court's Electronic Order. The Plaintiff has adequately responded to those defenses above.

WHEREFORE, the plaintiff prays that this Honorable Court will allow PLAINTIFF JOSEPH T. CARMACK'S *REVISED* MOTION TO AMEND THE 1ST AMENDED COMPLAINT BY ALLOWING ALL FACTS AVERRED IN PLAINTIFF'S 2ND AMENDED COMPLAINT WITH PARAGRAPH INSERTIONS.

**Respectfully submitted,**

Date: February 19, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, #5
Boston, MA  02118
Work:  617/727-2310 ext. 7045
Home:  617/536-0772

**Certificate of Service**

I. Joseph T. Carmack hereby certify that I have on February 19, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA  02108-3113

Date: February 19, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, #5
Boston, MA  02118
Work:  617/727-2310 ext. 7045
Home:  617/536-0772

I. Joseph T. Carmack hereby certify that I have on February 19, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA  02116 and Reed Witherby at Two Center Plaza, Suite 260, Boston, MA  02108

Date: February 19, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, #5
Boston, MA  02118
Work:  617/727-2310 ext. 7045
Home:  617/536-0772