UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK,<br>      Plaintiff, *pro se*<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and MASSACHUSETTS BAY<br>COMMUTER RAILROAD,<br>      Defendants | C.A. No. 05-11430-PBS |

## MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S
## MOTION FOR PROTECTIVE ORDER

NOW COMES the defendant Massachusetts Bay Commuter Railroad Company ("MBCR"), which hereby moves this Honorable Court for a protective order limiting discovery sought by the plaintiff, Joseph T. Carmack, pursuant to Fed.R.Civ.P. 26(c) and Local Court Rule 37.1. Specifically, MBCR seeks a Protective Order prohibiting or limiting the depositions of the following persons:

      Gerard DeModena
      Michael O'Malley
      William Rae
      Kevin Lydon

Neither Mr. DeModena, Mr. O'Malley or Mr. Rae have any information that would be relevant to the only remaining issues in the case, the civil rights claim under Count I and the Rehabilitation Act claim under Count X. As deposing these persons, and taking them away from their jobs with MBCR for a half to a full day, would be an annoyance, an undue burden, and an undue expense to MBCR, MBCR respectfully requests that the court issue a protective order

against the taking of these depositions. In the alternative, MBCR requests that the scope of the depositions be clearly limited to events at North Station on the afternoon of July 1, 2003 and engineer hiring decisions made by MBCR in 2003, and/or specifically exclude events that occurred when the deponents were employed by Amtrak or prior to February 19, 2003 (the date MBCR entered into its Operating Agreement with the MBTA). As a further alternative, the court may set a reasonable limit on the time for each deposition, such as two hours each.

Moreover, the court has already authorized the plaintiff to depose ten other potential deponents, making the addition of four more not only wholly unnecessary, but in excess of the limit of ten set forth in F.R.Civ.P. 30. Consequently, MBCR requests that the court maintain a reasonable limitation on deponents, and deny the plaintiff's efforts to depose Mr. DeModena, Mr. O'Malley, Mr. Rae and Mr. Lydon.

As reasons therefore, MBCR submits herewith its Memorandum in Support of its Motion for a Protective Order.

                                                Respectfully Submitted,
MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY,
By its attorneys,

/s/ Robert K. Blaisdell
Robert K. Blaisdell, BBO #568060
Donoghue, Barrett & Singal, P.C.
One Beacon Street, Suite 1320
Boston, Massachusetts 02108
(617) 598-6700

Dated: April 11, 2008

**CERTIFICATE OF RULE 26(f) CONFERENCE**

I, Robert K. Blaisdell, hereby certify that on April 4 and 11, 2008, I engaged in conference with the Plaintiff in a good faith effort to resolve the dispute to be decided by this motion.

/s/ Robert K. Blaisdell
Robert K. Blaisdell

**CERTIFICATE OF SERVICE**

      I, Robert K. Blaisdell, hereby certify that I have caused copies of the foregoing document to be served upon by electronic mail and first class mail, postage prepaid to be served upon *pro se* **Plaintiff Joseph T. Carmack, 592 Tremont Street #5, Boston, MA  02118, this 11th day of April, 2008, and electronically to counsel for defendant MBTA Reed Witherby, Esq., Todd Valicenti, Esq., and Sarah Lent, Esq.**

                                    /s/ **Robert K. Blaisdell**
                                    **Robert K. Blaisdell**