UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK, )<br>Plaintiff, *pro se* )<br>)<br>v. )<br>)<br>MASSACHUSETTS BAY )<br>TRANSPORTATION AUTHORITY )<br>and MASSACHUSETTS BAY )<br>COMMUTER RAILROAD, )<br>Defendants )<br>) | C.A. No. 05-11430-PBS |

**MEMORANDUM IN SUPPORT OF
MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S
MOTION FOR PROTECTIVE ORDER**

NOW COMES the defendant Massachusetts Bay Commuter Railroad Company ("MBCR" or "Defendant"), which hereby moves this Court for a protective order limiting discovery sought by the plaintiff, Joseph Carmack ("Plaintiff") pursuant to Fed.R.Civ.P. 26(c) and Local Court Rule 37.1.

This motion is properly filed after a discovery conference failed to resolve the disputed issues set forth below. The discovery conference was conducted following a hearing with the Court on April 4, 2008, lasting approximately twenty minutes. The Plaintiff, acting *pro se,* Robert K. Blaisdell, Esq., for MBCR, and Reed Witherby, Esq. and Todd Valicenti, Esq., for the Massachusetts Bay Transportation Authority ("MBTA"), were the parties thereto. Further discovery conference was held by telephone on April 11, 2008, between counsel for MBCR and the plaintiff. The remaining issues to be decided by this Court are (a) whether the plaintiff should be permitted to take the depositions of MBCR employees Gerard DeModena ("Mr. DeModena"), Michael

O'Malley ("Mr. O'Malley"), William Rae ("Mr. Rae"), and Kevin Lydon ("Mr. Lydon"); if so, (b) any limits on the scope and/or time of such depositions; or (c) alternatives to deposition.

## FACTS

At an April 4, 2008 hearing at which the Court denied the plaintiff's Motion to Amend his Second Amended Complaint, the Court ruled that there are only two claims remaining against MBCR: (i) a civil rights claim (Count I) related to the plaintiff's removal from North Station on July 1, 2003, and (ii) a possible Rehabilitation Act claim[1] (Count X) related to MBCR not hiring the plaintiff. In addition, the Court was very clear that this case would not include a re-litigation of the plaintiff's assertions and claims against Amtrak.

During the hearing, the plaintiff and the Court identified ten people who could possibly be deposed regarding the civil rights and Rehabilitation Act claims.[2] During the hearing and at the parties' discovery conference thereafter, the plaintiff advised that he also intended to depose another former Amtrak employee and present MBCR employee, Gerard DeModena. The court, in responding to a question regarding the deposition of Mr. DeModena that arose after the discovery conference, advised that Mr. DeModena could potentially be deposed because the plaintiff had previously noticed his deposition. All of this was subject, however, to MBCR's right to seek a protective order barring Mr. DeModena's and other such depositions.

---

[1] 29 U.S.C. § 701.
[2] Officer Robert Pavia; Jacqueline Boumel; Dennis Coffey; Christa (Cuprenall) Phillips; Russell Vasile, M.D.; the plaintiff; a representative from the MBTA regarding whether MBCR receives federal funding; a representative from the MBTA regarding the MBTA's involvement, if any, in MBCR's hiring process; a representative from MBCR regarding whether MBCR receives federal funding; a representative from MBCR regarding the MBTA's involvement, if any, in MBCR's hiring process.

On April 8, the plaintiff sent notices of deposition of two additional former Amtrak and present MBCR employees, Michael O'Malley and William Rae. On April 9, the plaintiff sent notice of deposition of Kevin Lydon, bringing to *fourteen* the number of potential deponents. As the attached affidavits state, however, Mr. DeModena, Mr. O'Malley and Mr. Rae had no involvement in either the events at North Station on July 1, 2003 or the decision whether to employ the plaintiff with MBCR. Moreover, in his March 12, 2008 deposition notice to Mr. DeModena, attached as <u>Exhibit 1</u>,[3] the plaintiff evidences a clear intention to go into areas that are not relevant to the civil rights and Rehabilitation Act issues when he states that he desires to depose Mr. DeModena regarding, *inter alia*,

> (1) Workplace violence policies and charges against the plaintiff as an employee of Massachusetts commuter rail.
>
> (2) Grievances submitted by Plaintiff and other employees of Massachusetts commuter rail pursuant to the Railway Labor Act and applicable collective Bargaining Agreements.
>
> (3) documents that have been created in consultation with plaintiff including, but not limited to: (a) reports and notes for classes taken at local educational institutions, and (b) reports, notes and analyses of the poem "The Emperor of Ice Cream" by Wallace Stevens.

These topics and requested documents have absolutely no relation to the remaining issues in the case. These depositions are just another of the plaintiff's attempts to re-litigate the Amtrak case, in direct contradiction of the Court's order.

