UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack<br>   Plaintiff, Pro Se<br><br>v.<br><br>Massachusetts Bay Transportation Authority<br><br>and<br><br>Massachusetts Bay Commuter Railroad Co.<br><br>   Defendants | Civil Action No. 05-11430-PBS |

**PLAINTIFF JOSEPH T. CARMACK'S OBJECTION TO DEFENDANT MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION FOR LEAVE TO TAKE DEPOSITIONS BY ORAL EXAMINATION**

Plaintiff Joseph T. Carmack ("plaintiff") hereby submits objection to Defendant Massachusetts Bay Commuter Railroad Company's ("MBCR" or "Defendant MBCR") motion for a protective order. In addition plaintiff hereby moves this Honorable Court for an order permitting depositions by oral examination of Gerard L. DeModena, Michael J. O'Malley, William C. Rae and Kevin Lydon pursuant to Fed.R.Civ.P. 26(a), Local Rule 26.1(c) and Local Rule 37.1. As grounds therefore, plaintiff submits that the deponents have knowledge of relevant matters which are likely to lead to admissible evidence establishing alleged claims that this Honorable Court has allowed.

1

Owing to Defendant MBCR's uncooperative and dilatory responses to deposition scheduling requests and deposition notices, the plaintiff will not be able to examine the allowed number of deponents with knowledge of relevant matters. Mr. DeModena (who has been noticed several times) is directly implicated in Rehabilitation Act claim of Count X of the 2nd Amended Complaint which this Honorable Court has allowed. Count X directly references events of April and May 2001. The limitations specified in Defendant MBCR's motion for a protective order make discovery of matters relevant to Count Ten impossible wherein the motion prevents discovery of matters before February of 2003. In any event, Mr. Lydon is the author of the offer of employment extended to the plaintiff by name in May of 2003. All the deponents mentioned in Defendant MBCR's motion for a protective order are directly implicated in the outcome of Mr. Lydon's offer of employment to the plaintiff.

Local Rule 26.1(c) permits a total of 10 depositions. Plaintiff has the added burden of proving MBCR's receipt of Federal Funding in addition to proving the particulars of specific events in alleged in Count X. As of this date, the Plaintiff has only examined four deponents. The one remaining deponent represents the Massachusetts Bay Transportation Authority ("MBTA" or "Defendant MBTA"). The final deponent will only be able to speak on the contract relationship between the Defendants and receipt of federal funding. The four deponents requested with this order are directly responsible for the actions and omissions alleged in Count X. The plaintiff has attempted to complete these depositions since January. The delays and obstructions to discovery caused by the Defendants and deponents have made it impossible for Plaintiff to complete the discovery that Federal and Local Rules allow. The plaintiff submits that some of the deponents

may require more than the four hours to which the Court has limited other depositions. In respect and deference to this Honorable Court's authority to limit the time allowed, however, the plaintiff prays that this Honorable Court will permit depositions of DeModena, O'Malley, Rae and Lydon of at least four hours each. As it stands now, the Court's order of April 18, unfairly prejudices the plaintiff.

Whereas the Defendants' continuous delays have resulted in an extended discovery schedule that disrupts the plaintiff's employer's business requirements, the plaintiff respectfully requests that this Honorable Court fashion an order that would allow the plaintiff to depose the four deponents listed on Wednesdays in June.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Plaintiff certifies that parties have
Conferred and complied with Local Rule 7.2
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Respectfully submitted,**

Date: April 28, 2008

_Joseph T. Carmack_
Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA  02118-1669
Work:  617/727-2310 ext. 7045
Mobile:  617/504-0075

## Certificate of Service

I. Joseph T. Carmack hereby certify that I have on April 28, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-3113

Date: April 28, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075


I. Joseph T. Carmack hereby certify that I have on April 28, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date: April 28, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075