UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack )<br>    Plaintiff, Pro Se )<br>)<br>v. )<br>)<br>Massachusetts Bay Transportation Authority )<br>)<br>and )<br>)<br>Massachusetts Bay Commuter Railroad Co. )<br>)<br>    Defendants ) | Civil Action No. 05-11430-PBS |

**PLAINTIFF JOSEPH T. CARMACK'S MEMORANDUM IN SUPPORT OF**

**OBJECTION TO DEFENDANT MASSACHUSETTS BAY COMMUTER**

**RAILROAD COMPANY'S MOTION FOR A PROTECTIVE ORDER AND**

**CROSS-MOTION FOR LEAVE TO TAKE DEPOSITIONS**

**BY ORAL EXAMINATION**

Plaintiff Joseph T. Carmack ("plaintiff") hereby submits this memorandum in support of objection to MASSAHCUSETTS BAY COMMUTER RAILROAD COMPANY's ("MBCR") MOTION FOR A PROTECTIVE ORDER. This memorandum is also intended to support plaintiff's motion to permit discovery.

This objection and motion is necessary to resolve mischaracterization of the discovery issues in dispute regarding the number and purpose of depositions that the plaintiff requests. The plaintiff's good faith attempts to complete legitimate discovery

1

by the Court's deadlines have been frustrated by the Defendants' stalling and last minute protest and refusal.

## I. FACTS

After several motions to dismiss and a motion to amend, this Honorable Court allowed plaintiff's complaint as amended in part. The Court denied all but Count I and Count X. Specifically, the Court allowed all but the *Railway Labor Act* claim of Count I against both defendants. The Court also allowed the *Rehabilitation Act* claim of Count X against MBCR.[1] On November 27, 2007, the Court adopted the Report and Recommendations allowing the claims "except with respect to the issue of whether the MBTA is a joint employer or whether MBCR was its agent"[2]. The Court also issued a scheduling order which initially required discovery to complete by February 29, 2008.[3] At the scheduling conference on November 26, 2007, plaintiff stated that he would like to have depositions and that he thought he could earn the money in time.

Throughout December 2007 and January 2008, plaintiff sought an increased work schedule to earn more money for depositions. In the meantime, the plaintiff was moving for an amendment to the complaint in order to settle continuing disagreements concerning fact discovery. At the end of January, having earned money to begin paying for depositions, plaintiff contacted the Defendants to negotiate a deposition schedule. In a follow-up correspondence on February 7, 2008, plaintiff stated that he intended to have 10 depositions.[4] This correspondence shows that the plaintiff identified three of the deponents whom are subjects of MBCR's motion for a protective order: Gerard

---

[1] REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS AND ORDER ON PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT ("R&O"), Docket 58.
[2] See Docket Text of Electronic ORDER dated 11/27/2007.
[3] Docket 64.
[4] Exhibit 1, Selected electronic mail letters ("E-mails(s)") and correspondence: 1/29/8 to 2/7/8.

2

DeModena, Michael J. O'Malley and William C. Rae. Difficulties in negotiating deposition dates made timely completion of discovery impossible. Plaintiff deferred deposition notices to allow Defendants to depose the plaintiff. Defendants eventually postponed plaintiff's deposition anyway.[5] By the initial deadline, plaintiff only had one deposition: Robert Pavia. As the initial deadline of discovery approached, plaintiff negotiated an assented motion to amend the scheduling order in order to complete depositions.[6]

On March 6, 2008, this Honorable Court allowed plaintiff's Motion to Modify the Scheduling Order.[7] Deadline for discovery was reset to April 30, 2008. On March 7, 2008, plaintiff mailed correspondence to the defendants outlining a deposition schedule which would be necessary for plaintiff to complete discovery in time. By March 24, 2008, it became obvious that the difficulties in negotiating a deposition schedule would result in a failure to meet the second discovery deadline. Plaintiff notified the Defendants about his concerns in correspondence.[8] The parties attended a motion hearing on April 4, 2008. After the hearing, plaintiff settled on a total of nine depositions: J. Boumel, Gerard L. DeModena, Michael O'Malley, William Rae, Dr. R. Vasile, Christa Cupernall, Kevin Lydon, a representative of the MBTA and MBTA Detective Pavia. As of April 30, 2008, plaintiff has had depositions of Boumel, Vasile, Cupernall, MBTA and Pavia.[9]

Beginning in mid-March, Defendant MBCR began objecting to depositions of anyone other that Carmack, Boumel and Pavia. MBCR claims that any other deponents would be used to re-litigate claims against Amtrak. Plaintiff argued in conferences that

---

[5] Exhibit 2, Selected E-mails and attachments: 2/27/8.
[6] Docket 80
[7] Docket entries: 3/5/8 and 3/6/8.
[8] Exhibit 3, Selected Correspondence: 3/7/8 to 4/16/8.
[9] Deposition of MBTA was held April 30, 2008.

