UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Joseph T. Carmack | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | Civil Action No. 05-11430-PBS |
| v. | ) | |
| | ) | |
| Massachusetts Bay Transportation Authority | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Massachusetts Bay Commuter Railroad Co. | ) | |
| | ) | |
| Defendants | ) | |

**EXHIBITS FOR PLAINTIFFS MEMORANDUM IN SUPPORT OF OBJECTION**

**TO DEFENDANT MASSACHUSETTS BAY COMMUTER RAILROAD**

**COMPANY'S MOTION FOR A PROTECTIVE ORDER AND CROSS-MOTION**

**FOR LEAVE TO TAKE DEPOSITIONS BY ORAL EXAMINATION**

Exhibit 1    Selected electronic mail letters ("E-Mail[s]") and correspondence: 1/29/8 to 2/7/8.

Exhibit 2    Selected E-mails and attachments: 2/27/8.

Exhibit 3    Selected Correspondence 3/7/8 to 4/16/8.

Exhibit 4    Correspondence concerning depositions and deposition notice for

G. L. DeModena.

Exhibit 5    Correspondence concerning cancellation of plaintiff's deposition

and requesting notice from Defendants for April 9, 2008

Exhibit 6      Deposition notices or Rae, O'Malley, Lydon and MBTA.

Exhibit 7      E-mail regarding Dennis Coffey and Letter from Lydon to

Carmack dated May 6, 2003.

Exhibit 8      Deposition notices of O'Malley, Rae, DeModena and Lydon dated

April 22, 2008.

Exhibit 9      Correspondence of April 16, 2008

Exhibit 10    Calendar notes of G. L. DeModena and E-Mails regarding

exclusion of plaintiff from MBTA stations.

Exhibit 11    E-mail of Amtrak Labor Relations officer to DeModena and

O'Malley concerning "The Carmack Letters".

Exhibit 12    "Personnel Action Request" signed by Michael J. O'Malley and

Kevin Lydon.

Exhibit 13    Letter of Michael J. O'Malley to Joseph Carmack dated

August 20, 2002.

Exhibit 14    Memorandum from W. C. Rae to Michael J.O'Bryan dated

April 1, 2002.

**Respectfully submitted,**

Date: May 5, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

**Certificate of Service**

I. Joseph T. Carmack hereby certify that I have on May 5, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-3113

Date: May 5, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

I. Joseph T. Carmack hereby certify that I have on May 5, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date: May 5, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

EXHIBIT 1

**Carmack, Joseph T**

**Date:** Tue, 29 Jan 2008 17:07:33 -0500
**From:** Joseph T Carmack <Joseph.Carmack001@umb.edu>
  **To:** TValicenti@mbta.com
  **Cc:** rblaisdell@dbslawfirm.com

Dear Mr. Blaisdell and Mr. Valicenti:

Attached please find initial disclosures which will be mailed to you this PM. I do not
have exhibits scanned. Hard copies of exhibits will be with mailings. I would like to
begin depositions the week of February 11.

Thank you for your attention to this matter.

Joe Carmack

**Attachment:** Initial Disclosures.doc (78k bytes) **Open**

Joseph T. Carmack
398 Columbus Ave. PMB 130
Boston, MA  02116-6008
Work:  617/727-2310
Home:  617/536-0772

February 7, 2008


Mr. Todd Valicenti
MBTA – Assistant General Counsel
10 Park Plaza, Suite 7760
Boston, MA  02116

Mr. Reed Witherby
Smith & Duggan, LLP
Two Center Plaza
Boston, MA  02108

Mr. Robert K. Blaisdell
Donaghue, Barrett and Singal
One Beacon Street, Suite 1320
Boston, MA  02108

      RE:    CV05-11430-PBS, Carmack v. MBTA and MBCR

Dear Sirs:

      Regarding the above captioned case, I need to start depositions on Feb. 14. In intend to have 10 depositions in all. Most are MBCR/MBTA employees. The 10 depositions will be for the following individuals:

Christa Cupernall, MBCR/MBTA
Dennis Coffey, MBCR/MBTA
William Rae, MBCR/MBTA
Amtrak: subpoena to be served on corporation.
R. Pavia, MBTA Police
Jacqueline (Jackie) Boumel, MBCR/MBTA
Michael J. O'Malley, MBCR/MBTA
Gerard L. DeModena, MBCR/MBTA
Dr. Ann Gurian
Dr. Russell Vasile

Please contact me at your soonest convenience so that we can agree on an order. I will have to send notices by tomorrow afternoon, February 8, 2008. All depositions will be at 10 Park Plaza, Suite 7760, Boston, MA unless otherwise notified or agreed.

Thank you for your consideration of this matter.

Sincerely,

Joseph T. Carmack

**Carmack, Joseph T**

   **Date:** Thu, 07 Feb 2008 16:06:11 -0500
   **From:** "Bob Blaisdell" <rblaisdell@dbslawfirm.com>
**Subject:** RE:
   **To:** "Joseph T Carmack" <Joseph.Carmack001@umb.edu>
   **Cc:** <rwitherby@smithduggan.com> , <TValicenti@mbta.com>

Mr. Carmack - for each MBCR "employee" you wish to depose, could you
please specify how their testimony would be relevant to your claim(s),
and to which claim(s) in particular?

In addition, please know that some of the people that you designated
"MBCR/MBTA" may not be employees of either entity.  I am in the process
of investigating as to status with MBCR.

Thank you.

Robert K. Blaisdell, Esq.
Health Care Department
Donoghue Barrett & Singal, P.C.
One Beacon Street Suite 1320
Boston, Massachusetts 02108
Phone: (617) 598-6700
Fax: (617) 722-0276
Email: rblaisdell@dbslawfirm.com

This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information.  Any unauthorized
review, use, disclosure or distribution is prohibited.  If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.

-----Original Message-----
From: Joseph T Carmack [mailto:Joseph.Carmack001@umb.edu]
Sent: Thursday, February 07, 2008 1:19 PM
To: Bob Blaisdell
Cc: rwitherby@smithduggan.com; TValicenti@mbta.com
Subject:

Dear Sirs:

Attached please find correspondence mailed this date concerning
deponents.

Thank you for your attention to this matter.

J. T. Carmack

This electronic message and any files attached hereto contain confidential or privileged
information from the law firm of Donoghue, Barrett, and Singal. This information is
intended to be for the use of the individuals or entities to whom it is addressed only. If
you are not the intended recipient, be aware that any disclosure, copying, distribution or
use of the contents of this information is strictly prohibited. If you have received this
transmission in error, please notify the sender by reply email and destroy all copies of
this message.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S.

https://webmail.umb.edu/wm/eml/read.html?sessionid=304c8d90051cdc60fec1363ace75ec1e0&uid=    2/7/2008

federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**EXHIBIT 2**

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSEPH T. CARMACK,<br>      Plaintiff, *pro se*<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY<br>and MASSACHUSETTS BAY<br>COMMUTER RAILROAD,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-11430-PBS |

## **NOTICE OF DEPOSITION**

TO: All Counsel of Record

Please take notice that commencing at **10 o'clock a.m.** on **Thursday, February 28, 2008**, at the offices of Donoghue, Barrett & Singal, P.C., One Beacon Street, 13th Floor, Boston, Massachusetts, Massachusetts Bay Commuter Railroad ("MBCR"), a Defendant in this action, by its attorney, will take the deposition, upon oral examination, of the Plaintiff, JOSEPH CARMACK ("Plaintiff," or "deponent"), pursuant to Fed. R. Civ. P. 30, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

Hereof fail not as you will answer to your default under the penalties in the law made and provided.

                                    MASSACHUSETTS BAY COMMUTER
                                    RAILROAD COMPANY,
                                    By its attorneys,

                                    /s/ Robert K. Blaisdell
                                    Robert K. Blaisdell, BBO #568060
                                    Donoghue, Barrett & Singal, P.C.
                                    One Beacon Street, Suite 1320
                                    Boston, Massachusetts 02108
                                    (617) 598-6700

Dated:  February 17, 2008

## CERTIFICATE OF SERVICE

I, Robert K. Blaisdell, hereby certify that I have, by electronic transmission and by first class mail, postage prepaid, caused copies of the foregoing document to be served upon *pro se* Plaintiff Joseph T. Carmack, 592 Tremont Street, No. 5, Boston, MA, this 17 day of February, 2008.

/s/ Robert K. Blaisdell
Robert K. Blaisdell

## CERTIFICATE OF SERVICE

I, Robert K. Blaisdell, hereby certify that I have, by electronic transmission, caused copies of the foregoing document to be served upon H. Reed Witherby, Esq. and Todd Valicenti, Esq., this 17th day of February, 2008.

/s/ Robert K. Blaisdell
Robert K. Blaisdell

**Carmack, Joseph T**

**Date:** Mon, 25 Feb 2008 12:38:56 -0500

**From:** "Bob Blaisdell" <rblaisdell@dbslawfirm.com>

**Subject:** RE: Postpone Deposition of Boumel

    **To:** "Joseph T Carmack" <Joseph.Carmack001@umb.edu>

    **Cc:** <rwitherby@smithduggan.com> , <TValicenti@mbta.com>

Mr. Carmack - Thank you for your e-mail. I am sorry that you are not
feeling well. I will inform Ms. Boumel of the change.

In your message, I note that say that "I expect my voice will be better
for you to depose me on February 28, 2008", but also that "I will have
to postpone all depositions in anticipation of the Court's approval of
an extension to the discovery schedule." Just to be clear, that means
we will be proceeding with your deposition on Thursday, correct? I
assume that your reference to postponing "all depositions" means that
you will need to postpone all depositions that you plan on taking.

Thank you.

Robert K. Blaisdell, Esq.
Health Care Department
Donoghue Barrett & Singal, P.C.
One Beacon Street Suite 1320
Boston, Massachusetts 02108
Phone: (617) 598-6700
Fax: (617) 722-0276
Email: rblaisdell@dbslawfirm.com

This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.

-----Original Message-----
From: Joseph T Carmack [mailto:Joseph.Carmack001@umb.edu]
Sent: Monday, February 25, 2008 11:38 AM
To: Bob Blaisdell
Cc: rwitherby@smithduggan.com; TValicenti@mbta.com
Subject: Postpone Deposition of Boumel

Dear Mr. Blaisdell:

Reference my previous e-mails to you regarding the difficulties
presented to me by the prospect of having two depositions in the same
week. As I indicated before, it is difficult for me to maintain the
financing for stenographers when I have to lose work time. I have been
working the past two months to build up the resources for a weekly
schedule of depositions, but I can't afford to miss two full days of
employment in the same week. Therefore, I regret to inform you that I
will have to cancel the deposition with Jacqueline Boumel scheduled for
tomorrow, February 26, 2008. Please advise Ms. Boumel.

Also, as you are aware, I was having difficulty with my voice at the
deposition of Detective Pavia on February 21, 2008. My laryngitis has
worsened since then. I am not certain my voice would hold up for a

deposition tomorrow. However, I expect my voice will be better for you
to depose me on February 28, 2008.

As a result, I will have to postpone all depositions in anticipation of
the Court's approval of an extension to the discovery schedule.

Thank you for your attention to this matter.

Sincerely,

Joseph Carmack

This electronic message and any files attached hereto contain confidential or privileged
information from the law firm of Donoghue, Barrett, and Singal. This information is
intended to be for the use of the individuals or entities to whom it is addressed only. If
you are not the intended recipient, be aware that any disclosure, copying, distribution or
use of the contents of this information is strictly prohibited. If you have received this
transmission in error, please notify the sender by reply email and destroy all copies of
this message.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S.
federal tax advice contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

**Carmack, Joseph T**

   **Date:** Mon, 25 Feb 2008 13:28:58 -0500

   **From:** Joseph T Carmack <Joseph.Carmack001@umb.edu>

**Subject:** RE: Postpone Deposition of Boumel

   **To:** Bob Blaisdell <rblaisdell@dbslawfirm.com>

   **Cc:** rwitherby@smithduggan.com , TValicenti@mbta.com

Mr. Blaisdell:

Your understanding is correct.  I can't afford to lose both work days.  You advised me
that you can't change the date for my deposition unless there is an extension to
discovery.  As a result, I must postpone the deposition of Boumel and move for an
extension.

