UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK,<br>      Plaintiff,<br><br>v.<br><br>MASSACHUSETTS BAY<br>TRANSPORTATION AUTHORITY and<br>MASSACHUSETTS BAY COMMUTER<br>RAILROAD COMPANY,<br>      Defendants | Civil Action No. 05-11430-PBS |

**DEFENDANT MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT PURSUANT TO F.R.C.P. 56 (f)(2)**

NOW COMES the Massachusetts Bay Commuter Railroad Company ("MBCR"), a Defendant in the above-captioned matter, which hereby replies to Plaintiff Joseph T. Carmack's (the "Plaintiff") Opposition to Defendants' Motions for Summary Judgment pursuant to Federal Rules of Civil Procedure 56 (f)(2) (the "Plaintiff's Opposition").

Once again, the Plaintiff is attempting to re-visit issues that have been thoroughly vetted by this Court. Plaintiff attempts to resurrect his failed Amtrak case by intimating that his decision to write the Letters from Hell to an Amtrak supervisor in 2001, and his termination from Amtrak in May of 2002, are somehow connected to MBCR's operation of the MBTA commuter rail on July 1, 2003. As has been discussed with this Court again and again, the Plaintiff was not hired by MBCR because he was not eligible to become an employee of MBCR on July 1, 2003. Status as an <u>active</u> Amtrak employee was a prerequisite for consideration for employment with MBCR. Amtrak terminated the Plaintiff on May 13, 2002, the federal arbitration panel upheld the termination on January 31, 2003, and the termination became final and binding on April 21,

2003. The Plaintiff did not become an employee of MBCR on July 1, 2003 because the Plaintiff was not eligible to become an employee of MBCR on July 1, 2003 – period.

Moreover, the Plaintiff's 56(f) objection is an improper method to use when seeking to obtain discovery. A party may not claim the right to an extension of time for discovery under summary judgment rule by claiming that the opposing party had not cooperated with discovery requests; remedy for a party that has not complied with requests for discovery is a motion to compel or a motion for a finding of contempt (Fed. Rules Civ. Proc. Rule 56(f), 28 U.S.C.A.; Reyes v. Wilson Memorial Hosp., 102 F. Supp. 2d 798 (S.D. Ohio 1998)), and Plaintiff has already exhausted that avenue.[1] Moreover, given the time that has elapsed in this case, it would be hard to argue that the Plaintiff has not been dilatory in his discover efforts. See, Estate of Smith v. Marasco, 227 F. Supp. 2d 322 (E.D. Pa. 2002) (Plaintiffs were not entitled to more discovery time to respond to summary judgment; plaintiffs' conduct had been dilatory and they failed to demonstrate sufficient need for additional depositions). In addition, Plaintiff continues to assert, without support, that MBCR has failed to produce documents in response to his requests. Simply stated, MBCR has produced all responsive documents in its possession or control.

Finally, MBCR urges the Court to look closely at the evidentiary support – or more accurately, lack thereof – for the Plaintiff's presentation of his Statement of "Facts." The Plaintiff's Statement of Facts is fraught with misquotes, mischaracterizations, and misinformation. Indeed, much of the Plaintiff's Statement of "Facts" is wholly unsupported by documentary evidence or affidavit. As this Court has seen before in this case, rather than address

---

[1] MBCR refers the Court to the following documents: MBCR's Motion for Protective Order, Memorandum in Support thereof, and Opposition to Plaintiff's Cross-Motion for Leave to take Depositions by Oral Argument. Furthermore, please see the Court docket which reflects that the requested protective order was granted by this Court on April 16, 2008.

the facts as they exist the Plaintiff seems intent upon reinventing the facts to his liking. Fortunately, the Court need not offer credence to unsupported or inaccurate assertions.

For the foregoing reasons, the Defendant Massachusetts Bay Commuter Railroad Company respectfully requests that the Plaintiff's Opposition be denied.

>Respectfully Submitted,
>MASSACHUSETTS BAY COMMUTER
>RAILROAD COMPANY,
>By its attorneys,
>
>/s/ Robert K. Blaisdell
>Robert K. Blaisdell, BBO #568060
>Donoghue, Barrett & Singal, P.C.
>One Beacon Street, Suite 1320
>Boston, Massachusetts 02108
>(617) 598-6700

Dated: August 29, 2008

**CERTIFICATE OF SERVICE**

I, Robert K. Blaisdell, hereby certify that I have caused copies of the foregoing document to be served by first class mail, postage prepaid upon *pro se* Plaintiff Joseph T. Carmack, 398 Columbus Ave. PMB 130, Boston, Massachusetts 02116-6008, this 29th day of August, 2008.

>/s/ Robert K. Blaisdell
>Robert K. Blaisdell