UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH T. CARMACK,<br>      Plaintiff,<br>v.<br><br>MASSACHUSETTS BAY TRANSPORTATION<br>AUTHORITY and MASSACHUSETTS BAY<br>COMMUTER RAILROAD COMPANY, LLC<br>      Defendants | Civil Action No. 05-11430-PBS |

**MASSACHUSETTS BAY TRANSPORTATION
AUTHORITY'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

The Massachusetts Bay Transportation Authority (MBTA or the Authority) submits this Reply Memorandum in response to Plaintiff Joseph T. Carmack's Opposition (Dkt No. 101) and Memorandum In Opposition to Defendants' Motions for Summary Judgment (Dkt No. 108).

**I.   SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF THE MBTA
ON COUNT I – THE FEDERAL AND STATE CIVIL RIGHTS CLAIMS**

**A.  Plaintiff's reliance on Rule 56(f) is not applicable to Count I**

Rule 56(f)(2) of the Federal Rules of Civil Procedure provides that the Court may order a continuance for further discovery "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition."  Plaintiff's Opposition purports to be based upon Rule 56(f), as does the opening statement of his Memorandum (Dkt no. 108, at 1).  However, plaintiff has not filed an affidavit setting forth reasons why he cannot present facts essential to justify his opposition.  Moreover, after making a generalized assertion that the defendants "have not responded properly to discovery requests," plaintiff then sets forth his position on the merits of Count I at length, and

nowhere does he identify any fact essential to his opposition that the defendants' vaguely-alleged unresponsiveness allegedly has prevented him from presenting. *See* Opp. Mem. at 4-19. Since the plaintiff does *not* in fact make any claim based upon Rule 56(f) with respect to Count I, the Authority will address his Rule 56(f) argument in the context of Count X, *see* Part II *infra*.[1]

### B. Summary Judgment Should Be Entered For the MBTA on the § 1983 Claim

#### 1. Plaintiff does not, and cannot, show an unconstitutional MBTA policy

Plaintiff does not dispute that, in order to prevail against the MBTA under 42 U.S.C. § 1983, he must identify and prove that an MBTA policy or custom – that is, a policy or custom *attributable to MBTA policy-makers* – was the moving force behind the alleged violation of his federal constitutional rights. *See* MBTA Summary Judgment Memo (Dkt No. 98) at 8-9.

In an effort to satisfy this essential element of his § 1983 claim against the MBTA, plaintiff asserts that his eviction from North Station on July 1, 2003, was the result of a blanket MBTA policy "to consider the plaintiff a trespasser in North and South Stations" and "to have the plaintiff removed from stations." Opp. Mem. at 18. However, the plaintiff has provided no probative evidence that the MBTA had such a policy, and the evidence clearly shows that Officer Pavia's decision to ask the plaintiff to leave North Station on July 1, 2003, for 24 hours was *not* based upon such a policy.

---

[1] Plaintiff has also filed a statement of facts allegedly "showing a genuine issue for trial" (Dkt No. 103), but which does not track the MBTA's Local Rule 56.1 statement. It is the MBTA's understanding that Local Rule 56.1 does *not* under these circumstances require a point-by-point response or deem a failure to specifically controvert any particular paragraphs in plaintiff's statement to be an admission of their accuracy, particularly as many of those paragraphs are not material to the issues that the MBTA has raised. That said, the MBTA denies that accuracy of many of plaintiff's statements, some of which do not accurately characterize the documents cited, and others of which are contradicted by the statement of facts and supporting materials that the MBTA has already submitted.

Plaintiff relies upon a letter that an Amtrak manager apparently wrote on August 20, 2002, advising him to stay out of Amtrak "employee areas" at North and South Stations. However, Plaintiff has submitted no evidence that the MBTA was even aware of this letter as of July 1, 2003, much less that it embodied an MBTA policy. Moreover, the letter does not purport to bar the plaintiff from the *public* areas of North and South Stations; instead, it clearly specified *employee* areas.[2]

In his deposition of Officer Pavia, the plaintiff inquired exhaustively into Officer Pavia's reasons for requiring the plaintiff to leave North Station on July 1, 2003, and Officer Pavia consistently testified that his judgment was based upon the particular circumstances of the events of that date, including his conversations with Ms. Boumel and with the plaintiff and his review of the flyer. *See* MBTA's Summary Judgment Memorandum (Dkt No. 98) at 5, 13-15, and documents there cited. Officer Pavia's testimony squarely contradicts plaintiff's unsupported assertion that his actions were attributable to an alleged policy of responsible senior MBTA policymakers to consider the plaintiff a trespasser in the public areas of North Station.