Moreover, the plaintiff has already demonstrated that he will waste significant time in the context of a deposition. On April 2, 2008, the plaintiff deposed MBCR Train Master Jacqueline Boumel regarding the incidents of July 1, 2003. Although Ms. Boumel was involved in the July 1 events for only fifteen minutes or so, the deposition

---

[3] Which was subsequently substituted by a March 26 notice.

lasted from 10:00 a.m. until 6:00 p.m. – *eight hours* for a fifteen minute event! And although the issue regarding Ms. Boumel is limited to the plaintiff being asked to leave North Station for twenty-four hours by MBTA police, the plaintiff nonetheless spent *hours* reviewing details of Ms. Boumel's work history, her specific knowledge of the duties of a conductor (although she was not a conductor on July 1, 2003), and her knowledge of collective bargaining agreements that pertain or pertained to her prior union positions (but not to the plaintiff's former position as an engineer). Indeed, the plaintiff spent significant time having Ms. Boumel review collective bargaining agreement clauses and concepts that speak for themselves. The bulk of the deposition was a waste of time and resources, and unnecessarily burdensome to Ms. Boumel as well as MBCR.

Further, with the addition of Mr. DeModena, Mr. O'Malley, Mr. Rae, and Mr. Lydon, the total number of deponents approved by the Court or noticed by the plaintiff now stands at fourteen. As Federal Rule of Civil Procedure 30(a)(2)(A)(i) limits to ten the number of depositions that may be taken without leave of court, MBCR objects that the additional depositions have been noticed without leave of the Court.

## STANDARD OF REVIEW

The scope of discovery is limited to material that is "relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Courts have discretion to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). These orders may, *inter alia*, forbid the proposed discovery, limit the scope of the proposed discovery, or establish the manner in which such discovery will be conducted. *Id.* Furthermore, "[t]he district courts should not

neglect their power to restrict discovery" under Rule 26 and "should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). In determining whether a discovery request is burdensome, the court should view the discovery request "with relation to the case itself". *Stonybrook Tenants Ass'n, Inc. v. Alpert*, 29 F.R.D. 165 (D.Conn. 1961). Furthermore, parties in discovery are not allowed to engage in "wholly exploratory operations in the vague hope that something helpful will turn up." *Mack v. Great Atlantic and Pacific Tea Co., Inc.* 871 F.2d 179, 187 (1st Cir. 1989). These exploratory "fishing expeditions" have been held to constitute an undue burden. *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001).

**ARGUMENT**

To prevail on his civil rights claim under Count I, the Plaintiff must show that on July 1, 2003, he was deprived of a Constitutionally-secured right by a party that was acting under color of law when he was temporarily asked to leave the North Station train platform. To prevail on his Rehabilitation Act claim under Count X, the plaintiff must establish that (i) the Rehabilitation Act applied to MBCR (e.g., plaintiff must show that MBCR was a recipient of federal funds), and (ii) plaintiff was excluded from participation in a program or activity receiving federal funds for which he was qualified <u>solely</u> on the basis of a qualifying disability. 29 U.S.C. § 794(a). Mr. DeModena, Mr. O'Malley, and Mr. Rae would not provide any information relevant to either of these issues.

Each of these potential witnesses had no involvement with the events at North Station on July 1, 2003, and in fact had no communication with any of the people

involved in those events. Similarly, none of these potential witnesses had any involvement in MBCR's decision to hire employees in 2001, and did not communicate with anyone at MBCR who made such hiring decisions. Not only would their testimony not be relevant, it is not likely to lead to discovery of any evidence relevant to the only two remaining counts in this case. Considering the proposed scope of Mr. DeModena's original deposition (workplace violence policies and charges against the plaintiff when he was employed by Amtrak; grievances submitted by plaintiff and "other employees"; reports and notes for classes taken at local educational institutions; and reports, notes and analyses of the poem "The Emperor of Ice Cream" by Wallace Stevens), when the discovery request is viewed "with relation to the case itself", *Stonybrook Tenants Ass'n, Inc.*, 29 F.R.D. 165 (D.Conn. 1961), it is evident that deposing these witnesses will serve no rational purpose in the context of this case. It is, ultimately, nothing more than an attempt to re-litigate the Amtrak case.

As deposing these persons – and taking them away from their jobs with MBCR for a half to a full day – would be futile, an annoyance, an undue burden, and an undue expense to MBCR, MBCR respectfully requests that the Court issue a protective order against the taking of these depositions. In the alternative, MBCR requests that the scope of the depositions be clearly limited to events at North Station on the afternoon of July 1, 2003 and engineer hiring decisions made by MBCR in 2003, and/or specifically exclude events that occurred when the deponents were employed by Amtrak or prior to February 19, 2003 (the date MBCR entered into its Operating Agreement with the MBTA). As a further alternative, the Court may set a reasonable limit on the time for each deposition, such as two hours each.