3

depositions would be deposing other individuals even if Plaintiffs motion to amend the complaint was denied; the depositions identified in correspondences would be necessary for the remaining counts. By the end of March, it was clear that the parties would not be able to agree on deposition dates. In an attempt to satisfy discovery time limits, plaintiff issued more deposition notices without having an agreed date.[10]

At motion hearing on April 4, 2008 concerning Plaintiff's Motion to Amend (Docket 67), this Honorable Court introduced a discussion of discovery time limits stating that deposition notices required a seven day advance. Although some prospective deponents were discussed, it was not clear to the plaintiff that the deponents named were intended as a definitive list allowed by this Honorable Court. In addition, the court stated that discovery was limited to the issues in the Complaint that survived motions to dismiss in Counts I and X. Pursuant to these parameters and Federal Rules limiting the number of deponents to ten, the plaintiff cancelled his own deposition[11] and set up a final list of deponents. Although the parties could not agree on the timing of depositions, the plaintiff wanted to schedule depositions within the time limits of discovery. After unresolved conferences with the Defendants, the plaintiff mailed the remaining notices for named deponents on April 8 and 9.[12] The final list of deponents noticed is as follows:

> Robert Pavia
> Jacquline Boumel
> Christa Phillips
> Dr. Russell Vasile
> MBTA[13]
> Gerard L. DeModena

---

[10] Exhibit 4: correspondence concerning depositions and deposition notice for G.L. DeModena.
[11] Exhibit 5: Correspondence concerning cancellation of plaintiff's deposition and requesting notice from Defendants for April 9.
[12] Exhibit 6: Deposition notices of Rae, O'Malley, Lydon and MBTA. Deposition of MBTA was noticed on April 16, 2008.
[13] Pavia, Boumel, Phillips, Vaile and MBTA have been deposed.

>William C. Rae
>Michael J. O'Malley
>Kevin Lydon[14]

On April 13, 2008 Defendant MBCR submitted their motion for a protective order. Pending resolution of the motion, plaintiff agreed to postpone depositions of DeModena, Lydon, O'Malley and Rae.[15] On April 16, 2008 this Honorable Court issued an order stating; "The local rules limit the number of depositions to 10. If plaintiff wants to substitute, he should explain why. All depositions are limited to 4 hours unless the Court rules otherwise. The motion is allowed."[16] Initially, the plaintiff perceived that the order intended that plaintiff could have any depositions that he wanted as long as they were limited to 10 depositions of 4 hours each. Plaintiff re-submitted deposition notices for DeModena, Lydon, O'Malley and Rae.[17] But, when Defendant pointed out that he had requested limitations on these four deponents specifically, plaintiff agreed to postpone the depositions pending the outcome of a motion. At the same time, plaintiff requested that the defendants use one of the cancellation dates for deposition of the plaintiff.[18]

## II. STANDARD OF REVIEW

By *Federal Rules of Civil Procedure Rule 26 (b)(1)*, a party is allowed discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense... Relevant information need not be admissible at the trial if the discovery appears

---

[14] Lydon was substituted for Dennis Coffey. Although Coffey was the Human Resources official at MBCR contacted by the plaintiff prior to July 1, 2003, he was only a contract employee. Mr. Coffey no longer works for MBCR. Lydon is an adequate substitute since he made the initial offer of employment to the plaintiff. See Exhibit 7.
[15] Docket 84: Motion for a Protective Order by Massachusetts Bay Commuter Railway Company.
[16] Electronic Order of 4/16/2008.
[17] Exhibit 8: deposition notices of O'Malley, Rae, DeModena and Lydon dated April 22, 2008.
[18] Exhibit 9: correspondence of April 16, 2008.

5

reasonably calculated to lead to the discovery of admissible evidence".[19] Pursuant to *Fed.R.Civ.Proc. Rule 30(d)(1)*, "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." *Local Rule 26.1(c)* limits the number of depositions to ten.