Sincerely,

Joseph Carmack

**Carmack, Joseph T**

**Date:** Wed, 27 Feb 2008 13:13:27 -0500

**From:** "Bob Blaisdell" <rblaisdell@dbslawfirm.com>

**Subject:** Motion to Amend Scheduling Order

**To:** "Joseph T Carmack" <Joseph.Carmack001@umb.edu>

**Cc:** <rwitherby@smithduggan.com> , <TValicenti@mbta.com>

Mr. Carmack – attached please find a proposed Motion.  Please let us know what changes or additions you have.  As I mentioned, Attorney Witherby or I would like to ensure that this is filed today, and would be happy to file it electronically on your behalf.

This will also confirm, as we discussed, that your deposition that was scheduled for tomorrow has been postponed.  We will agree to a re-scheduled date later.

Robert K. Blaisdell, Esq.
Health Care Department
Donoghue Barrett & Singal, P.C.
One Beacon Street Suite 1320
Boston, Massachusetts 02108
Phone: (617) 598-6700
Fax: (617) 722-0276
Email: rblaisdell@dbslawfirm.com

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

This electronic message and any files attached hereto contain confidential or privileged information from the law firm of Donoghue, Barrett, and Singal. This information is intended to be for the use of the individuals or entities to whom it is addressed only. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender by reply email and destroy all copies of this message.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Attachment:** Motion to Amend Scheduling Order 02-27-08.doc (52k bytes) **Open**

**Carmack, Joseph T**

**Date:** Wed, 27 Feb 2008 14:50:06 -0500
**From:** Joseph T Carmack <Joseph.Carmack001@umb.edu>
**Subject:** Re: Motion to Amend Scheduling Order
  **To:** Bob Blaisdell <rblaisdell@dbslawfirm.com>
  **Cc:** rwitherby@smithduggan.com , TValicenti@mbta.com

Dear Mr. Blaisdell:

Attached is my preferred version of the motion with exhibit A.  If this version is not
agreeable to you and MBTA, I will agree to the simple version.  Just let me know, so that
I know what version to mail.

Thank you for your attention to this matter.

Sincerely,

/s/ Joseph T. Carmack

Joseph T. Carmack

**Attachment:** Motion to Amend Scheduling Order 02-27-08B.doc (59k bytes) **Open**

UNITED STATES DISTRICT COURT
of the
DISTRICT OF MASSACHUSETTS

JOSEPH T. CARMACK,
       Plaintiff, *pro se*

v.

MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY
and MASSACHUSETTS BAY
COMMUTER RAILROAD COMPANY,
       Defendants.

C.A. No. 05-11430-PBS

## PLAINTIFF'S ASSENTED-TO
## MOTION TO AMEND THE SCHEDULING ORDER

NOW COMES the Plaintiff, Joseph Carmack, who moves that this Honorable Court

amend the Court's November 26, 2007 Scheduling Order, as follows:

Fact Discovery deadline: 4/30/08

Summary Judgment Motion filing deadline: 5/30/08

Opposition to Summary Judgment Motions: 6/13/08

As grounds therefore, plaintiff submits that, as indicated in his declaration attached as Exhibit A,

plaintiff has made a good-faith effort to comply with the schedule ordered by this Honorable

Court. However, in order to properly balance an increased employment schedule with the

financing and preparation of an adequate discovery, plaintiff states that he will require more

time.

*WHEREFORE*, the plaintiff prays that this Honorable Court will grant leave to amend the

discovery schedule.

The Defendants have assented to this Motion.

**Respectfully submitted,**

Date: February 27, 2008

/s/ Joseph T. Carmack
Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, #5
Boston, MA 02118
Work: 617/727-2310 ext. 7045
Home: 617/536-0772

## Certificate of Service

I. Joseph T. Carmack hereby certify that I have on February 27, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-3113

Date: February 27, 2008

/s/ Joseph T. Carmack
Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, #5
Boston, MA 02118
Work: 617/727-2310 ext. 7045
Home: 617/536-0772

I. Joseph T. Carmack hereby certify that I have on February 27, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108

Date: February 27, 2008

/s/ Joseph T. Carmack
Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, #5
Boston, MA 02118
Work: 617/727-2310 ext. 7045
Home: 617/536-0772

2

# Exhibit A

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Joseph T. Carmack | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | Civil Action No. 05-11430-PBS |
| v. | ) | |
| | ) | |
| Massachusetts Bay Transportation Authority | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Massachusetts Bay Commuter Railroad Co. | ) | |
| | ) | |
| Defendants | ) | |

## **Declaration of Joseph T. Carmack**

I, Joseph T. Carmack, under penalty of perjury, declare:

1. I, Joseph T. Carmack, am the Plaintiff, Pro Se, in the matter of Joseph T. Carmack v.

Massachusetts Bay Transportation Authority, et al.

2. Although I do not have Internet access, I have a free e-mail account with University of

Massachusetts at Boston ("UMass/Boston"). I can access that e-mail from commercial Internet

outlets (such as 'Kinkos') and my place of daytime employment.

3. I use the UMass/Boston e-mail for e-mail correspondence with the Defendants.

4. The parties attended a scheduling conference on November 26, 2007. The Court entered a fact

discovery schedule to be completed by February 29, 2008. (Docket 64)

5. I have suspended medical treatment and education opportunities in order to finance discovery

expenses, including depositions and production of documents.

4

6. I filed a "*Revised* Motion to Amend" the complaint on December 10, 2007. (Docket 67)

7. In December, one of my two employers authorized me to work added hours during the holidays which included a promise of a $50.00 Bonus for working all holidays, including Thanksgiving, which I had already worked. I increased hours in order to earn money to pay for deposition expenses.

8. On January 8, 2008, I submitted a memorandum in support of the "*Revised* Motion to Amend".

9. In early January I began investigating court reporters and cost.

10. On February 1, 2008, Defendants submitted oppositions to "*Revised* Motion to Amend"

11. On February 5, 2008, plaintiff moved for leave to respond to Defendants' oppositions.

12. On or about February 5, I made tentative arrangements with J&K Court Reporting to begin depositions on February 14, 2008. J&K Court Reporting informed me that an advance payment was required fro pro se litigants.

13. On or about February 11, 2008, I had confirmed dates of February 21 and 26, 2008 for the first two depositions (Pavia and Boumel).

14. On or about February 12, 2008, Defendant Massachusetts Bay Commuter Rail ("MBCR") notified the me of intentions to depose me on February 28, 2008.

16. On or about February 20, 2008, my evening employer approved an addition of 8 hours to my weekly schedule to earn more money for depositions and discovery.

15. On February 21, 2008, parties held deposition of Pavia. Plaintiff made advance payment of $950.00 to J&K Court Reporting. After approximately one and one-quarter hours of deposition, the court reporter interrupted the deposition with concerns about a second deposition in her schedule that day.

5

16. On February 24, 2008, being unsatisfied with the service, I terminated services with J&K Court Reporting and requested that the remaining balance of the advance payment be returned with the transcript. The advance has not yet been returned.

17. On February, 25, 2008, I canceled the deposition scheduled for February 26, 2008. I informed MBCR that I could only afford to lose one employment day per week if I was going to earn enough money to pay for 10 depositions. I deferred the February 26 deposition so that MBCR could depose me on February 28, 2008.

18. On February 27, 2008, MBCR informed me that they would postpone my deposition pending an assented Motion to Amend the discovery schedule.

19. At this time, given my current earnings schedule, I estimate that I will be able to complete all depositions by April 30, 2008.

Signed under penalty of perjury:

/s/ Joseph T. Carmack
Joseph T. Carmack, Plaintiff, Pro Se.

6

**EXHIBIT 3**

Joseph T. Carmack
592 Tremont Street #5
Boston, MA 02118
Work: 617/727-2310
Cell: 617/504-0075

March 7, 2008

Mr. Todd Valicenti
MBTA – Assistant General Counsel
10 Park Plaza, Suite 7760
Boston, MA 02116

Mr. Reed Witherby
Smith & Duggan, LLP
Two Center Plaza, Suite 620
Boston, MA 02108

Mr. Robert K. Blaisdell
Donaghue, Barrett and Singal
One Beacon Street, Suite 1320
Boston, MA 02108

RE:    CV05-11430-PBS, Carmack v. MBTA and MBCR

Dear Sirs:

Below is my preferred deposition schedule:

1. Jacqueline (Jackie) Bournel, March 12, 2008
2. Joseph T. Carmack, March 17, 2008 (MBCR deposing party)
3. Gerard L. DeModena, March 19, 2008
4. Michael J. O'Malley, March 26, 2008
5. William Rae, April 2, 2008
6. Dr. Russell Vasile, April 9, 2008
7. Christa Cupernall, April 16, 2008
8. Dennis Coffey, April 23, 2008
9. R. Pavia, MBTA Police April 29, 2008
10. Dr. Ann Gurian, April 30, 2008
11. Amtrak: subpoena to be served on corporation. TBA.
12. BLET. TBA

Numbers 1 and 2 can be reversed if you like. Please contact me at your soonest
convenience regarding that swap. I will need to request leave of court for Pavia. I will

have to send notices by Monday afternoon, March 10, 2008.  All depositions will be at One Beacon Street, Suite 1320, Boston, MA unless otherwise notified or agreed.

Thank you for your consideration of this matter.

Sincerely,

Joseph T. Carmack

**Carmack, Joseph T**

**Date:** Mon, 10 Mar 2008 13:50:19 -0400
**From:** "Bob Blaisdell" <rblaisdell@dbslawfirm.com>
**Subject:** RE: Depositions
    **To:** "Joseph T Carmack" <Joseph.Carmack001@umb.edu>
    **Cc:** <rwitherby@smithduggan.com> , <TValicenti@mbta.com> , "Sarah Lent" <Sarah.Lent@smithduggan.com>

Mr. Carmack - Jackie Boumel will be unavailable until at least 3/24.  I
will obtain some dates that work for her, and let you know.

Thank you.

Robert K. Blaisdell, Esq.
Health Care Department
Donoghue Barrett & Singal, P.C.
One Beacon Street Suite 1320
Boston, Massachusetts 02108
Phone: (617) 598-6700
Fax: (617) 722-0276
Email: rblaisdell@dbslawfirm.com

-----Original Message-----
From: Bob Blaisdell
Sent: Friday, March 07, 2008 4:28 PM
To: 'Joseph T Carmack'
Cc: rwitherby@smithduggan.com; TValicenti@mbta.com
Subject: RE: Depositions

Mr. Carmack -

Thank you for the correspondence.  March 12 may be short notice for Ms.
Boumel, and I believe she was unavailable for most of next week, but I
will check.

MBCR does not plan on taking your deposition until closer to the end of
April.  If you can let me know what dates you are available the week of
April 21-25, we can arrange a convenient date.

Also, as I have previously stated MBCR will object to the depositions of
anyone other than you, Ms. Boumel or Officer Pavia as any other persons
would have no relevance whatsoever to the only claims remaining in the
case, the Civil Rights Act claim under Count I, and (assuming you amend
the complaint as permitted by Magistrate Dien) the Rehabilitation Act
claim under Count X.

Your and Ms. Boumel's depositions may be held at our offices at One
Beacon Street.  The site for other depositions, if any, will remain to
be discussed.

Thank you.

Robert K. Blaisdell, Esq.
Health Care Department
Donoghue Barrett & Singal, P.C.
One Beacon Street Suite 1320
Boston, Massachusetts 02108
Phone: (617) 598-6700
Fax: (617) 722-0276

Email: rblaisdell@dbslawfirm.com

_____

This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information.  Any unauthorized
review, use, disclosure or distribution is prohibited.  If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.

-----Original Message-----
From: Joseph T Carmack [mailto:Joseph.Carmack001@umb.edu]
Sent: Friday, March 07, 2008 3:54 PM
To: Bob Blaisdell
Cc: rwitherby@smithduggan.com; TValicenti@mbta.com
Subject: Depositions

Dear Sirs:

Attached is correspondence I will mail this afternoon.

Thank you for your consideration of this matter.