### 2. Officer Pavia's decision was objectively reasonable

As an alternate basis for dismissal, the Authority presented undisputed facts showing that Officer Pavia's decision to require the plaintiff to leave North Station for a 24-hour period was reasonable under the circumstances and not a violation of the plaintiff's constitutional rights. *See* MBTA Summary Judgment Memorandum at 13-16. Although plaintiff has presented a slightly different version of the facts, he has not and cannot question the essential facts upon

---

[2] Nor can there be any doubt that Amtrak was within its legal rights to ban the plaintiff, who was not then an employee, from entering its employee areas, even for claimed union purposes. *See, e.g., Lechmere v. NLRB,* 502 U.S. 527 (1992).

3

which Officer Pavia made his decision – including the inflammatory language in the flyer, the rush hour context, the fact that plaintiff was not authorized to take over the operation of an MBCR train on July 1, 2003, etc. The plaintiff asserts that he was not really a threat, but those subjective assertions do not make unreasonable Officer Pavia's perceptions and determination that the plaintiff did present a potential public safety threat under the particular circumstances and that measured action was appropriate to remove that potential threat. These are the kinds of reasonable judgments that the law permits and requires police officers on the ground to make. Nothing in the plaintiff's opposition draws that conclusion into question.

### C. Summary Judgment Should Be Entered For the MBTA on the MCRA Claim

Nor does Mr. Carmack rebut the point that, under Massachusetts law, the Authority is not a "person" within the meaning of the Massachusetts Civil Rights Act (MCRA), G.L. c. 12, § 11*I*. For this reason alone, that claim should be dismissed.[3]

## II. SUMMARY JUDGMENT SHOULD BE ENTERED IN FAVOR OF THE MBTA ON COUNT X – THE REHABILITATION ACT CLAIM

### A. Plaintiff's Rule 56(f) submission is not adequate to avoid judgment on Count X

Rule 56(f)(2) of the Federal Rules of Civil Procedure provides that the Court may order a continuance for further discovery "[i]f a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Plaintiff has not filed an affidavit setting forth reasons why he cannot present facts

---

[3] In its summary judgment memorandum at 17, n.4, the MBTA cited the Superior Court's decision in *Cloud v. McCourt Construction,* noting that an appeal from that decision was pending. The Massachusetts Appeals Court summarily affirmed the judgment on July 31, 2008, but without reaching that issue. A copy of the memorandum of decision is submitted herewith.

4

essential to justify his opposition. For this reason alone, his Rule 56(f) defense is an inadequate response. Moreover, the reasons that plaintiff gives for seeking further discovery on Count X, *see* Opp. Mem. at 19-21, are themselves inadequate. With respect to MBCR, the Court allowed MBCR's Motion for a Protective Order not once, but twice. *See* Electronic Orders dated April 16, 2008 and June 3, 2008. Plaintiff failed to make a timely document production request to the MBTA (although the MBTA has nevertheless provided some documents to him). Moreover, the MBTA did produce deponents who testified knowledgeably on the topics established for the Rule 30(b)(6) deposition at the hearing on April 4, 2008, and that are the subject of the defendants' motions for summary judgment on Count X: (1) the MBTA's Deputy Budget Director testified knowledgeably on the topic of whether or not MBCR was a recipient of federal financial assistance, directly or indirectly through the MBTA, at the time of the failure to hire alleged in Count X; and (2) and the MBTA's Director of Railroad Operations testified knowledgeably on the nature of the MBTA's relationship, if any, with MBCR relative to such hiring decisions. Plaintiff has identified no questions that they were unable to answer that are germane to, or likely to cast light upon, the issues actually presented by defendants' motions.[4]

### B. The Evidence Requires Dismissal of Count X Against the MBTA

The plaintiff has not presented evidence contradicting MBCR's arguments for summary judgment of dismissal of Count X (upon which the MBTA also relies) or contradicting the MBTA's showing that it was not a joint employer with MBCR and that MBCR was not its agent. Accordingly, summary judgment should also be entered in the MBTA's favor on Count X.

---

[4] MBCR's other argument on Count X, that the plaintiff was not qualified, is not within the MBTA's purview and plaintiff did not seek testimony from the MBTA on that topic.

**CONCLUSION**

For the reasons set forth above and in the MBTA's summary judgment memorandum, summary judgment should be entered on behalf of the MBTA, with prejudice, on all remaining claims against it in this case.

Respectfully submitted,

*/s/ H. Reed Witherby*
H. Reed Witherby, BBO No. 531600
Smith & Duggan LLP
Two Center Plaza
Boston, Massachusetts 02108
(617) 228-4400


*/s/ Todd M. Valicenti*
Todd M. Valicenti, BBO No. 632800
Assistant General Counsel
MBTA Legal Department
Ten Park Plaza, Suite 7760
Boston, Massachusetts 02116
(617) 222-4579

Dated: August 29, 2008

CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system, to be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and that I have caused a copy to be sent by first class mail, postage prepaid, to Joseph Carmack, Plaintiff, Pro Se, 592 Tremont Street, No. 5, Boston, MA 02118, as a non-registered participant on this 29th day of August, 2008.

*/s/ H. Reed Witherby*
H. Reed Witherby

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

07-P-911

LEEVONN CLOUD

vs.