Further, with the addition of Mr. DeModena, Mr. O'Malley, Mr. Rae, and Mr. Lydon, the total number of deponents approved by the Court or noticed by the plaintiff now stands at fourteen. As Federal Rule of Civil Procedure 30(a)(2)(A)(i) limits to ten the number of depositions that may be taken without leave of court, MBCR requests that the Court deny the plaintiff authority to notice depositions in excess of those already approved by the Court.

## CONCLUSION

For the foregoing reasons, MBCR requests that the Court issue a protective order to quash the deposition requests, or, in the alternative, limit the scope of the discovery to which Mr. DeModena, Mr. O'Malley, Mr. Rae and Mr. Lydon will be subjected.

>Respectfully Submitted,
>MASSACHUSETTS BAY COMMUTER
>RAILROAD COMPANY,
>By its attorneys,
>
>/s/ Robert K. Blaisdell         _
>Robert K. Blaisdell, BBO #568060
>Donoghue, Barrett & Singal, P.C.
>One Beacon Street, Suite 1320
>Boston, Massachusetts  02108
>(617) 598-6700

Dated:   April 11, 2008

**CERTIFICATE OF RULE 26(f) CONFERENCE**

I, Robert K. Blaisdell, hereby certify that on April 4 and 11, 2008, I engaged in conference with the Plaintiff in a good faith effort to resolve the dispute to be decided by this motion.

/s/ Robert K. Blaisdell         
Robert K. Blaisdell

**CERTIFICATE OF SERVICE**

I, Robert K. Blaisdell, hereby certify that I have caused copies of the foregoing document to be served upon by electronic mail and first class mail, postage prepaid to be served upon *pro se* Plaintiff Joseph T. Carmack, 592 Tremont Street #5, Boston, MA  02118, this 11th day of April, 2008, and electronically to counsel for defendant MBTA Reed Witherby, Esq., Todd Valicenti, Esq., and Sarah Lent, Esq.

/s/ Robert K. Blaisdell         
Robert K. Blaisdell

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Joseph T. Carmack | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | Civil Action No. 05-11430-PBS |
| v. | ) | |
| | ) | NOTICE OF DEPOSITION |
| Massachusetts Bay Transportation Authority | ) | |
| and | ) | |
| Massachusetts Bay Commuter Railroad Co. | ) | |
| Defendants | ) | |

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF

GERARD L. DEMODENA

will be taken at One Beacon Street, Suite 1320 in Boston, Massachusetts commencing at 10:00 AM on March 19, 2008.

YOU ARE FURTHER NOTIFIED THAT:

A. The deponent is not a party to this action. So far as known to the deposing

Party, the deponent's address and telephone number are as follows:

89 South Street

Boston, MA  02110

B. The deponent will be examined to determine his knowledge, if any

1

concerning:

(1) Workplace violence policies and charges against the plaintiff as an employee of Massachusetts commuter rail.

(2) Grievances submitted by Plaintiff and other employees of Massachusetts commuter rail pursuant to the Railway Labor Act and applicable collective Bargaining Agreements.

(3) Discrimination and civil rights claims against the Defendants.

(4) any information reasonably calculated to lead to the discovery of admissible evidence in the above captioned case.

C. The deponent will present all documents which are not privileged or previously submitted in discovery disclosures which:

 (1) have been created at any time for any reason and under his control referring to Joseph T. Carmack, including, but not limited to, personal notes, memos, electronic mail and letters, and

(2) have been created in consultation with the plaintiff including, but not limited to: (a) reports and notes for classes taken at local educational institutions, and (b) reports, notes and analyses of the poem "The Emperor of Ice Cream" by Wallace Stevens.

D. The deposing party intends to cause the proceedings to be recorded by court stenographer.

**Respectfully submitted,**

Date: March 12, 2008                     /s/Joseph T. Carmack_____
                                        Joseph T. Carmack
                                        Plaintiff, Pro Se
                                        592 Tremont Street, No. 5
                                        Boston, MA  02118
                                        Work:  617/727-2310 ext. 7045
                                        Cell Phone 617/504-0075

**Certificate of Service**

I. Joseph T. Carmack hereby certify that I have on March 12, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell (Certified Mail #7007 2560 0000 7346 4580 Return Receipt Requested), Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA  02108-3113, and Richard Davey at 89 South Street, Boston, MA  02110.

Date:  March 12, 2008                   _____
                                        Joseph T. Carmack
                                        Plaintiff, Pro Se
                                        592 Tremont Street, No. 5
                                        Boston, MA  02118
                                        Work:  617/727-2310 ext. 7045
                                        Cell Phone: 617/504-0075

I. Joseph T. Carmack hereby certify that I have on March 12, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Suite 7760, Boston, MA  02116 and Reed Witherby at Two Center Plaza, Boston, MA  02108.

Date:  March 12, 2008                   _____
                                        Joseph T. Carmack
                                        Plaintiff, Pro Se
                                        592 Tremont Street, No. 5
                                        Boston, MA  02118
                                        Work:  617/727-2310 ext. 7045
                                        Cell Phone: 617/504-0075