### III. ARGUMENT

In argument against permitting plaintiff the right to depose DeModena, O'Malley, Rae and Lydon, MBCR states that DeModena, Rae and O'Malley would not provide any information relevant to Count I or Count X. Specifically, MBCR claims that these prospective deponents would not provide information showing that plaintiff was excluded from employment in a federally funded commuter rail program solely on the basis of a disability.[20] On the contrary, plaintiff contends that the proposed deponents have information on matters directly asserted in Count X of plaintiff's Second Amended Complaint which this Honorable Court has allowed.

This Honorable Court has allowed that: "The only claims that would remain pending against MBCR would be the federal and state civil rights claims asserted in Count I, and following Mr. Carmack's amendment, the Rehabilitation Act claim of Count X."[21] The plaintiff's Second Amended Complaint (Docket 49[22]) included the following paragraphs:

> 150. On or about April 11, 2001, DeModena and other agents of Amtrak and MBTA, prepared workplace violence reports which distorted, stigmatized and characterized Plaintiff's ideas, religious beliefs and

---

[19] Federal Rules of Civil Procedure, Rule 26 (b)(1). Plaintiff's Objection to MBCR's Motion for a Protective Order erroneously states objection is pursuant to Rule 26(a)(1). Error was typographical. Rule 26(b)(1) is the applicable rule.
[20] MEMORANDUM IN SUPPORT OF MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S MOTION FOR PROTECTIVE ORDER, Docket 85, page 5.
[21] R&O, page 27
[22] Attachments to Docket 49, Motion to Amend.

6

> writings as the ideas, religious beliefs and writings of a mentally ill person.
>
> 151. By electronic mail letter dated on or about April 13, 2001, Mr. Lou DePhillips, Labor Relations officer for Amtrak and MBTA, outlined a ruse or "scenario" for a chain of events that would lead to Plaintiff's disqualification and termination from employment and all other rights, terms and conditions of employment because DeModena, DePhillips, and O'Malley "have concern for [Plaintiff's] own well-being and, by extension, the traveling public".
>
> 152. On or about July 1, 2003, MBTA and MBCR denied Plaintiff's right to a position as Locomotive Engineer in commuter rail service on information and recommendation from MBCR Labor Relations Officer Christa Cupernall and other employees and former employees of Amtrak, MBTA and MBCR that falsely claimed Plaintiff is violent and dangerous due to mental illness.

Paragraph 153 asserts, in part,

> Defendants have disrespected Plaintiff's individual dignity personal responsibility, self-determination, and pursuit of meaningful career in violation of the Rehabilitation Act of 1978: 29 U.S.C.s.701(c)(1). As a direct an proximate result of the actions of Amtrak, MBTA and MBCR: Plaintiff has suffered damage to his professional reputation and reputation generally; Plaintiff is deprived of gainful employment in his chosen profession; Plaintiff is discriminated against on the basis of disability in regard to discharge of Plaintiff…; Plaintiff is deprived of access to the usual terms, conditions and privileges of employment; Plaintiff is deprived of gainful employment generally;…

If this Honorable Court is to permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense", the depositions requested by the plaintiff must be allowed. Evidence shows that DeModena did act to deprive plaintiff of the usual terms and conditions of employment. On or about April 11, DeModena contacted other commuter rail employees (including O'Malley and the Amtrak Police Department "APD") regarding DeModena's concerns about "Carmack's emotional stability or lack thereof" in order to convince them that the plaintiff's writings are "the work of a mentally imbalanced (sic) individual". DeModena also has made considerable

7

effort to exclude plaintiff from MBTA stations which would implicate him in the involvement in matters alleged in Count I of plaintiff's Second Amended Complaint.[23] O'Malley was also involved in the "scenario" for a chain of events that would lead to the plaintiff's medical disqualification and termination of employment.[24] Mr. O'Malley signed the company order for plaintiff's medical disqualification and Mr. Lydon approved it.[25] Mr. O'Malley also accused plaintiff of trespassing at MBTA stations and proposed legal action against plaintiff "relative to [plaintiff's] contact with Amtrak employees on Amtrak/MBTA railroad property".[26] William C. Rae was the charging officer "in the matter of Joseph Carmack's Insubordination Investigation" which was the final element in the "scenario" leading to the plaintiff's termination from employment as alleged in paragraph 151 of the plaintiff's Second Amended Complaint.[27] Finally, as indicated earlier, Lydon contacted the plaintiff and made MBCR's initial offer of employment.[28]