Joe Carmack

This electronic message and any files attached hereto contain confidential or privileged
information from the law firm of Donoghue, Barrett, and Singal. This information is
intended to be for the use of the individuals or entities to whom it is addressed only. If
you are not the intended recipient, be aware that any disclosure, copying, distribution or
use of the contents of this information is strictly prohibited. If you have received this
transmission in error, please notify the sender by reply email and destroy all copies of
this message.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S.
federal tax advice contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

**Carmack, Joseph T**

**Date:** Fri, 07 Mar 2008 16:27:51 -0500
**From:** "Bob Blaisdell" <rblaisdell@dbslawfirm.com>
**Subject:** RE: Depositions
**To:** "Joseph T Carmack" <Joseph.Carmack001@umb.edu>
**Cc:** <rwitherby@smithduggan.com> , <TValicenti@mbta.com>

Mr. Carmack -

Thank you for the correspondence. March 12 may be short notice for Ms.
Boumel, and I believe she was unavailable for most of next week, but I
will check.

MBCR does not plan on taking your deposition until closer to the end of
April. If you can let me know what dates you are available the week of
April 21-25, we can arrange a convenient date.

Also, as I have previously stated MBCR will object to the depositions of
anyone other than you, Ms. Boumel or Officer Pavia as any other persons
would have no relevance whatsoever to the only claims remaining in the
case, the Civil Rights Act claim under Count I, and (assuming you amend
the complaint as permitted by Magistrate Dien) the Rehabilitation Act
claim under Count X.

Your and Ms. Boumel's depositions may be held at our offices at One
Beacon Street. The site for other depositions, if any, will remain to
be discussed.

Thank you.

Robert K. Blaisdell, Esq.
Health Care Department
Donoghue Barrett & Singal, P.C.
One Beacon Street Suite 1320
Boston, Massachusetts 02108
Phone: (617) 598-6700
Fax: (617) 722-0276
Email: rblaisdell@dbslawfirm.com

This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.

-----Original Message-----
From: Joseph T Carmack [mailto:Joseph.Carmack001@umb.edu]
Sent: Friday, March 07, 2008 3:54 PM
To: Bob Blaisdell
Cc: rwitherby@smithduggan.com; TValicenti@mbta.com
Subject: Depositions

Dear Sirs:

Attached is correspondence I will mail this afternoon.

Thank you for your consideration of this matter.

tps://webmail.umb.edu/wm/eml/read.html?sessionid=3dc595562ad1d0cc88504606051?

Joe Carmack

This electronic message and any files attached hereto contain confidential or privileged
information from the law firm of Donoghue, Barrett, and Singal. This information is
intended to be for the use of the individuals or entities to whom it is addressed only. If
you are not the intended recipient, be aware that any disclosure, copying, distribution or
use of the contents of this information is strictly prohibited. If you have received this
transmission in error, please notify the sender by reply email and destroy all copies of
this message.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S.
federal tax advice contained in this communication (including any attachments) is not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding
penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to
another party any transaction or matter addressed herein.

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack<br><br>         Plaintiff, Pro Se<br><br>    v.<br><br>Massachusetts Bay Transportation Authority<br><br>    and<br><br>Massachusetts Bay Commuter Railroad Co.<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-11430-PBS

NOTICE OF DEPOSITION

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

ACTION:

YOU ARE HEREBY NOTIFIED THAT THE DEPOSITION OF

GERARD L. DEMODENA

will be taken at One Beacon Street, Suite 1320 in Boston, Massachusetts commencing at

10:00 AM on March 19, 2008.

YOU ARE FURTHER NOTIFIED THAT:

A. The deponent is not a party to this action. So far as known to the deposing

    Party, the deponent's address and telephone number are as follows:

89 South Street

Boston, MA 02110

B. The deponent will be examined to determine his knowledge, if any

1

concerning:

(1) Workplace violence policies and charges against the plaintiff as an employee of Massachusetts commuter rail.

(2) Grievances submitted by Plaintiff and other employees of Massachusetts commuter rail pursuant to the Railway Labor Act and applicable collective Bargaining Agreements.

(3) Discrimination and civil rights claims against the Defendants.

(4) any information reasonably calculated to lead to the discovery of admissible evidence in the above captioned case.

C. The deponent will present all documents which are not privileged or previously submitted in discovery disclosures which:

(1) have been created at any time for any reason and under his control referring to Joseph T. Carmack, including, but not limited to, personal notes, memos, electronic mail and letters, and

(2) have been created in consultation with the plaintiff including, but not limited to: (a) reports and notes for classes taken at local educational institutions, and (b) reports, notes and analyses of the poem "The Emperor of Ice Cream" by Wallace Stevens.

D. The deposing party intends to cause the proceedings to be recorded by court stenographer.

**Respectfully submitted,**

2

Date: March 12, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, No. 5
Boston, MA 02118
Work: 617/727-2310 ext. 7045
Cell Phone 617/504-0075

## Certificate of Service

I. Joseph T. Carmack hereby certify that I have on March 12, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell (Certified Mail #7007 2560 0000 7346 4580 Return Receipt Requested), Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-3113, and Richard Davey at 89 South Street, Boston, MA 02110.

Date: March 12, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, No. 5
Boston, MA 02118
Work: 617/727-2310 ext. 7045
Cell Phone: 617/504-0075

I. Joseph T. Carmack hereby certify that I have on March 12, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Suite 7760, Boston, MA 02116 and Reed Witherby at Two Center Plaza, Boston, MA 02108.

Date: March 12, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, No. 5
Boston, MA 02118
Work: 617/727-2310 ext. 7045
Cell Phone: 617/504-0075

3

Joseph T. Carmack
592 Tremont Street #5
Boston, MA  02118
Work:  617/727-2310
Cell:  617/504-0075

March 24, 2008

Mr. Todd Valicenti
MBTA – Assistant General Counsel
10 Park Plaza, Suite 7760
Boston, MA  02116

Mr. Reed Witherby
Smith & Duggan, LLP
Two Center Plaza, Suite 620
Boston, MA  02108

Mr. Robert K. Blaisdell
CERTIFIED MAIL – 7004 2510 0007 3142 2219
Return Receipt Requested
Donaghue, Barrett and Singal
One Beacon Street, Suite 1320
Boston, MA  02108

　　　　RE:　　CV05-11430-PBS, *Carmack v. MBTA and MBCR*

Dear Sirs:

　　　　　I am writing to express my concerns about delays to the discovery schedule outlined by Judge Saris in the Scheduling Conference held before her in November, 2007 and in the amendment ordered in March 2008.  We are now almost four weeks into the extended discovery schedule with just over four weeks remaining.  Up to this date, I have been unable to go ahead with depositions because of continuous objections and dilatory moves.  I have received little response to my requests for a confidentiality agreement other than the draft proposal that was discussed at conference between the parties on February 21, 2008.  I have requested that the defendants specify no more than two representative employees each that will be authorized to view confidential materials.

　　　　　In various discovery and motion conferences beginning on or about November 28, 2007, I explained to the defendants that I would need to earn money to pay for depositions before I could begin scheduling them.  At the end of January 2008, I advised the defendants that I wanted to begin scheduling depositions.  On or about February 7, 2008, I sent a letter containing a list of deponents with whom I needed to begin

1

scheduling depositions. A list of communications and correspondences and a brief description of each is as follows:

1. 11/16/2007    Telephone conference between parties. Defendants do not believe scheduling conference is in order. Propose schedule of pre-discovery motions. Plaintiff states belief that court will require discovery schedule but at some point the parties will have to agree to a timeline for initial disclosures.

2. 11/28/2007    Telephone conference between the parties. Parties disagree on significance of Court's electronic order of 11/27/2007. Plaintiff states that the parties have been ordered to proceed with discovery. Defendants can make standard objections at depositions. Plaintiff advises that it will take some time to earn money for court reporters before depositions can begin. Plaintiff proposes that Complaint should be amended by motion in order to facilitate resolution of differences.

3. 12/10/2007    Plaintiff files Motion to Amend Complaint.

4. 1/7/2008    Plaintiff files memorandum for Motion to Amend Complaint.

5. 2/1/2008    Plaintiff received e-mails of oppositions to Motion to Amend Complaint from Defendants

6. 2/6/2008    Plaintiff moves for leave to respond to oppositions. E-mail to Defendants regarding response and deactivation notice of Plaintiff's e-mail service.

7. 2/7/2008    Letter sent by U. S. and electronic mail specifying 10 deponents. Plaintiff requests contact with Defendants to agree on scheduling of depositions. Specify need to send deposition notices beginning 2/8/2008. Attached a deposition notice for Officer Pavia scheduling deposition for 2/14/8.

8. 2/7/2008    MBCR responds to plaintiff's e-mail with the following request: "Mr. Carmack – for each MBCR "employee" you wish to depose, could you please specify how their testimony would be relevant to your claim(s), and to which claim(s) in particular."

MBTA responds to plaintiff's e-mail, in part, as follows: "The only proposed deponent whom I can confirm to be an MBTA employee is Officer Pavia. ... I will be back in touch with you tomorrow as to the others and as to as to (sic) Officer Pavia's availability and other logistical questions."

9. 2/8/2008    Plaintiff e-mails deposition notice scheduling deponent Boumel for 2/14/8.

MBCR responds, in part, with: "I spoke with Ms. Boumel this morning. She is not available for a deposition on Feb. 14. She is available Feb. 25, 26, 27 or 28. Kindly choose one of those dates.

MBTA responds, in part, with: "I just spoke with Officer Pavia. He is available to be deposed on Feb. 21 or 22, starting at 11:00 AM or, if you prefer, later on one of those days.

10. 2/8/2008    Forwarded notice to defendants that plaintiff's complimentary Electronic mail service with University of Massachusetts at Boston was scheduled for deactivation.

11. 2/12/2008 Plaintiff received electronic mail from MBCR stating as follows: "MBCR and/or MBTA would like to schedule your deposition for Feb. 28. We ask that you try to accommodate that date as trial schedules make it very difficult for all of us to get together at any other time. Please let us know. Thank you."

12. 2/13/2008 Sent deposition notices to Defendants by electronic mail and U.S. Mail for deposition of Pavia on 2/21/2008.

13. 2/13/2008 Plaintiff sends notice to Defendants requesting that the date of plaintiff's deposition be changed. It was too much of a loss of pay to plaintiff and employer's inconvenience to schedule two depositions in the same week. If plaintiff is to honor defendants' request for a deposition of 2/28/2008, plaintiff would be deposing witness Boumel two days before in the same week. Plaintiff intends to motion the Court for leave to extend the discovery schedule.

Defendant MBCR responds that the defendants can't change the date of plaintiff's deposition until a change in the discovery schedule is granted.

14. 2/15/2008 Plaintiff holds telephone conference with MBCR for support of motion to extend the discovery schedule. MBCR states: "I can't say that I don't have an objection to it."

15. 2/18/2008 Plaintiff's e-mail service is deactivated.

16. 2/20/2008 Plaintiff's e-mail service is reactivated. Plaintiff receives MBCR's notice of Deposition of Plaintiff.

3

17. 2/25/2008   Plaintiff sends electronic mail to parties stating that plaintiff must cancel deposition of Boumel in deference to MBCR's deposition of plaintiff.

18. 2/27/2008   MBCR conferences with plaintiff and advises plaintiff that the Defendants have decided to agree to a motion for an extension of the discovery schedule. Defendants choose to postpone deposition of plaintiff and confirm postponement in e-mail. Defendants do not agree to plaintiff's draft and parties agree to a generic draft.

19. 3/6/2008    Court grants motion extending Fact Discovery to April 30, 2008.

20. 3/7/2008    Plaintiff sends electronic mail and U.S. Mail correspondence to Defendants proposing deposition schedule necessary to complete Fact Discovery by April 30. Plaintiff states he must request leave for a second deposition of Pavia.

                MBTA responds by electronic mail to Plaintiff and advises "that the MBTA will object to a second deposition of Officer Pavia as he has already been deposed in this case".

21. 3/10/2008   MBCR sends electronic mail to plaintiff stating that "MBCR will object to the depositions of anyone other than you, Ms. Boumel or Officer Pavia as any other persons would have no relevance whatsoever to the only claims remaining in the case, The Civil Rights Act claim under Count I. And (assuming you amend the complaint as permitted by Magistrate Dien) the Rehabilitation Act claim under Count X. ... "

22. 3/12/2008   Plaintiff sends Deposition notice for DeModena by electronic mail attachment and U.S. Mail to schedule deposition for March 19, 2008.