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

On November 2, 2002, the plaintiff, Leevonn Cloud, who is African-American, was operating a leased taxicab on Huntington Avenue in Boston, when he took a left turn from a right turn lane into a construction zone.  What ensued was an altercation with some construction workers, and a police response, which culminated in the cab being towed because the registration had been revoked for nonpayment of insurance.

As a result of this incident, Cloud brought an unverified pro se complaint alleging violations of G. L. c. 93, § 102 (Massachusetts Equal Rights Act),[2] and G. L. c. 12, § 11I (Massachusetts Civil Rights Act),[3] as well as asserting a claim

---

[1] McCourt Construction Co., Inc.; Virginia R. McCourt, Ronald Apodaca, John Doe, James H. Scanlon, Michael H. Mulhern, and William C. Fleming.

[2] General Laws c. 93, § 102, inserted by St. 1989, c. 332, provides in pertinent part:  "All persons within the Commonwealth, regardless of sex, race, color, creed or national origin, shall have, except as is otherwise provided or permitted by law, the same rights enjoyed by white male citizens, to make and enforce contracts . . . " (emphasis added).

[3] General Laws c. 12, § 11I, inserted by St. 1979, c. 801, § 1, provides in pertinent part:  "Any person whose exercise or

for intentional or negligent infliction of emotional distress against McCourt Construction Co., Inc.; its president and treasurer, Virginia R. McCourt; Ronald Apodaca; and a John Doe (collectively, the McCourt defendants); and against the Massachusetts Bay Transportation Authority (MBTA); its secretary and chairman, James H. Scanlon; its general manager, Michael H. Mulhern; and its acting chief of police, William C. Fleming (collectively, the MBTA defendants).

On May 9, 2005, after hearing, a Superior Court judge allowed the MBTA defendants' motion for summary judgment. On September 23, 2005, a second judge denied Cloud's motion for reconsideration. On April 3, 2006, a third judge allowed the McCourt defendants' motion for summary judgment. On August 21, 2006 (docketed November 1), a fourth judge denied Cloud's motion for reconsideration. On November 30, 2006, Cloud noticed appeals only from the respective orders denying his motions for reconsideration (S.A. 40-41).[4] We affirm.

---

enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action . . . ." General Laws c. 12, § 11H, inserted by St. 1979, c. 801, § 1, describes the interference, or attempts to interfere, with the exercise of such rights, "whether or not acting under color of law, . . . by threats, intimidation, or coercion[.]"

[4] For present purposes, we treat the appeal as being from both orders, although it may be timely only as to the second.

2

1. <u>The Massachusetts Equal Rights Act</u>. Cloud claims that the defendants violated his rights under G. L. c. 93, § 102, to make and enforce contracts enjoyed by white citizens. This count is an apparent reference to Cloud's cab being towed, due to its revoked registration, and his resulting loss of fares. However, MBTA police Officer William Smith,[5] upon investigation after an altercation he did not witness, had a legitimate reason to have the cab towed. Cloud cannot establish that Officer Smith (or by extension any other defendant) interfered with his right to contract "except as is otherwise provided or permitted by law" under § 102. Moreover, there is no record evidence to support the claim that Officer Smith's acts were racially motivated.

2. <u>The Massachusetts Civil Rights Act</u>. Cloud also claims that his rights were violated under G. L. c. 12, § 11I, the Commonwealth's Civil Rights Act. However, other than arguing that the MBTA is a "person" for purposes of § 11I, Cloud's brief makes no appellate argument satisfactory to Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975), as to how his evidence demonstrated the use of "threats, intimidation, or coercion" to interfere with his constitutional rights. The claim is waived.

---

Absent the certificate of service, on this record it is impossible to ascertain whether the second reconsideration motion was served in a timely fashion so as to extend the appeal period.

[5] Smith testified on deposition that his father is "mixed," that his mother is "from West Indies," and that he would describe his ethnicity as "[t]hird world" (S.A. 78-79).

3. <u>Intentional and negligent infliction of emotional distress</u>. In his complaint, Cloud alleged that the defendants intentionally or negligently inflicted emotional distress upon him. The motion judges found there was insufficient evidence to support the elements of these torts. On appeal, Cloud makes no argument respecting his emotional distress claims until his reply brief, and thus, we find it waived. See <u>Birbiglia</u> v. <u>Saint Vincent Hosp. Inc.</u>, 427 Mass. 80, 88 n.6 (1998).

4. <u>Conclusion</u>. As Cloud has failed to establish any error in the allowance of summary judgment to the MBTA defendants or to the McCourt defendants, we find no abuse of discretion in the denial of the motions to reconsider.

          <u>Order dated September 21, 2005,</u>
           <u>denying motion for</u>
           <u>reconsideration affirmed</u>.

          <u>Order dated August 21, 2006,</u>
           <u>denying motion for</u>
           <u>reconsideration affirmed</u>.

         By the Court (Katzmann, Meade
          & Sikora, JJ.),

         Clerk

Entered: July 31, 2008.