The evidence and allegations indicate that the witnesses noticed for deposition, including DeModena, O'Malley, Rae and Lydon, will provide testimony "reasonably calculated to lead to the discovery of admissible evidence" as permitted by rule. Plaintiff deserves the right to depose these witnesses. In addition, although the plaintiff may not need to depose the witnesses for the entire 7 hours allowed. Plaintiff has a long history of employment with these witnesses, including employment in commuter rail. The plaintiff's right to evidence should not be unduly limited.

---

[23] Exhibit 10, calendar notes of G. L. DeModena and E-Mails regarding exclusion of plaintiff from MBTA property..
[24] Exhibit 11: E-mail of Amtrak Labor Relations officer to DeModena and O'Malley concerning "The Carmack Letters".
[25] Exhibit 12: "Personel Action Request" signed by Michael J. O'Malley and Kevin Lydon.
[26] Exhibit 13: Letter of Michael J. O'Malley to Joseph Carmack.
[27] Exhibit 14: Memo from W.C. Rae to Michael J. O'Bryan
[28] See Exhibit 7.

8

MBCR has succeeded in its protective order and convinced the Court to limit and deny plaintiff's legitimate attempts at discovery. In doing so, MBCR mischaracterized the deposition of Ms. Boumel on April 2, 2008. MBCR claimed that Ms. Boumel's involvement in plaintiff's allegations was limited to only 15 minutes. On the contrary, as MBCR neglected to mention, Ms. Boumel proved to have had an extensive work history shared directly with the plaintiff as members of the same train crews and, later, when Ms. Boumel was a supervisor of the plaintiff. Ms. Boumel has extensive personal and professional knowledge of the plaintiff's qualifications as Locomotive Engineer in commuter rail. In addition, much of the time spent was necessary to establish Ms. Boumel's credentials over defendants numerous objections. The parties took a one hour break for lunch and many other breaks to allow MBCR to confer with Ms. Boumel. Besides, as indicated above, MBCR had been threatening to seek a protective order since March 13, 2008. In the event that MBCR would succeed in obtaining a protective order (as MBCR eventually did), Ms. Boumel was the only witness available to plaintiff who was qualified to testify on matters that would be crucial to proving the elements of both Counts I and X, particularly, but not limited to, elements regarding proof of plaintiffs *Rehabilitation Act* claims.

Like Ms. Boumel, witnesses DeModena, Rae, O'Malley and Lydon all have extensive work history with the plaintiff and are directly implicated in the events alleged. The rules permit seven hours of deposition. Should the plaintiff prove to require more than four hours to discover information "reasonably calculated to lead to the discovery of admissible evidence", the plaintiff should not be prevented from doing so.

9

WHEREFORE plaintiff respectfully requests that this Honorable Court deny Defendant MBCR's request for a protective order and permit plaintiff leave to depose Messrs. DeModena, O'Malley, Rae and Lydon with the maximum opportunity for time that the rules allow.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Plaintiff certifies that he conferred with MBCR
on April 22, 2008 regarding the deposition
of employees at approximately 5:00 p.m. No agreement
has been reached. Although plaintiff has referred to
MBCR's motion in discussions with MBTA, plaintiff
Did not believe conference with MBCR was required in
Response to an MBCR motion.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Respectfully submitted,**

Date: May 5, 2008

_____
Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street #5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

**Certificate of Service**

I. Joseph T. Carmack hereby certify that I have on May 5, 2008 served a true copy of the foregoing document by electronic an First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-3113

Date: May 5, 2008

_____
Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street #5
Boston, MA 02118-1669

10

                                                  Work: 617/727-2310 ext. 7045
                                                  Mobile: 617/504-0075

      I. Joseph T. Carmack hereby certify that I have on May 5, 2008 served a true copy of the foregoing document by electronic mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and by electronic and U.S. Mail to H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date: May 5, 2008

                                                  */s/ Joseph T. Carmack*
                                                  Joseph T. Carmack
                                                  Plaintiff, Pro Se
                                                  592 Tremont Street#5
                                                  Boston, MA  02118-1669
                                                  Work: 617/727-2310 ext. 7045
                                                  Mobile: 617/504-0075