                MBCR returns electronic mail stating opposition to DeModena Deposition and intention to file motion for a Protective Order.

23. 3/13/2008   MBCR confers by telephone regarding protective order against deposition of DeModena and other MBCR employees. Plaintiff opposes protective order and states that "we will have to agree to disagree".

24. 3/18/2008   Plaintiff learns that complimentary electronic mail service with the University of Massachusetts at Boston has been deactivated again.

As a result of continuous objections, primarily by MBCR, I have not been able to maintain a reasonable deposition schedule or progress towards an adequate discovery. Please outline for me in writing your objections to depositions and identify dates when the depositions can be scheduled (subject, of course, to any motions for protective orders). Please specify the limits that any motions for protective orders will describe. Also, I ask that each defendant name two corporate officers which will be permitted to view confidential materials.

Thank you for your consideration of this matter.

Sincerely,

Joseph T. Carmack

### Certificate of Service

I, Joseph T. Carmack hereby certify that I have on March 24, 2008 served a true copy of the foregoing document by First Class U.S. Certified Mail #7004 2510 0007 3142 2219 to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company at One Beacon St. Suite 1320 Boston, MA 02108-3113

Date: March 24, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, #5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

I, Joseph T. Carmack hereby certify that I have on March 24, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and Mr. Reed Witherby, Two Center Plaza, Suite 620, Boston, MA 02108

Date: March 24, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street, #5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

**EXHIBIT 4**

Joseph T. Carmack
592 Tremont Street #5
Boston, MA 02118
Work: 617/727-2310
Cell: 617/504-0075

March 27, 2008

Mr. Todd Valicenti
MBTA – Assistant General Counsel
10 Park Plaza, Suite 7760
Boston, MA 02116

Mr. Reed Witherby
Smith & Duggan, LLP
Two Center Plaza, Suite 620
Boston, MA 02108

Mr. Robert K. Blaisdell
Donaghue, Barrett and Singal
One Beacon Street, Suite 1320
Boston, MA 02108

      RE:    CV05-11430-PBS, Carmack v. MBTA and MBCR

Dear Sirs:

      I am in receipt of correspondence from Mr. Blaisdell agreeing to depose Ms. Boumel on April 2, 2008. As a result, I will be exchanging deposition dates between Boumel and Carmack. I also will have to change Dr. Vasile's deposition to April 22, 2008. The current schedule is as follows:

| April 2, 2008 | J. Boumel |
|---|---|
| April 9, 2008 | J. Carmack |
| April 16, 2008 | G. L. DeModena |
| April 22, 2008 | R. G. Vasile |

      All depositions will be at 100 Franklin Street in Boston. Pursuant to delays to discovery outlined in my letter to defendants' counsels dated March 24, 2008, I will be moving for another extension of the discovery schedule. I will also be moving to compel MBCR and for leave to depose Pavia again. We will conference on these motions.

      I have also discovered that I have about 3 ½ boxes of potentially relevant evidence to declare. I need to make a closer review of the contents, but I will send a generalized log of the items under separate cover. Updated deposition notices for Boumel, Carmack and Vasile are enclosed.

Thank you for your consideration of this matter.

Sincerely,

Joseph T. Carmack

pc:    Jack Daniel Court Reporting

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Joseph T. Carmack<br>        Plaintiff, Pro Se | )<br>)<br>) |
|  | )     Civil Action No. 05-11430-PBS |
| v. | )<br>) |
| Massachusetts Bay Transportation Authority | )<br>) |
| and | )<br>) |
| Massachusetts Bay Commuter Railroad Co. | )<br>) |
| Defendants | )<br>) |

## NOTICE OF TAKING DEPOSITION

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

ACTION:

Please take notice that at 10:00 a.m. on Wednesday, April 16, 2008, at the offices of **JACK DANIEL COURT REPORTING, 100 Franklin Street, 3rd Floor (Entrance at 201 Devonshire Street), Boston, Massachusetts,** the plaintiff, Joseph T. Carmack, will take the deposition upon oral examination of **Gerard L. DeModena** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths.

The deponent is further required to bring the documents requested in the attached Schedule "A". The Oral Examination will continue from day to day until completed.

**Respectfully submitted,**

Date: March 26, 2008

*[signature]*

Joseph T. Carmack, Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

1

## Schedule "A"

The deponent, **Gerard L. DeModena** will present all documents which are not
privileged or previously submitted in discovery disclosures which:

a. have been created at any time for any reason and under his control referring to

Joseph T. Carmack, including, but not limited to, personal notes, memos,

electronic mail and letters, and

b. have been created in consultation with the plaintiff, Joseph T. Carmack,

including, but not limited to: (a) reports and notes for classes taken at local

educational institutions, and (b) reports, notes and analyses of the poem "The

Emperor of Ice Cream" by Wallace Stevens.

**Certificate of Service**

I. Joseph T. Carmack hereby certify that I have on March 26, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-311, CERTIFIED MAIL 7007 2560 0000 7346 4597

Date: March 26, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

I. Joseph T. Carmack hereby certify that I have on March 26, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date: March 26, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

3

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF    MASSACHUSETTS

JOSEPH T CARMACK

**SUBPOENA IN A CIVIL CASE**

V.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
AND
MASSACHUSETTS BAY COMMUTER RAILROAD CO.

Case Number:[1]

TO: GERARD L. DeMODENA
    127 SAINT ANDREW ROAD
    EAST BOSTON, MA  02128-1252

## 05 CA 11430 PBS

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  JACK DANIEL Court REPORTING 100 FRANKLIN STREET, 3RD FLOOR (ENTRANCE ON 201 DEVONSHIRE) BOSTON MA 02110 | DATE AND TIME APRIL 16, 2008 10:00 a. m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE   ATTACHMENT :  SCHEDULE "A".

| PLACE  JACK DANIEL Court REPORTING 101 FRANKLIN STREET, 3RD FLOOR (ENTRANCE AT 201 DEVONSHIRE) BOSTON, MA  02110 | DATE AND TIME APRIL 16, 2008 10:00 A. M. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 2/27/08 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

# **AFFIDAVIT OF SERVICE**

## UNITED STATES DISTRICT COURT
## Suffolk District of Massachusetts

Case Number: 05CA11430PBS

Plaintiff:
**Joseph T. Carmack.,**

vs.

Defendant:
**Massachusetts Bay Transportation Authority and
Massachusetts Bay Commuter Railroad Co.,**

For:
Joseph Carmack
592 Tremont Street #5
Boston, MA 02118

Received by STOKES & LEVIN on the 31st day of March, 2008 at 8:48 am to be served on **Gerald L. Demodena., 127 Saint Andrew Road East Boston, MA 02128.**

I, Robert Terrill, being duly sworn, depose and say that on the **4th day of April, 2008** at **8:00 pm, I:**

**Affixed** a true copy of the **Subpoena in a Civil Case and Schedule A** to the door of said premises, the same being the defendant/respondent's was not at the above location at the time to accept in hand service. Deponent completed service by depositing a copy of the writ in a postpaid properly addressed envelope bearing the words "Personal & Confidential" by first class mail on 4/4/2008 in an official depository of the U.S.P.S. in the State of Massachusetts.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Subscribed and Sworn to before me on the 7th
day of April, 2008 by the affiant who is
personally known to me.

NOTARY PUBLIC

**Robert Terrill**
Civil Process Division

**STOKES & LEVIN
27 Glen Street
Stoughton, MA 02072
(781) 341-8390**

MARIA BARROS
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES
MAY 21, 2010

Our Job Serial Number: 2008000486

Service Fee: _____

## Schedule "A"

The deponent, **Gerard L. DeModena** will present all documents which are not privileged or previously submitted in discovery disclosures which:

a. have been created at any time for any reason and under his control referring to Joseph T. Carmack, including, but not limited to, personal notes, memos, electronic mail and letters, and

b. have been created in consultation with the plaintiff, Joseph T. Carmack, including, but not limited to: (a) reports and notes for classes taken at local educational institutions, and (b) reports, notes and analyses of the poem "The Emperor of Ice Cream" by Wallace Stevens.

2

**EXHIBIT 5**

Joseph T. Carmack
592 Tremont Street #5
Boston, MA 02118
Work: 617/727-2310
Cell: 617/504-0075

April 7, 2008

Mr. Todd Valicenti
MBTA – Assistant General Counsel
10 Park Plaza, Suite 7760
Boston, MA 02116

Mr. Reed Witherby
Smith & Duggan, LLP
Two Center Plaza, Suite 620
Boston, MA 02108

Mr. Robert K. Blaisdell
Donaghue, Barrett and Singal
One Beacon Street, Suite 1320
Boston, MA 02108

      RE:    CV05-11430-PBS, Carmack v. MBTA and MBCR

Dear Sirs:

After careful consideration of Judge Saris' comments at the motion hearing on April 4, I have decided that it will not be necessary to depose myself. Therefore, I am cancelling the deposition scheduled for April 9, 2008 at Jack Daniel Court Reporting at 100 Franklin Street in Boston, MA.

However, I am nonetheless available on April 9 should defense parties decide to depose me. Given the need to schedule other depositions with 7 days advance notice and my personal scheduling constraints, April 9 is the only date for which I will be available. Given that the parties are already prepared for this date, it is reasonable for me to expect that date to be used for a deposition.

Thank you for your consideration of this matter.

Sincerely,

Joseph T. Carmack

pc: Jack Daniel Court Reporting
    Rich Davey

From: "Bob Blaisdell" <rblaisdell@dbslawfirm.com>
Subject: **RE: Cancel Carmack Deposition**
Date: April 7, 2008 1:28:00 PM PDT
To: "JOSEPH CARMACK" <joec30@verizon.net>, <tvalicenti@MBTA.com>, <rwitherby@smithduggan.com>

Mr. Carmack - thank you for your notice. I spoke with Attorney
Witherby, and neither the MBTA nor MBCR will be in a position to take
your deposition on Wed., 4/9. Both he and I are available April 24, 25,
and 28, and would like to schedule your deposition for one of those
days. Please let us know what works for you.

Since we all have 4/9 open, however, I am trying to see if I can produce
anyone on behalf of MBCR on that date. It may not be possible on such
short notice, but given our compact discovery timeline I will see what I
can do.

Of course, if you could schedule Dennis Coffey and/or Dr. Vasile for
4/9, that would be another way to use the date.

Robert K. Blaisdell, Esq.
Health Care Department
Donoghue Barrett & Singal, P.C.
One Beacon Street Suite 1320
Boston, Massachusetts 02108
Phone: (617) 598-6700
Fax: (617) 722-0276
Email: rblaisdell@dbslawfirm.com

This email message is for the sole use of the intended recipient(s) and
may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited. If you are not
the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.

-----Original Message-----
From: JOSEPH CARMACK [mailto:joec30@verizon.net]
Sent: Monday, April 07, 2008 3:14 AM
To: Bob Blaisdell; tvalicenti@MBTA.com; rwitherby@smithduggan.com
Subject: Cancel Carmack Deposition

Dear Sirs:

    I have decided to cancel my deposition. See attached
correspondence
to be mailed to you today.

    Thank you for consideration of this matter.

Sincerely,

Joseph T. Carmack

the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender by reply email and destroy all copies of this message.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.



Memo - Moti. df (30.5 KB)

**EXHIBIT 6**

Joseph T. Carmack
592 Tremont Street #5
Boston, MA  02118
Work:  617/727-2310
Cell:  617/504-0075

April 8, 2008

Mr. Todd Valicenti
MBTA – Assistant General Counsel
10 Park Plaza, Suite 7760
Boston, MA  02116

Mr. Reed Witherby
Smith & Duggan, LLP
Two Center Plaza, Suite 620
Boston, MA  02108

Mr. Robert K. Blaisdell
(CERTIFIED MAIL #7007 2560 0000 7346 5716)
Donaghue, Barrett and Singal
One Beacon Street, Suite 1320
Boston, MA  02108

     RE:   CV05-11430-PBS, Carmack v. MBTA and MBCR

Dear Sirs:

Enclosed, please find and updated deposition notice for Dr. Russell Vasile and notices for Christa (Cupernall) Phillips, William Rae and Michael J. O'Malley.

Thank you for your consideration of this matter.

Sincerely,

Joseph T. Carmack

Joseph T. Carmack

Pc:   Shannon Walker, Jack Daniel Court Reporting
      Richard Davey

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack<br><br>                    Plaintiff, Pro Se<br><br>          v.<br><br>Massachusetts Bay Transportation Authority<br><br>          and<br><br>Massachusetts Bay Commuter Railroad Co.<br><br>                    Defendants | )<br>)<br>)<br>)     Civil Action No. 05-11430-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **NOTICE OF TAKING DEPOSITION**

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

ACTION:

Please take notice that at 9:00 a.m. on Monday, April 21, 2008, at the offices of **JACK DANIEL COURT REPORTING, 100 Franklin Street, 3rd Floor (Entrance at 201 Devonshire Street), Boston, Massachusetts,** the plaintiff, Joseph T. Carmack, will take the deposition upon oral examination of **William Rae** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths.

The deponent is further required to bring the documents requested in the attached Schedule "A". The Oral Examination will continue from day to day until completed.

**Respectfully submitted,**

Date: April 8, 2008

Joseph T. Carmack, Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA  02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

1

## Schedule "A"

The deponent, William Rae will present all documents or records not previously submitted in his possession for:

> **Name:** Joseph T. Carmack
> **Address:** 398 Columbus Avenue, Boston, MA  02116-6008
> **Alternate Address:** 592 Tremont St. Boston, MA 02118-1669

Including, but not limited to the following:

a.  any and all documents referencing Joseph T. Carmack, including, but not

limited to, personal notes, memos, electronic mail and letters;

b. Correspondences to or from Joseph T. Carmack

2

## Certificate of Service

I. Joseph T. Carmack hereby certify that I have on April 8, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of William Rae) by First Class U.S. Mail to Robert K. Blaisdell (CERTIFIED MAIL #7007 2560 0000 7346 4603), Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-3113 and Richard Davey at 89 Canal Street, Boston, MA 02110.

Date:  April 8, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075


I. Joseph T. Carmack hereby certify that I have on April 8, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of William Rae) by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date:  April 8, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

3

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Joseph T. Carmack | ) | |
| Plaintiff, Pro Se | ) | |
| | ) | Civil Action No. 05-11430-PBS |
| v. | ) | |
| | ) | |
| Massachusetts Bay Transportation Authority | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Massachusetts Bay Commuter Railroad Co. | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF TAKING DEPOSITION

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

ACTION:

Please take notice that at 2:00 p.m. on Monday, April 21, 2008 at the offices of **JACK DANIEL COURT REPORTING, 100 Franklin Street, 3rd Floor (Entrance at 201 Devonshire Street), Boston, Massachusetts,** the plaintiff, Joseph T. Carmack, will take the deposition upon oral examination of **Michael J. O'Malley** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths.

The deponent is further required to bring the documents requested in the attached Schedule "A". The Oral Examination will continue from day to day until completed.

Respectfully submitted,

Date: April 8, 2008

Joseph T. Carmack, Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

1

## Schedule "A"

The deponent, Michael J. O'Malley will present all documents or records in his

possession for:

>**Name:** Joseph T. Carmack
>**Address:** 398 Columbus Avenue, Boston, MA  02116-6008
>**Alternate Address:** 592 Tremont St. Boston, MA 02118-1669

Including, but not limited to the following:

a. any and all documents referencing Joseph T. Carmack, including, but not

limited to, personal notes, memos, electronic mail and letters;

b. Correspondences to or from Joseph T. Carmack

## Certificate of Service

I. Joseph T. Carmack hereby certify that I have on April 8, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of Michael J. O'Malley) by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-311, CERTIFIED MAIL #7007 2560 0000 7346 4603, and Richard Davey at 89 Canal Street, Boston, MA 02110.

Date: April 8, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075


I. Joseph T. Carmack hereby certify that I have on April 8, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of Michael J. O'Malley) by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date: April 8, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

3

Joseph T. Carmack
592 Tremont Street #5
Boston, MA 02118
Work: 617/727-2310
Cell: 617/504-0075

Date: *April 9, 2008*

Mr. Todd Valicenti
MBTA – Assistant General Counsel
10 Park Plaza, Suite 7760
Boston, MA 02116

Mr. Reed Witherby
Smith & Duggan, LLP
Two Center Plaza, Suite 620
Boston, MA 02108

Mr. Robert K. Blaisdell
CERTIFIED MAIL #7007 2560 0000 7349 5730
Donaghue, Barrett and Singal
One Beacon Street, Suite 1320
Boston, MA 02108

    RE: CV05-11430-PBS, Carmack v. MBTA and MBCR

Dear Sirs:

    Enclosed with this letter, please find deposition notice for Kevin Lydon.

Thank you for your consideration of this matter.

Sincerely,

Joseph T. Carmack

Joseph T. Carmack

### Certificate of Service

I, Joseph T. Carmack hereby certify that I have on April 9, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of Kevin Lydon) by First Class U.S. Mail to Robert K. Blaisdell (CERTIFIED MAIL 7007 2560 0000 7346 5730), Attorney for Massachusetts Bay Commuter Railroad Company at One Beacon St. Suite 1320 Boston, MA 02108-3113 and Richard Davey at 89 Canal Street, Boston, MA 02110.

Date: May 4, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

I, Joseph T. Carmack hereby certify that I have on April 9, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of Kevin Lydon) by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108

Date: May 4, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

3

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack<br><br>        Plaintiff, Pro Se<br><br>    v.<br><br>Massachusetts Bay Transportation Authority<br><br>    and<br><br>Massachusetts Bay Commuter Railroad Co.<br><br>        Defendants | Civil Action No. 05-11430-PBS |

## NOTICE OF TAKING DEPOSITION

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

ACTION:

Please take notice that at 9 a.m. on Wednesday, April 30, 2008, at the offices of **JACK DANIEL COURT REPORTING, 100 Franklin Street, 3rd Floor (Entrance at 201 Devonshire Street), Boston, Massachusetts,** the plaintiff, Joseph T. Carmack, will take the deposition upon oral examination of **an Massachusetts Bay Transportation Authority representative** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths. The Massachusetts Bay Transit Authority (MBTA) will produce a deponent familiar with Massachusetts commuter rail operating agreements, Federal Transit Act (FTA) requirements for Massachusetts commuter rail, FTA grants for commuter rail, Interstate Commerce Act requirements for Massachusetts commuter rail, United States Department of Labor requirements for Massachusetts commuter rail, Surface Transportation Board orders for Massachusetts commuter rail, The application of the Rehabilitation Act to Massachusetts commuter rail operations, the application of the United States Railway Labor Act to Massachusetts commuter rail operations, the formation of Massachusetts commuter rail, MBTA contractual relations with other Massachusetts carriers (including, but not limited to contractual relations with the Massachusetts Commuter Rail Railroad Company) and the application of Massachusetts General Law to Massachusetts commuter rail operations.

1

The deponent is further required to bring the documents requested in the attached Schedule "A". The Oral Examination will continue from day to day until completed.

**Respectfully submitted,**

Date: April 16, 2008

Joseph T. Carmack, Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

2

The deponent is further required to bring the documents requested in the attached Schedule "A". The Oral Examination will continue from day to day until completed.

**Respectfully submitted,**

Date: April 16, 2008

Joseph T. Carmack, Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

2

**Certificate of Service**

I. Joseph T. Carmack hereby certify that I have on April 16, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of ___~11 B T A~___ ) by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-311, ~~CERTIFIED MA~~IL _____, and Richard Davey at 89 Canal Street, Boston, MA 02110.

Date: __4/30/8__      _____

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

I. Joseph T. Carmack hereby certify that I have on _____ served a true copy of the foregoing document ("Notice of Taking Deposition" of ___M B T A___ ) by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date: __4/30/8__      _____

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

**EXHIBIT 7**

From: "Bob Blaisdell" <rblaisdell@dbslawfirm.com>
Subject: **Dennis Coffey**
Date: April 5, 2008 7:29:08 AM PDT
To: <joec30@verizon.net>
Cc: <rwitherby@smithduggan.com>, <TValicenti@mbta.com>

Mr. Carmack - I am sorry I forgot, but as I mentioned to you in the Feb. 7 e-mail below, Dennis Coffey is not connected to MBCR. Consequently, I cannot assist in scheduling his deposition. You will need to send him notice of his deposition.

Again, sorry I did not remember this while we were at the hearing.


-----Original Message-----
From: Bob Blaisdell
Sent: Thursday, February 07, 2008 5:48 PM
To: Bob Blaisdell; 'Joseph T Carmack'
Cc: 'rwitherby@smithduggan.com'; 'TValicenti@mbta.com'
Subject: RE:

Mr. Carmack - to follow-up on my earlier e-mail, please note that Dennis Coffey is not now, and never was, an employee of MBCR.

-----Original Message-----
From: Bob Blaisdell
Sent: Thursday, February 07, 2008 4:06 PM
To: 'Joseph T Carmack'
Cc: rwitherby@smithduggan.com; TValicenti@mbta.com
Subject: RE:

Mr. Carmack - for each MBCR "employee" you wish to depose, could you please specify how their testimony would be relevant to your claim(s), and to which claim(s) in particular?

In addition, please know that some of the people that you designated "MBCR/MBTA" may not be employees of either entity. I am in the process of investigating as to status with MBCR.

Thank you.

Robert K. Blaisdell, Esq.
Health Care Department
Donoghue Barrett & Singal, P.C.
One Beacon Street Suite 1320
Boston, Massachusetts 02108
Phone: (617) 598-6700
Fax: (617) 722-0276
Email: rblaisdell@dbslawfirm.com

This email message is for the sole use of the intended recipient(s) and

This electronic message and any files attached hereto contain confidential or privileged information from the law firm of Donoghue, Barrett, and Singal. This information is intended to be for the use of the individuals or entities to whom it is addressed only. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender by reply email and destroy all copies of this message.

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.



**MBCR**

*Massachusetts Bay*
*Commuter Railroad Company*

May 6, 2003

<u>**PERSONAL AND CONFIDENTIAL**</u>

<u>**VIA CERTIFIED MAIL**</u>

J. T.Carmack
398 Columbia Avenue
PMB 130
Boston, MA 02116-6008

Subject : Conditional Offer of Employment

Dear J.T. Carmack,

As you know, the Massachusetts Bay Commuter Railroad Company (MBCR) and the Brotherhood of Locomotive Engineers agreed to a collective bargaining agreement, subject to the ratification process of the organization. We were very pleased to reach this agreement and we look forward to a productive and cooperative relationship with the BLE. As the union ratification process proceeds, the BLE will provide you with the details of the collective bargaining agreement, including wage information.

At this time, MBCR is pleased to extend to you a conditional offer of employment as a locomotive engineer effective July 1, 2003. **This offer of employment is conditioned upon your holding sufficient seniority on an Amtrak Work Zone CS-1 or Work Zone 1 (Boston Crew Base) roster in accordance with the agreement between MBCR and the BLE and your successful completion of the following:**

(1)     Your completion of the enclosed Pre-Employment Medical Questionnaire and Amtrak medical record authorization form. The authorization form will authorize Amtrak to provide MBCR with any medical records that you may have on file with Amtrak. Rather than require a new physical exam for all employees, MBCR will use employees' responses to the questionnaire and employees' previous medical records, wherever possible, to demonstrate that employees are fit to work as required by the MBTA.

(2)     Your successful completion of drug and alcohol tests before your employment commences. For your convenience, MBCR will conduct employee enrollment and benefit enrollment meetings from May 12th to May 23rd. At these meetings you will have the opportunity to complete the required documentation and drug and alcohol testing. There will be informational flyers posted throughout the commuter rail and MBTA facilities that list times and locations of the meetings.

The signed letter, the Pre-Employment Medical Questionnaire, and the medical record authorization form must be completed and returned to MBCR, with a copy to the BLE General Chairman, no later than May 15, 2003. We have enclosed two addressed stamped envelopes for your convenience. **MBCR shall have no further employment obligations to individuals who fail or decline to return the required documentation or who decline to take the drug and alcohol tests.** Therefore, it is imperative that you return the documentation to MBCR by May 15th.

A separate package and letter will be sent to you that describe the bidding process and will include a bulletin listing the assignments under advertisement. This package and letter will also explain the rights and options for individuals who accept this conditional offer of employment but who may not hold sufficient seniority to retain a position on the initial advertisement.

We are looking forward to employing you and other members of the current commuter rail workforce upon commencement of our management of the MBTA Commuter Rail Service on Tuesday, July 1, 2003. The first day of service will be an extremely important one for MBCR and for the commuting public. Our focus on delivering quality service will begin that day and will continue throughout the life of our agreement with the MBTA.

We know that with the experience of the current team we can accomplish our goal of continually improving the quality of service. MBCR is committed to working in full cooperation with the MBTA to provide superior commuter rail services and your contribution to this endeavor will certainly make it a success. We sincerely hope that you accept this conditional offer of employment and continue with the employment process.

If you have any questions about this conditional offer of employment or any other aspect of employment with MBCR, please do not hesitate to contact Dennis Coffey at (617) 772-4992.

Yours truly,

Kevin C Lydon

Kevin Lydon
General Manager

I accept this conditional offer of employment and wish to continue to participation in the employment process with MBCR:

Name: _Joseph D Carmack_ JOSEPH T. CARMACK SSN: _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_

Signed: _Joseph T Carmack_  Date: _5/14/2003_

CERTIFIED MAIL:
  MBCR - 7001 1940 0005 7197 9945
  RLF - 7001 1940 0005 7198 0200

**EXHIBIT 8**

Joseph T. Carmack
592 Tremont Street #5
Boston, MA 02118
Work: 617/727-2310
Cell: 617/504-0075

April 22, 2008

Mr. Todd Valicenti
MBTA – Assistant General Counsel
10 Park Plaza, Suite 7760
Boston, MA 02116

Mr. Reed Witherby
Smith & Duggan, LLP
Two Center Plaza, Suite 620
Boston, MA 02108

Mr. Robert K. Blaisdell
Donaghue, Barrett and Singal
One Beacon Street, Suite 1320
Boston, MA 02108

  RE: CV05-11430-PBS, Carmack v. MBTA and MBCR

Dear Sirs:

  While I was preparing for depositions, I realized that I had Amtrak Exhibits from Carmack v. NRPC which have not been delivered to you. Attached is Amtrak's list of exhibits. Copies of these exhibits are in my control. I will make them available for copying at your request.

  I would also like to add that I intend to use transcripts of depositions of Michael J. O'Bryan and me, Joseph Carmack that were taken by Amtrak. I do not have copies of the transcripts, however. At close of discovery in the Amtrak case, I was not able to pay for the transcripts. I was not able to use the transcripts in the Amtrak case, but I believe I will be able to afford them before I need to refer to them in response to a summary judgment motion in this case. Therefore, I would like to declare my intent to refer to them. As soon as I can identify the dates of the depositions I will let you know. You can order the transcripts at Federal Court Reporters. The phone number is: 978/535-8333.

  Also, this weekend I received the Court's response to MBCR's Motion for a protective order. Although I intend to respond to the motion and object to the Court's order, I can't afford to depend on a motion for an enlargement of time. Therefore, I am submitting the following revised deposition schedule of the remaining depositions that

were postponed. Since all the deponents have been previously noticed, I believe the
schedule that I submit is proper:

| | |
|---|---|
| William Rae | April 28, 2008 at 2:00 PM |
| Gerard DeModena | April 29, 2008 at 9:00 AM |
| Michel O'Malley | April 29, 2008 at 2:00 PM |
| MBTA | April 30, 2008 at 9:00 AM |
| Kevin Lydon | April 30, 2008 at 2:00 PM |

Revised deposition notices were mailed this evening. My ability to apply this schedule
and participate in my own deposition on April 28, 2008 at 9:30 AM is entirely contingent
on my employer's ability to permit my absence on these dates.

Thank you for your consideration of this matter.

Sincerely,

Joseph T. Carmack

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack<br>　　　　　Plaintiff, Pro Se<br><br>　　v.<br><br>Massachusetts Bay Transportation Authority<br><br>　　and<br><br>Massachusetts Bay Commuter Railroad Co.<br><br>　　　　Defendants | )<br>)<br>)<br>)　　Civil Action No. 05-11430-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **NOTICE OF TAKING DEPOSITION**

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

ACTION:

Please take notice that at 2:00 p.m. on Monday, April 28, 2008, at the offices of **JACK DANIEL COURT REPORTING, 100 Franklin Street, 3rd Floor (Entrance at 201 Devonshire Street), Boston, Massachusetts,** the plaintiff, Joseph T. Carmack, will take the deposition upon oral examination of **William Rae** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths.

The deponent is further required to bring the documents requested in the attached Schedule "A". The Oral Examination will continue from day to day until completed.

**Respectfully submitted,**

Date: April 22, 2008

Joseph T. Carmack, Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

1

## Schedule "A"

The deponent, William Rae will present all documents or records not previously submitted in his possession for:

> **Name:** Joseph T. Carmack
> **Address:** 398 Columbus Avenue, Boston, MA 02116-6008
> **Alternate Address:** 592 Tremont St. Boston, MA 02118-1669

Including, but not limited to the following:

a. any and all documents referencing Joseph T. Carmack, including, but not

limited to, personal notes, memos, electronic mail and letters;

b. Correspondences to or from Joseph T. Carmack

**Certificate of Service**

     I. Joseph T. Carmack hereby certify that I have on April 22, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of William Rae) by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-311, and Richard Davey at 89 Canal Street, Boston, MA 02110.

Date:  April 22, 2008

                                Joseph T. Carmack
                                Plaintiff, Pro Se
                                592 Tremont Street#5
                                Boston, MA  02118-1669
                                Work:  617/727-2310 ext. 7045
                                Mobile:  617/504-0075

     I. Joseph T. Carmack hereby certify that I have on April 22, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of William Rae) by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date:  April 22, 2008

                                Joseph T. Carmack
                                Plaintiff, Pro Se
                                592 Tremont Street#5
                                Boston, MA  02118-1669
                                Work:  617/727-2310 ext. 7045
                                Mobile:  617/504-0075

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack<br>          Plaintiff, Pro Se<br><br>          v.<br><br>Massachusetts Bay Transportation Authority<br><br>          and<br><br>Massachusetts Bay Commuter Railroad Co.<br><br>          Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 05-11430-PBS |

## NOTICE OF TAKING DEPOSITION

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

ACTION:

Please take notice that at 9:00 a.m. on Tuesday, April 29, 2008, at the offices of **JACK DANIEL COURT REPORTING, 100 Franklin Street, 3rd Floor (Entrance at 201 Devonshire Street), Boston, Massachusetts,** the plaintiff, Joseph T. Carmack, will take the deposition upon oral examination of **Gerard L. DeModena** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths.

The deponent is further required to bring the documents requested in the attached Schedule "A". The Oral Examination will continue from day to day until completed.

**Respectfully submitted,**

Date: April 22, 2008

Joseph T. Carmack, Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA  02118-1669
Work:  617/727-2310 ext. 7045
Mobile:  617/504-0075

1

## Schedule "A"

The deponent, **Gerard L. DeModena** will present all documents which are not

privileged or previously submitted in discovery disclosures which:

a. have been created at any time for any reason and under his control referring to

Joseph T. Carmack, including, but not limited to, personal notes, memos,

electronic mail and letters, and

b. have been created in consultation with the plaintiff, Joseph T. Carmack,

including, but not limited to: (a) reports and notes for classes taken at local

educational institutions, and (b) reports, notes and analyses of the poem "The

Emperor of Ice Cream" by Wallace Stevens.

**Certificate of Service**

I. Joseph T. Carmack hereby certify that I have on April 22, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company ate One Beacon St. Suite 1320 Boston, MA 02108-3113.

Date: April 22, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

I. Joseph T. Carmack hereby certify that I have on April 22, 2008 served a true copy of the foregoing document by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date: April 22, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

3

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Joseph T. Carmack<br><br>            Plaintiff, Pro Se<br><br>v.<br><br>Massachusetts Bay Transportation Authority<br><br>    and<br><br>Massachusetts Bay Commuter Railroad Co.<br><br>    Defendants | )<br>)<br>)<br>)  Civil Action No. 05-11430-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **NOTICE OF TAKING DEPOSITION**

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

ACTION:

Please take notice that at 2:00 p.m. on Tuesday, April 29, 2008 at the offices of **JACK DANIEL COURT REPORTING, 100 Franklin Street, 3rd Floor (Entrance at 201 Devonshire Street), Boston, Massachusetts,** the plaintiff, Joseph T. Carmack, will take the deposition upon oral examination of **Michael J. O'Malley** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths.

The deponent is further required to bring the documents requested in the attached Schedule "A". The Oral Examination will continue from day to day until completed.

Respectfully submitted,

Date: April 22, 2008

Joseph T. Carmack, Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

1

## Schedule "A"

The deponent, Michael J. O'Malley will present all documents or records in his

possession for:

> **Name:** Joseph T. Carmack
> **Address:** 398 Columbus Avenue, Boston, MA 02116-6008
> **Alternate Address:** 592 Tremont St. Boston, MA 02118-1669

Including, but not limited to the following:

a. any and all documents referencing Joseph T. Carmack, including, but not

limited to, personal notes, memos, electronic mail and letters;

b. Correspondences to or from Joseph T. Carmack

2

## Certificate of Service

I. Joseph T. Carmack hereby certify that I have on April 22, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of Michael J. O'Malley) by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company at One Beacon St. Suite 1320 Boston, MA 02108-3113, and Richard Davey at 89 Canal Street, Boston, MA 02110.

Date: April 22, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075


I. Joseph T. Carmack hereby certify that I have on April 22, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of Michael J. O'Malley) by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date: April 22, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

3

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Joseph T. Carmack<br>　　　　Plaintiff, Pro Se<br><br>　　v.<br><br>Massachusetts Bay Transportation Authority<br><br>　　and<br><br>Massachusetts Bay Commuter Railroad Co.<br><br>　　Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-11430-PBS

## <u>NOTICE OF TAKING DEPOSITION</u>

TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS

ACTION:

Please take notice that at 2:00 p.m. on Wednesday, April 30, 2008 at the offices of **JACK DANIEL COURT REPORTING, 100 Franklin Street, 3rd Floor (Entrance at 201 Devonshire Street), Boston, Massachusetts,** the plaintiff, Joseph T. Carmack, will take the deposition upon oral examination of **Kevin Lydon** pursuant to the applicable provisions of the Federal Rules of Civil Procedure, before a Notary Public or some other officer authorized by law to administer oaths.

The deponent is further required to bring the documents requested in the attached Schedule "A". The Oral Examination will continue from day to day until completed.

**Respectfully submitted,**

Date: April 22, 2008

Joseph T. Carmack, Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

1

## Schedule "A"

The deponent, **Kevin Lydon** will present all documents or records in his

possession which have not been previously produced for:

> **Name:** Joseph T. Carmack
> **Address:** 398 Columbus Avenue, Boston, MA 02116-6008
> **Alternate Address:** 592 Tremont St. Boston, MA 02118-1669

Including, but not limited to the following:

a. any and all documents referencing Joseph T. Carmack, including, but not

limited to, personal notes, memos, electronic mail and letters;

b. Correspondences to or from Joseph T. Carmack

## Certificate of Service

I. Joseph T. Carmack hereby certify that I have on April 22, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of Kevin Lydon) by First Class U.S. Mail to Robert K. Blaisdell, Attorney for Massachusetts Bay Commuter Railroad Company at One Beacon St. Suite 1320 Boston, MA 02108-311 and Richard Davey at 89 Canal Street, Boston, MA 02110.

Date: April 22, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075


I. Joseph T. Carmack hereby certify that I have on April 22, 2008 served a true copy of the foregoing document ("Notice of Taking Deposition" of Kevin Lydon) by First Class U.S. Mail to Todd Valicenti, Attorney for Massachusetts Bay Transportation Authority at 10 Park Plaza Room 3910, Boston, MA 02116 and H. Reed Witherby at Two Center Plaza, Suite 260, Boston, MA 02108.

Date: April 22, 2008

Joseph T. Carmack
Plaintiff, Pro Se
592 Tremont Street#5
Boston, MA 02118-1669
Work: 617/727-2310 ext. 7045
Mobile: 617/504-0075

**EXHIBIT 9**

Joseph T. Carmack
592 Tremont Street #5
Boston, MA 02118
Work: 617/727-2310
Cell: 617/504-0075

April 16, 2008

Mr. Todd Valicenti
MBTA – Assistant General Counsel
10 Park Plaza, Suite 7760
Boston, MA 02116

Mr. Reed Witherby
Smith & Duggan, LLP
Two Center Plaza, Suite 620
Boston, MA 02108

Mr. Robert K. Blaisdell
Donaghue, Barrett and Singal
One Beacon Street, Suite 1320
Boston, MA 02108

RE:    CV05-11430-PBS, Carmack v. MBTA and MBCR

Dear Sirs:

I am in receipt of MBTA's deposition notice for Joseph Carmack scheduled for April 28, 2008. Please change the date of this deposition to April 21, 2008. Pursuant to MBCR's protective orders against the depositions of O'Malley, DeModena, Rae and Lydon, those depositions are indefinitely postponed and I am free to be deposed on April 21, 2008. Since April 21, 2008 is a state holiday, that date creates less of a burden because I would miss employment on that date. April 28, 2008 creates a greater burden for my employer and me.

Also, please find deposition notice for an MBTA representative which is enclosed with this letter.

Thank you for your consideration of this matter.

Sincerely,

Joseph T. Carmack

pc:  Shannon Walker, Jack Daniel Court Reporting

**EXHIBIT 10**

**2001**    April

**Wednesday**    **11**
101-264   Week 15

8 am _____

9 _____

10 _____

11 _____

12 noon _____

1 pm _____

2 _____

3 _____

4 _____

5 _____

6 _____

7 _____

***

April
S M T W T F S   S M T W T F S   S M T W T F S   S M T W T F S   S M T W T F S
1 2 3 4 5 6 7   8 9 10 11 12 13 14   15 16 17 18 19 20 21   22 23 24 25 26 27 28   29 30

**2001** **Ap**

**Thursday** **1**
102-263 Week 15
Holy Thursday MX

8 am Meet 8³⁰ (9¹⁰) VAC. RECONSIDERED

9 Call ~~[illegible]~~

✓ Call re NORAC for R. J. LEFT MSG

10 ✓ Call York & Test for Sunday.

✓ VM - for B. Smith re JC. literature

11

✓ 12 noon Lunch w/ - 11⁴⁵ Downtown C[illegible]

1 pm Spoke w/ re. cert - card

for 22 MAY 01 to 5 MAY 0[illegible] exp. date

called - had a NORAC [illegible]

3 6 APR [illegible]

4 Spoke w/ Lou [illegible] Phillips & M. J. O'Malley re the Carmack literature. Lou is [illegible] on his opinion & thoughts. Initially Lou [illegible] aggressive in his opinions etc. - he viewed [illegible] clearly as the work of a mentally imbalanced individual and a threat of violence now [illegible] is playing amateur psych. & side stepping.

8

**May**

| S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S | S | M | T | W | T | F | S |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | | |

NATIONAL RAILROAD PASSENGER CORPORATION

SECTION:     **PERS-42**

PAGE:     <u>14</u> of <u>19</u>

**WORKPLACE VIOLENCE**

LATEST ISSUE DATE:     **October 19, 1998**

---

## *WORKPLACE VIOLENCE REPORT FORM*

**TART #98** [          ]

**DATE/TIME REPORT:** 4/12/01   **DATE/TIME INCIDENT:** 7³⁰ₐ 4/11/01

**LOCATION:** Boston, South Station

**Type of Incident (E.g., Assault, Threat, Etc.)** THREAT

**Reporting Official:** _____

**Contact Numbers (Work, Pager, Etc.):** _____

**Complainant:** G.L. DeMadeira

**Contact Numbers (Work, Pager, Home):** 617-345-7709

**Person Accused of threats or Workplace Violence:** JOSEPH CARMACK, Engr.

**Contact Numbers (Work, Pager, Home):** _____

**Witnesses (Provide Name and Contact Number):**

1. _____
2. _____
3. _____

**(If any written statements obtained, attach to this report).**

**Describe Incident (attach additional sheets, if necessary)**
I arrived at my office on 4/11/01 at approx. 7³⁰ₐ and found a document, entitled "Letters From Hell" which had been placed on my desk. The document was compilation of letters and writing authored by Joe Carmack. In one addressed to "God," the malafician that do is is "content over then proceeds to recast Hamlet wiman, proclaiming to change the ending to his liking" and kills off my character. This episode followed a few incidents where I had to speak w/ Carmack re his conduct.

NATIONAL RAILROAD PASSENGER CORPORATION

WORKPLACE VIOLENCE

SECTION:           **PERS-42**

PAGE:           **15 of 19**

LATEST ISSUE DATE:    **October 19, 1998**

## *WORKPLACE VIOLENCE REPORT FORM*
### (Continuation)

**TART #98**

**DATE/TIME REPORT:** 4/12/01    **DATE/TIME INCIDENT:** 728 - 4/12/01

**LOCATION:** _____

**Were Police Called? Yes** ✓     **No** _____

**(Provide Name and Contact Number)** _____

**Was Anyone Arrested? Yes** _____ **No** ✓

**Name of Person Arrested:** _____

**What Were the Charges?** _____

**Was Anyone Hospitalized? Yes** _____ **No** ✓

**Name of Person Hospitalized:** _____

**Hospital Name:** _____

**Was Anyone Removed From Service? Yes** _____    **No** ✓

**Name of Employee:** _____

**What Instructions Were Given (If any)?** _____

**Notifications:**

**Who Was Notified?** (Use additional sheets, if necessary)

1. _Joe De-Phillips Labor Relations_
2. _Bob Smith / Amtrak Police_
3. _M. L. O'Malley_
4. _____

**Was TART Notified? Yes** ✓ _____ **No** _____

**Person Contacted:** _Joe De-Phillips_

**Date:** _____

## Smith, Robert

**From:** Smith, Robert
**Sent:** Tuesday, September 17, 2002 7:10 AM
**To:** Stachowski, Ronald
**Subject:** FW: Re No Trespass Order

Ron, Please print this a give it to Joe D. so he can speak with Jerry

-----Original Message-----
**From:** DeModena, Gerard
**Sent:** Monday, September 09, 2002 3:10 PM
**To:** Smith, Robert
**Subject:** Re No Trespass Order

Hi Bob,

I spoke with M. J. O'Malley today re our former employee, Joseph Carmack. Apparently, Mr. Carmack sent a registered letter to Mr. O'Malley today asking Mr. O'Malley to explain his letter to Mr. Carmack advising him that he was not allowed to trespass on Amtrak/MBTA property which was not publicly accessible, such as, employee only areas etc.

Mr. Carmack, as you may recall, was a former employee of Amtrak who was terminated for insubordiation for failure to submit to a fitness for duty examination following his threatening behavior toward an Amtrak manager. We had discussed obtaining a restraining order against Carmack and initially agreed to see what effect Mr. O'Malley's letter to Mr. Carmack would have before going further. Subsequent to that conversation I spoke with Mr. O'Malley, and after some consideration I proposed the idea of obtaining a no trespass order. On August 23, 2002, I sent you an E-mail soliciting advice on obtaining such an order. Mr. O'Malley asked me today to check on the status of my request.

If you get a minute would you give me a call or send an E-mail re this situation? Thanks Bob.

My Best,

Jerry ((345-7709)

**Smith, Robert**

| | |
|---|---|
| **From:** | DeModena, Gerard |
| **Sent:** | Friday, August 23, 2002 3:50 PM |
| **To:** | Smith, Robert |
| **Cc:** | O'Malley, Michael |
| **Subject:** | Carmack Case |

**REDACTED**

Capt. Smith,

Per our conversation the other day re a restraining order against Mr. Carmack, and my e-mail, wherein I stated that I felt we should "go with the letter from M.J. O'Malley barring Carmack from employee only areas," prior to seeking a restraining order if necessary, I had another conversation with Mr. O'Malley yesterday which was cause for further consideration on the matter. Mr. O'Malley and I discussed the importance of utilizing a legal document as opposed to a letter with a directive from a manager of a corporation for which Mr. Carmack no longer worked. Quite frankly, Mr. Carmack failed to comply with directives while he was employed by Amtrak; why should we believe that he would follow them after his termination. Mr. O'Malley had a good point. In retrospect, I think a more effective course of action may be to consider a seeking, on behalf of Amtrak, a *no trespass order*. I am not intimately familiar with this type of order, however, if such a thing were possible, this is the route I think may be the more effective at this juncture. Specifically because, my understanding is, that type of order provides for a restriction from all, employee only, areas on MBTA property instead of just a restraining order relative to me. We have concerns about Mr. Carmack's intentions on a broader scope re Amtrak management and staff.

I will be out of the office until Sep 3, 2002. I will be checking my voice mail. If I may be of any assistance, I may be reached at 617-345-7709 (W) or

My Best,

G.L. DeModena

1

## Smith, Robert

| | |
|---|---|
| **From:** | DeModena, Gerard |
| **Sent:** | Wednesday, August 21, 2002 3:43 PM |
| **To:** | O'Malley, Michael |
| **Cc:** | DePhillips, Lou; Smith, Robert |
| **Subject:** | Carmack Trespassing on Commuter Rail Property |

Mike,

On Wednesday, August 21,2002, I spoke with Captain Bob Smith, APD, regarding your letter to Mr. Carmack "barring" him from MBTA property and obtaining a restraining order, if necessary. We agreed that your letter may address the immediate concerns relative to Mr. Carmack's efforts to gain knowledge of, and possible access to the commuter rail administrative offices, specifically my office. Captain Smith advised me that his department was willing and ready to assist me in obtaining a restraining order if I so desired. I told Captain Smith that I thought it prudent to see what effect your letter had on Mr. Carmack's behavior. If we obtain the desired result, i.e., Mr. Carmack ceasing to attempt access to MBTA property areas authorized for employees only, then perhaps that result would be satisfactory. If Mr. Carmack violates the terms of your order, I would, of course, be compelled to seek additional restraining authority.

As we had previously agreed, all department managers should be notified that Mr. Carmack has been "barred" from all, employee only, authorized areas on MBTA property.

G. L. DeModena

1

## Smith, Robert

**From:** DePhillips, Lou
**Sent:** Friday, August 16, 2002 3:23 PM
**To:** Smith, Robert
**Subject:** FW: Joseph Carmack

bob...the part about carmack wanting keys to the offices is unsettling...can you have joe or somebody talk to cheri thompson and confirm that Carmack specifically asked her how to get keys to Gerry's office...sounds like Gerry may need to take steps to obtain a TRO...

-----Original Message-----
**From:** DeModena, Gerard
**Sent:** Friday, August 16, 2002 3:00 PM
**To:** O'Malley, Michael
**Cc:** O'Connor, Jr., Francis J.; DePhillips, Lou; Smith, Robert; Rae, William; Currier, Rick
**Subject:** Joseph Carmack

Dear Mike,

Today, Cheri Thompson came to my office a little disturbed about a encounter she had with former employee, Joseph Carmack. According to Ms. Thompson, Mr. Carmack was loitering around the escalator area of South Station apparently waiting for a manager or administrative staff member to pass by. When she happened by the area, Mr. Carmack began asking her where my office was located, additionally, he asked her where the road foremen's office was located. He further asked her about accessing keys to the road foremen's office and my office. She explained that she could not be of assistance regarding a key, however, he persisted and pressed her for knowledge of who would have a key to our offices. She declined any further conversation or assistance to Mr. Carmack. Although Ms. Thompson stated that she did not feel threatened by Mr. Carrack's inquiries, she felt that his behavior was highly unusual and somewhat disturbing given his status as an employee who was terminated because he refused to comply with an order to undergo a fitness for duty/psychiatric evaluation subsequent to threatening the Division Road Foreman.

I am requesting you to investigate this matter, and to consider imposing a restraining order which would prohibit Mr. Carmack from contacting Amtrak managers and their staff, also from trespassing in areas other than those accessed by the public on MBTA property. It is common knowledge that, Mr. Carmack has been a rather frequent "visitor" to MBTA property on both the North and South sides since his termination. Given his previous status, and the frequent sightings of Mr. Carmack in and around the commuter rail offices located in the basement of South Station, one has to assume that he is still in possession of the combination to the locked door which separates the public from the commuter rail offices and rest facility.

If I may be of any assistance, I may be contacted at 617-345-7709. Thank you.

Sincerely,

G. L. DeModena

1

## O'Malley, Michael

| | |
|---|---|
| **From:** | DeModena, Gerard |
| **Sent:** | Friday, August 23, 2002 3:50 PM |
| **To:** | Smith, Robert |
| **Cc:** | O'Malley, Michael |
| **Subject:** | Carmack Case |

Capt. Smith,

Per our conversation the other day re a restraining order against Mr. Carmack, and my e-mail, wherein I stated that I felt we should "go with the letter from M.J. O'Malley barring Carmack from employee only areas," prior to seeking a restraining order if necessary, I had another conversation with Mr. O'Malley yesterday which was cause for further consideration on the matter. Mr. O'Malley and I discussed the importance of utilizing a legal document as opposed to a letter with a directive from a manager of a corporation for which Mr. Carmack no longer worked. Quite frankly, Mr. Carmack failed to comply with directives while he was employed by Amtrak; why should we believe that he would follow them after his termination. Mr. O'Malley had a good point. In retrospect, I think a more effective course of action may be to consider a seeking, on behalf of Amtrak, a *no trespass order.* I am not intimately familiar with this type of order, however, if such a thing were possible, this is the route I think may be the more effective at this juncture. Specifically because, my understanding is, that type of order provides for a restriction from all, employee only, areas on MBTA property instead of just a restraining order relative to me. We have concerns about Mr. Carmack's intentions on a broader scope re Amtrak management and staff.

I will be out of the office until Sep 3, 2002. I will be checking my voice mail. If I may be of any assistance, I may be reached at 617-345-7709 (W) or 617-473-3085 (P).

My Best,

G.L. DeModena

1

.

**EXHIBIT 11**

05/07/2002  14:56    2153494401          AMTRAK  HEALTH SERV              PAGE  02/02

*E18*

Letterio, Marianne

| | |
|---|---|
| **From:** | Allan, Suzanne |
| **Sent:** | Thursday, May 03, 2001 11:57 AM |
| **To:** | Letterio, Marianne |
| **Subject:** | FW: The Carmack Letters |

**EXHIBIT**

Phillips 6
4/22/08  A.O.

Marianne; please see the comments by fellow tart team member , Lou DePhillips, regarding the locomotive engineer situation we discussed yesterday. What do you think of Lou's recommendation for a course of action ? thanks   Suzanne

-----Original Message-----
**From:** DePhillips, Lou
**Sent:** Thursday, May 03, 2001 12:06 PM
**To:** Allan, Suzanne
**Subject:** FW: The Carmack Letters

-----Original Message-----
**From:** DePhillips, Lou
**Sent:** Friday, April 13, 2001 2:53 PM
**To:** O'Malley, Michael; Demodna, Gerard
**Subject:** The Carmack Letters

We did some further research and found the following:

1. There was a 1990 movie, classified comedic-drama, entitled 'Rosencrantz and Guildenstern Are Dead'. Also a Play.

2. They were two minor characters in the play.

3. After our Internet exploration, we continued search and were able to find an employee who has both a Bachelor's and Master's Degree in English. It appears that one of her specialties was Shakespearean works. In succinct form, R...and G... were friends of Hamlet summoned by the King to help Hamlet with his 'gloom'. Later, and in the King's attempt to have Hamlet assassinated, he sends Hamlet to another country (and King) and has R...and G... escort Hamlet. R...and G...have a letter that asks this foreign King to kill Hamlet. Hamlet discovers the treachery and arranges for this foreign king to have R...and S...killed. (Her response to the question regarding Hamlet's propensity for violence - "...he was a coward".)

In my view, I would not recommend either a rule 25 or disciplinary scenario. What I believe you do have is a foundation to have the employee undergo an in-service (psychiatric) evaluation. After determining that he did in fact author the correspondence, you would the advise that his letters are troubling and that you have concern for his own well-being and by extension, the traveling public. Because of your concerns, you will be directing him to undergo an in-service examination. (The physician we have used in the past is Dr. Martin Kelly. He is an associate professor of Psychiatry at Harvard Medical School and is affiliated with Brigham and Women's Hospital-Boylston Consultation Center, 850 Boylston Street, Suite 303, Chestnut Hill, Ma 02167-617-731-6750.) The consequence of the employee's refusal to cooperate could be your issuance of a direct order to undergo the exam and a continued refusal would be grounds for gross insubordination and a removal from service.

At Mr. DeModena's request for another opinion, we have forwarded the letters to other TART team members - Captain Smith and Suzanne Allan - and have asked them to provide Gerry with their views.

**EXHIBIT 12**

 **Amtrak**

# PERSONNEL ACTION REQUEST

| CONFLICT OF INTEREST? | TRAINING REQUIRED? |
|---|---|
| YES ☐ NO ☐ | YES ☐ NO ☐ |

## CURRENT INFORMATION - Must be completed

| PAYROLL ID | SOCIAL SECURITY NUMBER | NAME (LAST) | (FIRST) | (MI) | DEPARTMENT |
|---|---|---|---|---|---|
| BE i2 | 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 | Caemock | Joseph | | Customer Servi |

| JOB CODE | JOB TITLE | | PERSONNEL DISTRICT | JOB POINTS | GRADE | RESCEN |
|---|---|---|---|---|---|---|
| Pin 100 | Engineer | | Boston | | | 7022 |

## ACTION REQUESTED - Must be completed (check appropriate action(s))

☐ NEW HIRE  ☐ REHIRE  ☐ REINSTATEMENT  ☐ MANAGEMENT TRANSFER  ☐ SALARY

☐ PROMOTION  ☐ DEMOTION  ☐ RECLASSIFICATION  ☐ JOB ASSIGNMENT INFORMATION ONLY  ☐ FURLOUGH

☐ LEAVE OF ABSENCE W/PAY  ☐ LEAVE OF ABSENCE W/O PAY  ☐ RETURN FROM LOA  ☒ SUSPENSION  ☐ TERMINATION  ☒ OTHER _____

☐ RETIRED  ☐ DECEASED  ☐ PAYROLL ID  BE 121

## ACTION REASON (see reverse side of form)

Medically Disqualified

| ACTION CODE | EFFECTIVE DATE |
|---|---|
| AC | YR 2001  MO 06  DAY 04 |

## NEW JOB CODE AND SALARY INFORMATION (Indicate Changes Only)

| JOB CODE | POSITION QUALIFIER | JOB TITLE | POSTING NO. | JOB POINTS | GRADE | HIRE DATE |
|---|---|---|---|---|---|---|
| Pm 100 | | Engineer | | | | |

| CURRENT SALARY/RATE OF PAY | NEW SALARY/RATE OF PAY | AMOUNT OF CHANGE $ | PERCENT OF CHANGE % |
|---|---|---|---|
| | | | |

## JOB ASSIGNMENT

| RESCEN | FUNCTION | FIS LOCATION | WORK NO. | SHIFT | WORK SCHEDULE | GANG NO. | SITE CODE | CHECK SEQ. | MSA LOCATION |
|---|---|---|---|---|---|---|---|---|---|
| 7023 | 1633 | | | O | | | 501000 | BoS 33 | |

| WORK PHONE NO. | ATS NO. | ORIGINAL RR HIRE DATE | PRIOR RR CODE | PERSONNEL DIST. | DEPARTMENT |
|---|---|---|---|---|---|
| 617 222-2019 | | | | Boston | Customer Servic |

| FULL/PART TIME CODE | VACATION ELIGIBILITY DATE | YR | MO | DAY | CRAFT SENIORITY DATE | YR | MO | DAY | ARSA HIRE DATE | YR | MO | DAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |

## PERFORMANCE EVALUATION INFORMATION (FOR MANAGEMENT TRANSACTIONS ONLY)

| LAST PERFORMANCE REVIEW DATE | YR | MO | DAY | NEXT PERFORMANCE REVIEW DATE | YR | MO | DAY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

## TERMINATION INFORMATION/ALLOWANCES - Must complete for all Termination Actions

### ALLOWANCES
VACATION HOURS DUE _____
SICK HOURS DUE _____
SEVERANCE PAY DUE _____
NOTICE PAY DUE _____

ELIGIBLE FOR REHIRE?  ☐ YES  ☐ NO (Explain in Remarks)
OUTSTANDING ADVANCE?  ☐ YES  ☐ NO (Explain 'Yes' answer in Remarks)
ALL PROPERTIES COLLECTED?  ☐ YES  ☐ NO (Explain in Remarks)

## FOR PERSONNEL USE ONLY

SHORT-TERM DISABILITY BENEFITS:
FIRST _____ DAYS AT 100% PAY
_____ DAYS AT 100% PAY LESS RUIA
_____ DAYS AT 80% PAY LESS RUIA
RUIA BENEFITS AT _____ PER DAY

RELOCATIONS:
APPROVED FOR BENEFITS  ☐ YES  ☐ NO
APPROVED FOR THIRD PARTY  ☐ YES  ☐ NO

## REMARKS

## APPROVAL SIGNATURES

| SUPERVISOR (Print or Type Name) | DATE | PERSONNEL APPROVAL | DATE |
|---|---|---|---|
| Michael J. O'Melley PHONE # 06-25-2001 | | | 6 29 01 |

| DEPARTMENT APPROVAL | DATE | ENTERED BY | DATE |
|---|---|---|---|
| Kevin Fowler / MFM  617 222-3652 | | | 6 29 01 |

Return ENTIRE Form to Personnel Department

**EXHIBIT 13**

NATIONAL RAILROAD PASSENGER CORPORATION

Two South Station,  Boston, MA 02110



August 20, 2002

Mr. Joseph Carmack
398 Columbus Avenue
Apartment # 130
Boston, Massachusetts 02116

Dear Mr. Carmack:

In connection with your recent appearance on the property and probing questions, the subject of which was found disturbing, be advised that you are barred from Amtrak/MBTA railroad property.  Your presence in the employee areas at North or South Station is trespassing.

Because of our concerns, the Carrier is pursuing legal guidance relative to your contact with Amtrak employees on Amtrak/MBTA railroad property.

Sincerely yours,

Michael J. O'Malley
Director of Operations
Commuter Rail

Certified Mail Return Receipt Requested 7002 0510 0003 9982 7119

**EXHIBIT 14**

NATIONAL RAILROAD PASSENGER CORPORATION

# Memo

**AMTRAK**

| | |
|---|---|
| **Date** April 1, 2002 | **From** W.C. Rae |
| **To** Michael J. O'Bryan | **Department** Charging Officer |
| | **Subject** Joseph Carmack |
| | **cc** File 01-049 |

**Message**    I returned from vacation today and received several letters requesting witnesses in the matter of Joseph Carmack's Insubordination Investigation. In your request, you offered several individuals who should be called as witnesses. A review of the basic facts in this case reveals that Mssrs. Smith,DePhilips,DeModena, Santa Maria as well as Ms. Allan and Ms.Okereke have no relevance to this case. The company will not summon them. However, if you still believe that these individuals have relevance, then it is your responsibility to seek them out.

At your request, I am attempting to contact Dr. Vasile to determine his relevance and/or availability for the investigation.

To correct your version of our conversation in which you incorrectly state that I, "verbally advised the undersigned that Road Foreman G.Demodena would be a witness...",you are mistaken. When you asked if "DeModena" would be a witness I told you that I was reviewing the case and would let you know if there were any changes. After a review of the facts of this case I notified you , in writing, of the changes in witnesses. I hope that this clarifies any misconception that you may have regarding this matter.

Cc:
M.J. O.' Malley
F.O. Connor
J.J. SantaMaria
D. Okereke
L.DePhillips
S. Allan
G.L. DeModena
R. Smith